IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00874-O |
| | § | |
| CARLOS CHING D/B/A H3 MEDICAL CLINIC, LLC, | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Defendant" or "Ching") files this amended answer to *Plaintiff's Original Petition* (ECF No. 1-5) ("Complaint") filed by Plaintiff Legacy Medical Consultants, LP ("Legacy"):

## I.
## ADMISSIONS AND DENIALS

### NATURE OF THE ACTION

1. Paragraph 1 is a narrative of Legacy's claims and, as such, does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them, except that he admits that H3 Medical Clinic, LLC ("H3") and Legacy entered into an agreement for the sale of certain human tissue products and that H3 has declined to pay certain invoices that Legacy alleges are owed and outstanding.

### DISCOVERY CONTROL PLAN

2. Paragraph 2 does not contain any factual allegations requiring an admission or a denial.

## RELIEF

3. Paragraph 3 does not contain any factual allegations requiring an admission or a denial.

## PARTIES

4. Ching admits the allegations in Paragraph 4.

5. Ching admits the allegations in Paragraph 5.

6. Ching admits the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 consists of legal conclusions and does not contain any factual allegations requiring an admission or a denial.

8. Defendant admits that he is a non-resident defendant and that H3 contracted with Legacy. Defendant otherwise denies the allegations in the first sentence of Paragraph 8. Defendant admits that the Agreement was performable and performed in part in Texas and that H3 engaged in transactions with Legacy under the Agreement, made payments to Legacy, accepted products shipped from Legacy from Texas, and agreed to Texas law governing the Agreement. Defendant otherwise denies the allegations in the second sentence of Paragraph 8.

9. Paragraph 9 consists of legal conclusions and does not contain any factual allegations requiring an admission or a denial.

10. Paragraph 10 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial.

## FACTUAL ALLEGATIONS

**I.  Plaintiff Legacy Medical Consultants**

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Defendant admits that H3 filled out a customer onboarding document.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Defendant admits that H3 executed a purchase agreement with Legacy. But that written agreement speaks for itself, and its interpretation is a question of law that does not require an admission or a denial.

**II.  The Agreement with Mr. Ching**

14. Defendant admits the allegations in Paragraph 14, except that he denies that H3 is a "dba" or an assumed name of Ching.

15. The Agreement is a document that speaks for itself. The allegations in Paragraph 15 do not contain factual allegations requiring an admission or a denial.  Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

16. The Agreement is a document that speaks for itself. Paragraph 15 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial.  Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

17.   Defendant admits the allegations in Paragraph 17 insofar as they relate to H3's orders, but he denies that orders were placed on his individual behalf.

18.   Defendant admits the allegations in Paragraph 18, except that he lacks knowledge or information sufficient to form a belief about the truth of the allegation that Legacy would use second-day delivery.

19.   Defendant admits that Legacy generally would provide the shipment's delivery status information to H3, but denies that it would be provided to Ching, personally.

20.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, except that he admits that H3 identified Logan Walker as a contact in its customer onboarding document.

21.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, except that Defendant denies that he owed amounts to Legacy.

22.   Paragraph 22 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

23.   The Agreement is a document that speaks for itself. The allegations in Paragraph 15 do not contain factual allegations requiring an admission or a denial.

**III.   Mr. Ching Fails to Pay Legacy at Least $2,213,798.60 That is Owed**

24.   Defendant denies the allegations in Paragraph 24.

25.   Defendant denies the allegations in Paragraph 25.

26.   Defendant denies the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27, except insofar as they imply that the alleged payments were in fact due and owing, and except that he does not recall the dates of the demands.

28. Defendant admits the allegations in Paragraph 28.

29. The Agreement is a document that speaks for itself. Paragraph 29 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them.

30. Defendant denies the allegations in Paragraph 30, as worded.

## CONDITIONS PRECEDENT

31. Paragraph 31 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them. The parties agreed that H3's obligation to pay for products was contingent upon H3's receipt of approval for reimbursement from the insurance or government payor.

