IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  4:25-CV-00874-O |
| CARLOS CHING | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Parties' Joint Motion for Entry of Stipulated Protective Order (ECF No. 21) filed on December 15, 2025. The parties cite the need to protected health information ("PHI") and prevent its inadvertent disclosure or unauthorized use. *Id.* The parties also seek an Order from the Court under Federal Rule of Evidence 502(d) seeking to provide the same protections enshrined in 502. FED. R. EVID. 502. The parties have shown good cause for the protective order. However, there is not good cause for the Court to grant the Order enforcing Federal Rule of Evidence 502(d), because the parties can seek the enforce the limitations enshrined in Rule 502 when the situation arises. Accordingly, the Joint Motion is **GRANTED in PART**.

Therefore, the Court **ORDERS** as follows:

**I. PROCEEDINGS AND INFORMATION GOVERNED.**

1. This Protective Order is entered to ensure that where any such Confidential Information is produced or exchanged in the course of this litigation, it shall be used solely for the purposes of preparation for the trial and appeal of this litigation and for no other purpose whatsoever and shall not be disclosed to any person, except in accordance with the terms hereof.

1

2. This Order is made under Fed. R. Civ. P. 26(c) and per the agreement of the Parties to the above captioned action. It governs any document, information, or other thing furnished by any Party to any other Party, and it includes any non-Party who receives a subpoena in connection with this action. No Party may disclose another Party's Confidential Information to any non-Party unless and until such non-Party first agrees in writing to be bound by this Protective Order. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents or things produced, given, or filed in this action that are designated by a Party as "Confidential Information" or "Attorney Eyes Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. This Protective Order also applies to the handling and use of such information in any appeals, post-judgment, collection, and enforcement proceedings arising from this action.

**II. DESIGNATION AND MAINTENANCE OF INFORMATION.**

3. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets, commercial information, patient information, and medical records that are not publicly known and are of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, including, without limitation, proprietary business information (such as pricing, margins, costs, revenues, customer and supplier identities, contact information, purchasing histories, preferences, and lists, business plans, marketing strategies, financial data), and any information protected by the Health Insurance Portability and

Accountability Act of 1996 and its implementing regulations, or other privacy laws, including protected health information ("PHI"), and (b) the "Attorney Eyes Only" designation means that the document is comprised of information that the producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade-secret information, patient information or medical records, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter, and is limited to information whose disclosure to the receiving Party is reasonably likely to cause substantial competitive, financial, or privacy harm that cannot be avoided by less restrictive means. "Confidential Information" and "Attorney Eyes Only" does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the Party to whom disclosure is made unless that Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

    4. Documents and things produced during the course of this litigation within the scope of paragraph 3(a) above, may be designated by the producing Party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

    5. Documents and things produced during the course of this litigation within the scope of paragraph 3(b) above may be designated by the producing Party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

6. A Party may designate information disclosed at a deposition as "Confidential Information" or "Confidential Attorney Eyes Only Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any Party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other Parties and to the court reporter, whether any portion of the transcript is to be designated as "Confidential Information" or "Confidential Attorney Eyes Only Information." If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as "Confidential Attorney Eyes Only Information," unless the disclosing Party consents to less confidential treatment of the information), the entire deposition will be considered devoid of "Confidential Information" or "Confidential Attorney Eyes Only Information." Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**III. INADVERTENT FAILURE TO DESIGNATE.**

7. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing Party from designating such information as confidential at a later date in

4

writing and with particularity. The information must be treated by the receiving Party as confidential from the time the receiving Party is notified in writing of the change in the designation. Upon receipt of a corrective designation, the receiving Party shall make reasonable efforts to retrieve and destroy or sequester any copies disclosed to persons not authorized under the corrected designation and shall not be deemed to have violated this Order for any disclosure made before receiving the corrective notice.

**IV. CHALLENGE TO DESIGNATIONS.**

8. A receiving Party may challenge a producing Party's designation at any time. Any receiving Party disagreeing with a designation may request in writing that the producing Party change the designation. The producing Party will then have ten (10) business days after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation. If the Parties are unable to reach an agreement after the expiration of this ten (10) business days' time frame, and after the conference required under Local Rule 7.1(a), the receiving Party may at any time thereafter seek an order to alter the confidential status of the designated information by filing a motion with the Court. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**V. DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.**

9. Information designated as "Confidential Information" or "Confidential Attorney Eyes Only Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Confidential Attorney Eyes Only Information" may not be used under any circumstances for any other purpose.

10. **Protection of Protected Health Information.** Any PHI or other patientidentifying information produced in this action shall be used or disclosed solely for the purposes of this litigation, limited to the minimum necessary, and handled in compliance with HIPAA and other applicable privacy laws. Parties and authorized recipients shall implement reasonable administrative, technical, and physical safeguards, including encryption of PHI in transit and at rest where feasible, and access shall be limited to those with a need to know. Any known or suspected unauthorized access, disclosure, or loss of PHI shall be promptly (and in no event later than five (5) business days after discovery) reported to the producing Party, and reasonable mitigation steps shall be taken.