## COUNT I: BREACH OF CONTRACT

32. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

33. Defendant admits that H3 entered into the Agreement with Legacy on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy. Defendant denies that Ching, individually, entered into the Agreement.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits the allegations in Paragraph 35.

36. Defendant admits that Legacy generated and sent order statements to H3, shipped human tissue products to H3, and generated and sent monthly invoices to H3. Defendant otherwise denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

## COUNT II: IN THE ALTERNATIVE, QUANTUM MERUIT

39. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

40. Defendant admits that Legacy provided goods to H3 that had value, but otherwise denies the allegations in Paragraph 40.

41. Defendant admits that the goods Legacy provided were requested by H3 and benefited H3, but otherwise denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42, as worded.

43. Defendant denies the allegations in Paragraph 43, as worded.

44. Defendant admits the allegations in Paragraph 44, except that it was H3—not Ching individually—who accepted, used, and directly benefited from human tissue products by using them to treat patients.

45. Defendant admits the allegations the allegations in Paragraph 45, except he does not recall the dates of the demands.

46. Defendant admits that he has not paid certain invoices that Legacy claims are owed and outstanding, but otherwise denies Paragraph 46, as worded.

47. Defendant denies the allegations in Paragraph 47.

## COUNT III: IN THE ALTERNATIVE, PROMISSORY ESTOPPEL

48. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## COUNT IV: IN THE ALTERANTIVE, UNJUST ENRICHMENT

53. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

54. Defendant admits that Legacy delivered human tissue products to H3 and issued invoices for them, but otherwise denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

## SUIT ON SWORN ACCOUNT

58. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Paragraph 61 does not contain any factual allegations requiring an admission or a denial, except insofar as it is alleged that the exhibit reflects amounts owed by Defendant, in which case Defendant denies those allegations.

62. Defendant denies the allegations in the first sentence of Paragraph 62. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

## REQUEST FOR JURY TRIAL

65. Paragraph 65 contains a jury demand and does not contain any factual allegations requiring an admission or a denial.

## CONCLUSION AND PRAYER FOR RELIEF

The final paragraph is a prayer for relief and does not contain any factual allegations requiring an admission or a denial. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

## II.
## AFFIRMATIVE DEFENSES

1. The contract at issue is illegal and against public policy and therefore void and unenforceable. The parties' performance under the contract entailed exchanging remuneration for purchases and orders of products for which payment was to be made in whole or in part under a federal health care program.

2. Legacy's alleged right to recover is not independent of the illegal contract but rather is derived from it. Also, the parties bear substantially equal responsibility for the illegal contract and are *in pari delicto*. Therefore, Legacy may not recover under theories of quantum meruit, promissory estoppel, or unjust enrichment.

3. The parties agreed that H3's obligation to pay for products was contingent upon Defendant's receipt of approval for reimbursement from the insurance or government payor. Defendant did not receive such approval with respect to one or more of the products for which Legacy seeks payment in this case.

4. Ching is not liable in the capacity in which he was sued. H3 is a limited liability company and a separate legal person—not an assumed name of Ching. Ching did not enter into the agreement in his individual capacity.

5. The agreement is ambiguous with respect to payment terms and the contracting parties.

6. Plaintiff has failed to state a claim for which relief may be granted.

7. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

8. Plaintiff's claims are barred in whole or in party by the doctrines of equitable estoppel, quasi-estoppel, and waiver.

9. Plaintiff has failed to mitigate its alleged damages.

10. In the event that it is determined that Plaintiff is entitled to recover some measure of damages in this case, Defendant is entitled to an offset.

Defendant's investigation of the facts is ongoing. Defendant reserves the right to amend, modify, or supplement these defenses after further discovery, to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.

*   *   *

WHEREFORE, Defendant prays that Plaintiff recover nothing by reason of this suit.

Respectfully submitted,

*/s/ Jordan M. Parker*
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on December 19, 2025, a true and correct copy of the foregoing was served on counsel for all parties via CM/ECF filing.

                                                        */s/ Jordan M. Parker*
                                                        Jordan M. Parker