11. Subject to paragraph 13 below, "Confidential Information" may be disclosed by the receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

a. employees of the receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating Party in advance of the disclosure;

b. in-house counsel for the receiving Party who are identified as such in writing to counsel for the designating Party in advance of the disclosure;

c. outside counsel for the receiving Party;

d. supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data-entry clerks, legal clerks, and private photocopying and litigation support services;

f. any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, or the creation of any computer database from documents.

12. Subject to paragraph 13 below, "Confidential Attorney Eyes Only Information" may be disclosed by the receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

a. outside counsel for the receiving Party;

b. supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data-entry clerks, legal clerks, private photocopying and litigation support services;

c. experts or consultants; and

d. those individuals designated in paragraphs 12(c), (d), (e), and (f).

13. Further, prior to disclosing "Confidential Information" or "Confidential Attorney Eyes Only Information" to a receiving Party's proposed expert, consultant, or employees, the receiving Party must provide to the producing Party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing Party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the Parties are unable to resolve any objection, the receiving Party may file a motion to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing Party, or if any objection is made, until the Parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

14. Counsel is responsible for the adherence by third-Party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

15. "Confidential Information" or "Confidential Attorney Eyes Only Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

a. the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

b. the person is the designating Party, or is a director, officer, employee, consultant, or agent of the designating Party; or

c. counsel for the Party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may otherwise be made under and who are bound by this Protective Order, may be present during the disclosure or discussion of the "Confidential Information" or "Confidential Attorney Eyes Only Information." Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed. Any person receiving disclosure under this paragraph must first execute Exhibit A unless the person is the designating Party or its current personnel.

**VI. NON-PARTY INFORMATION.**

16. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire

confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## VII. FILING DOCUMENTS WITH THE COURT.

17. If any Party wishes to submit "Confidential Information" or "Confidential Attorney Eyes Only Information" to the Court, that Party must confer with the opposing party in good faith and thereafter seek leave of Court to file such information under seal. This Protective Order does not authorize the filing of any document under seal. If leave is granted, the submission must be filed using the Sealed and/or Ex Parte Motion event. The word "Sealed" must appear in the title or caption of any document intended for filing under seal (and any proposed order you believe should be filed under seal if entered by the judge). The Parties shall comply with all applicable statutes, rules, and Local Rules (including N.D. Tex. L.R. 79.3) and controlling Fifth Circuit authority regarding sealing. A Party's failure to seek leave to file under seal shall not, by itself, waive any confidentiality designation.

18. Producing or receiving "Confidential Information" or "Confidential Attorney Eyes Only Information," or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any Party that any particular "Confidential Information" or "Confidential Attorney Eyes Only Information" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive

9

the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## VIII. CONCLUSION OF LITIGATION.

19. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents containing "Confidential Information" or "Confidential Attorney Eyes Only Information," and to certify to the producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## IX. OTHER PROCEEDINGS.

20. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who may be subject to a motion to disclose another Party's information designated "Confidential Information" or "Confidential Attorney Eyes Only Information" pursuant to this Protective Order must promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed. If a Party is served in any other proceeding with a subpoena, document request, or court order seeking materials designated under this Protective Order, that Party shall, within three (3) business days, provide written notice and a copy of the subpoena/request to the designating Party and shall not

produce the materials until the designating Party has had a reasonable opportunity to seek a protective order.

## X. REMEDIES.

21. It is ORDERED that this Protective Order will be enforced pursuant to Fed. R. Civ. P. 37(b) and other applicable authority. All other remedies available to any person injured by a violation of this Protective Order are fully reserved. A violation of this Protective Order may cause irreparable harm for which monetary damages are inadequate, and the Court may grant injunctive relief to enforce this Order. The Court may also award the prevailing Party its reasonable attorneys' fees and costs incurred in enforcing this Order.

22. Any Party may petition the presiding judge for good cause shown if the Party desires relief from a term or condition of this Protective Order.

**SO ORDERED** on this **22nd day** of **December 2025**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| LEGACY MEDICAL CONSULTANTS, LP | § § § |
| Plaintiff, | § § |
| v. | §  Civil Action No. 4:25-CV-00874-O |
| | § |
| CARLOS CHING | § § |
| Defendant. | § |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

1. Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

5. I agree not to use any "Confidential Information" or "Confidential Attorney Eyes Only Information" disclosed to me pursuant to the Protective Order except for purposes of the above-

2

captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the presiding judge.

_____

Signed

_____

Printed Name

_____

Date

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP** | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:25-CV-00874-O |
| **CARLOS CHING** | | |
| Defendant. | | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

    1. Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2. I have been given a copy of and have read the Protective Order.

    3. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    4. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

    5. I agree not to use any "Confidential Information" or "Confidential Attorney Eyes Only Information" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those

specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the presiding judge.

_____

Signed

_____

Printed Name

_____

Date