IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:25-CV-00874-O** |
| | § | |
| **CARLOS CHING D/B/A H3 MEDICAL** | § | |
| **CLINIC, LLC AND JOHN GROFF,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Legacy Medical Consultants, LP ("Legacy"), by and through its undersigned attorneys, files this First Amended Complaint against Defendants Carlos Ching ("Mr. Ching") doing business as H3 Medical Clinic, LLC ("H3") and John Groff ("Mr. Groff") and alleges as follows:

**NATURE OF THE ACTION**

1.    This Petition arises out of Mr. Ching and/or Mr. Groff's breach of contract by failing to pay over $3,313,798.60 for products they purchased from Legacy. As alleged in greater detail below, the parties entered into an Agreement, under which Legacy agreed to sell, and Mr. Ching and/or Mr. Groff agreed to buy, certain human tissue products to use in treatment of patients as determined to be medically necessary by a medical provider. A true and correct copy of the Agreement is attached as **Exhibit A**, November 7, 2023 Impax Purchase Agreement. The Agreement specified that Mr. Ching and/or Mr. Groff were required to provide payment for any and all human tissue products ordered within sixty (60) days of product shipment. **Ex. A** at ¶ 6. Yet after executing the Agreement, Mr. Ching and/or Mr. Groff began missing payments. To date, and despite Legacy's continued requests and reminders for them to remit all outstanding payments,

1

Mr. Ching and/or Mr. Groff have refused to make at least twenty-eight (28) payments on invoices and still owe at least $3,313,798.60. Legacy brings the following action to collect these overdue amounts.

## PARTIES

2.      Plaintiff Legacy Medical Consultants, LP is a Texas Limited Partnership, with its principal place of business located at 9800 Hillwood Parkway #320, Fort Worth, TX 76177.

3.       Upon information and belief, Defendant Mr. Ching is an individual with a principal place of residence in Arizona. At all relevant times, Mr. Ching was a licensed nurse practitioner.

4.      At all relevant times, Mr. Ching was doing business as H3 Medical Clinic, LLC ("H3"), which is an Arizona LLC and maintains a principal place of business in Arizona.

5.      Upon information and belief, Defendant Mr. Groff is an individual with a principal place of residence in Laveen, Arizona. He may be served at his residence, 3933 W Thurman Dr., Laveen, AZ 85339-1232, or wherever he may be found.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this suit under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has personal and/or specific jurisdiction over Mr. Ching and/or Mr. Groff, who are non-resident Defendants, because they contracted with Legacy, an entity they knew to be a Texas resident. The contract was performable and has been performed in part in the State of Texas, in that Mr. Ching and/or Mr. Groff engaged in repeated transactions with Legacy under the contract, made payments to Legacy's Texas bank account, accepted products shipped from Legacy in Texas, and agreed to Texas law governing the Agreement.

2

8.   Venue for this action is appropriate and permissive in the United States District Court for the Northern District of Texas under 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the claims occurred in Tarrant County, Texas, which is located in this Judicial District.

9.   The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

### FACTUAL ALLEGATIONS

### I.   Plaintiff Legacy Medical Consultants

10.   Legacy Medical Consultants is an integrated marketer of proprietary regenerative biomaterial products processed from human amniotic membrane and other birth tissues. Among other things, Legacy markets amniotic tissue grafts, which are intended to assist in the treatment of patients as determined to be medically necessary by a medical provider. Legacy markets its products to doctors all over the county.

11.   Before purchasing human tissue products from Legacy, healthcare providers fill out a customer onboarding document, which sets out the provider's address, practice name, contact information, and billing information.

12.   Healthcare providers also execute a purchase agreement with Legacy. The purchase agreement sets out the terms of the purchase and sale and dictates the procedures that customers must follow to place orders for human tissue products, keep track of human tissue products administered to patients, and provide payment for any human tissue products purchased, among other things.

### II.   The Agreement with Mr. Ching and/or Mr. Groff

13.   On or about November 7, 2023, Mr. Ching entered into a Purchase Agreement with Legacy in connection with the purchase of one of Legay's products, Impax Amniotic Allograft ("Impax"). *See* **Ex. A**.

3

14.    The Agreement identifies Mr. Ching as the "Customer." *See* **Ex. A**.

15.    Mr. Groff signed the Agreement on the line seeking "Customer Signature." *Id.*

16.    The Agreement does not identify any other entity or individual, including H3, other than Mr. Groff and Mr. Ching as "Customers."

17.    Mr. Ching also named Mr. Groff as his point of contact in his onboarding document, Mr. Groff communicated with Legacy on Mr. Ching's behalf, and, on at least one occasion, Mr. Groff informed Legacy that Mr. Ching was responsible for paying invoices.

18.    However, discovery has since revealed that, according to Mr. Ching, Mr. Groff did not have authority to execute the Agreement on his behalf and was actually signing the Agreement in a representative capacity on behalf of H3.

19.    This agency relationship was not disclosed to Legacy in the Agreement, nor does H3 appear anywhere in the Agreement itself.

20.    Per the terms of the Agreement, Legacy agreed to sell, and Mr. Ching and/or Mr. Groff agreed to purchase, human cell and tissue products to administer to patients as medically necessary.

21.    After Mr. Ching and/or Mr. Groff submitted order forms for human tissue product, Legacy generated an order statement reflecting the terms of the purchase and identifying the products to be shipped. This practice continued for all of Mr. Ching and/or Mr. Groff's orders.

22.    Legacy would then promptly pack and ship the products identified on the order statement for delivery using second-day delivery.

23.    Legacy would also provide the shipment's delivery status information to Mr. Ching and/or Mr. Groff.

24.     On the day products were shipped, Legacy would send Mr. Ching and/or Mr. Groff an invoice per order via email to Logan.Walker@H3MedicalClinic.com, which contact was provided by Mr. Ching and/or Mr. Groff in the Customer Onboarding Document.

25.     At the end of each month, Legacy would deliver to Mr. Ching and/or Mr. Groff an email at the above address with a summary PDF document containing all of the prior month's invoices, which reflected all amounts Mr. Ching and/or Mr. Groff owed Legacy for products ordered in the preceding month.

26.     Mr. Ching and/or Mr. Groff were bound to make payment to Legacy in the amount specified on the monthly invoice for all human tissue products received.

27.     Specifically, Paragraph 6 of the Agreement states: "Customer agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment." *See* **Ex. A** at ¶ 6.

### III. Mr. Ching and/or Mr. Groff Fail to Pay Legacy at Least $3,313,798.60 That Is Owed

28.     Despite the plain language of the Agreement, Mr. Ching and/or Mr. Groff have failed to make numerous payments owed to Legacy for human tissue products received.

29.     At present, Mr. Ching and/or Mr. Groff owe Legacy a total of at least $3,313,798.60 for human tissue products.

30.     More specifically, and as the chart below illustrates, since January 29, 2024, Mr. Ching and/or Mr. Groff have failed to make at least twenty-eight (28) payments to Legacy for human tissue product, including but not limited to:

| Invoice No. | Invoice Date | Invoiced Amount | Balance/Amount Outstanding | Status |
|---|---|---|---|---|
| 61213 | 01/29/2024 | $202,340.16 | $17,340.16 | OVERDUE |
| 61211 | 01/29/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62049 | 02/05/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62048 | 02/05/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 62047 | 02/05/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62853 | 02/09/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62852 | 02/09/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 62851 | 02/09/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62850 | 02/09/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 63790 | 02/19/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 63789 | 02/19/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 63788 | 02/19/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 63787 | 02/19/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 64706 | 02/26/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 64705 | 02/26/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 64704 | 02/26/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 65515 | 03/04/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 65514 | 03/04/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 65513 | 03/04/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 66180 | 03/11/2024 | $179,857.92 | $179,857.92 | OVERDUE |
| 66179 | 03/11/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 66552 | 03/12/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67201 | 03/18/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67200 | 03/18/2024 | $179,857.92 | $179,857.92 | OVERDUE |
| 67370 | 03/20/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67915 | 03/25/2024 | $44,964.48 | $44,964.48 | OVERDUE |
| 67914 | 03/25/2024 | $22,482.24 | $22,482.24 | OVERDUE |
| 67913 | 03/25/2024 | $179,857.92 | $179,857.92 | OVERDUE |

31.    Legacy promptly informed Mr. Ching and/or Mr. Groff that these payments were past due and demanded reimbursement of all amounts owed. Legacy contacted Mr. Ching and/or Mr. Groff about these overdue payments multiple times, including, but not limited to, on or about May 1, 2024, June 3, 2024, and February 7, 2025.

32.    Despite Legacy's efforts, Mr. Ching and/or Mr. Groff did not remit the requested payments.

6

33. This directly conflicts with the plain language of the Agreement, which state that all payments for human tissue products must be made to Legacy within sixty (60) days of product shipment, **Ex. A** at ¶ 6.

34. To date, Legacy has still not received the $3,313,798.60 that Mr. Ching and/or Mr. Groff owe under the Agreement.

## CONDITIONS PRECEDENT

35. All conditions precedent to Legacy's claims for relief have been performed or have occurred.

## COUNT I
## BREACH OF CONTRACT
### (Against Defendant Carlos Ching)

36. Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

37. Mr. Ching entered into the Agreement with Legacy on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy.

38. Mr. Ching identified Mr. Groff as his point of contact to Legacy and on at least one occasion, Mr. Groff informed Legacy that Mr. Ching was responsible for paying invoices. The Agreement also identifies Mr. Ching as the "Customer," and is signed by Mr. Groff who was acting as Mr. Ching's agent and executed the Agreement on his behalf.

39. The Agreement is a valid and enforceable contract between Legacy and Mr. Ching.

40. The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

41. Legacy has fully performed each of its obligations under the terms of the Agreement by, among other things, generating and sending order statements to Mr. Ching upon receipt of any and all orders; packing and shipping human tissue products to Mr. Ching; and

generating and sending monthly invoices to Mr. Ching reflecting all amounts owed for the human tissue products he received.

42.     Mr. Ching breached Paragraph 6 of the Agreement by failing to pay Legacy for the twenty-eight (28) invoices listed in Paragraph 30 above.

43.     Mr. Ching's breach of contract has caused and will continue to cause substantial harm and injury to Legacy, including lost revenue in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT II**
**BREACH OF CONTRACT**
**(In the Alternative, Against Defendant John Groff)**

44.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

45.     This Count is pleaded in the alternative, should the Court or ultimate factfinder determine that the Agreement was actually executed by John Groff in his individual capacity.

46.     Mr. Groff entered into the Agreement with Legacy by signing as the "Customer" on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy.

47.     When Mr. Groff executed the Agreement, he did not disclose any agency relationship in the Agreement itself. As a result, under Texas law, the Agreement is a valid and enforceable contract between Legacy and Mr. Groff in his individual capacity, and Mr. Groff is personally responsible for all obligations and required payments thereunder.

48.     The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

49.     Legacy has fully performed each of its obligations under the terms of the Agreement by, among other things, generating and sending order statements to Mr. Groff upon

receipt of any and all orders; packing and shipping human tissue products to Mr. Groff; and generating and sending monthly invoices to Mr. Groff reflecting all amounts owed for the human tissue products he received.

50.    Mr. Groff breached Paragraph 6 of the Agreement by failing to pay Legacy for the twenty-eight (28) invoices listed in Paragraph 30 above.

51.    Mr. Groff's breach of contract has caused and will continue to cause substantial harm and injury to Legacy, including lost revenue in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

## COUNT III
## IN THE ALTERNATIVE, QUANTUM MERUIT
### (Against Defendants Carlos Ching and, in the alternative, John Groff)

52.    Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

53.    Legacy provided valuable goods and services to Mr. Ching and/or Mr. Groff by, among other things, packing and shipping the human tissue products that they ordered.

54.    Such goods and services were rendered at the specific request, and for the benefit, of Mr. Ching and/or Mr. Groff, with knowledge, consent, and acquiescence, and were accepted by Mr. Ching and/or Mr. Groff.

55.    Due to the significant cost and amount of human tissue products delivered, Mr. Ching and/or Mr. Groff understood that Legacy expected to be compensated therefor.

56.    Mr. Ching and/or Mr. Groff have failed to pay Legacy $3,313,798.60 in overdue payments for human tissue products delivered to them.

57.    Upon information and belief, Mr. Ching and/or Mr. Groff accepted, used, and benefited from the human tissue products by using them to treat patients.

58.     Legacy has made numerous demands for payment on Mr. Ching and/or Mr. Groff, including, but not limited to, on or about May 1, 2024, June 3, 2024, and February 7, 2025.

59.     Despite such demands, Mr. Ching and/or Mr. Groff have refused to pay Legacy for its products.

60.     As a result of Mr. Ching and/or Mr. Groff's refusal to pay Legacy for the value of the human tissue products and other services provided, Legacy has sustained substantial damages, included but not limited to damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT IV**
**IN THE ALTERNATIVE, PROMISSORY ESTOPPEL**
**(Against Defendants Carlos Ching and, in the alternative, John Groff)**

61.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

62.     On or about November 7, 2023, Mr. Ching and/or Mr. Groff made written promises to Legacy to pay for all human tissue products received.

63.     Due to the substantial expense and amount of the human tissue products Legacy agreed to send to Mr. Ching and/or Mr. Groff, they reasonably anticipated that Legacy would rely on their promise of payment.

64.     Legacy reasonably relied on Mr. Ching and/or Mr. Groff's promise of payment to its detriment by providing the human tissue products to Mr. Ching and/or Mr. Groff.

65.     As a result of Legacy's detrimental reliance on Mr. Ching and/or Mr. Groff's promise, Legacy has suffered actual and significant injury, including, but not limited to, damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

## COUNT V
## IN THE ALTERNATIVE, UNJUST ENRICHMENT
### (Against Defendants Carlos Ching and, in the alternative, John Groff)

66.    Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

67.    Legacy, at its own expense, provided several deliveries of human tissue products valued at least $3,313,798.60 to Mr. Ching and/or Mr. Groff. Legacy also packed and shipped the human tissue products to the location Mr. Ching and/or Mr. Groff provided Legacy and sent them several invoices for those products.

68.    Upon information and belief, Mr. Ching and/or Mr. Groff have been enriched by virtue of Legacy's providing them with the aforementioned human tissue products. Mr. Ching and/or Mr. Groff were able to use those products in treating patients and were reimbursed for those treatments.

69.    Mr. Ching and/or Mr. Groff have been unjustly enriched by inducing Legacy to rely on their promises of payment for the valuable goods and services that Legacy provided for Mr. Ching and/or Mr. Groff.

70.    As a result of Mr. Ching and/or Mr. Groff's acts and omissions, Legacy has suffered actual and significant injury, including, but not limited to, damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

### SUIT ON SWORN ACCOUNT

71.    Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

72.    Legacy provided goods to Mr. Ching and/or Mr. Groff under contract and founded on business dealings between the parties.

11

73.     Mr. Ching and/or Mr. Groff accepted said services and became bound to Legacy for the same.

74.     A record of the account and required affidavit is attached hereto as **Exhibit B** and is fully incorporated herein by reference.

75.     The account accurately sets forth the services Legacy provided to Mr. Ching and/or Mr. Groff, the dates of performance, and the costs of goods provided. The account represents a record of the transactions in issue and is similar to records Legacy systemically keeps in the ordinary course of business.

76.     After goods were provided, Mr. Ching and/or Mr. Groff failed to make any payments. No payments being made or offsets being proper, the principal balance due remains $3,313,798.60.

77.     This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. Legacy therefore seeks liquidated damages in the amount of at least $3,313,798.60 from Mr. Ching and/or Mr. Groff.

## REQUEST FOR JURY TRIAL

78.     Legacy requests a jury trial on all issues so triable to a jury and will pay the appropriate fee.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Legacy Medical Consultants, LP asks that the Court issue a citation for Defendants Carlos Ching and John Groff to appear and answer, and that Plaintiff be awarded a judgment against Defendants as follows, and in addition to the foregoing relief sought in each cause of action above:

a.  Actual and out-of-pocket damages of at least $3,313,798.60, incurred as a result of Mr. Ching and/or Mr. Groff's breaches of the Agreement and other tortious conduct;

b.  Incidental damages, consequential damages, and exemplary damages in amounts to be determined at trial;

c.  Pre-judgment and post-judgment interest, in an amount to be determined at trial;

d.  Court costs, in an amount to be determined;

e.  Attorneys' fees and legal costs and expenses, in an amount to be determined and as permitted by law under TEX. CIV. PRAC. & REM. § 38.001; and

f.  All other relief to which Plaintiff is entitled, at law or in equity, and which this Court deems just and proper.

13

Date: February 20, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Megan A. Altobelli*
Audrey F. Momanaee
Federal Bar No. 724132
Texas Bar No. 24055993
Gregory J. Moore (*pro hac vice*)
Texas Bar No. 24055999
717 Texas Avenue,
Suite 1400
Houston, TX 77002
713.632.8613
Audrey.Momanaee@BlankRome.com
Gregory.Moore@BlankRome.com

-and-

Megan A. Altobelli (local counsel)
Texas Bar No. 24107116
200 Crescent Court, #1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A



**Purchase Agreement**

This Purchase Agreement (the "Agreement") is entered into as of this <u>07th</u> day of <u>November</u>, 20<u>23</u> (the "Effective Date") between Legacy Medical Consultants and

Provider Name: <u>Carlos A. Ching</u>

Office Address: <u>1520 West Sunrise Dr.</u>

<u>Phoenix, Arizona 85041</u>

("Customer").

## Background

The Customer wishes to purchase, and Legacy Medical Consultants has agreed to sell to Customer human cell and tissue products, subject to the following terms.

Now, therefore, the parties agree as follows:

1. **Product Prices.** Product mean the human cell and tissue products offered by Legacy Medical Consultants as described in Schedule A, as such Schedule A may be modified from time to time. The Invoice Price for each Product is the price stated for that Product in Schedule A.

2. **Insurance Verification.** Customer agrees to utilize Legacy Medical Consultants' Insurance Verification Request form (IVR) prior to ordering and using Products.

3. **Order Fulfillment.** After Customer submits an IVR and receives confirmation of patient's benefits, the Customer places an order and Legacy Medical Consultants accepts the order and generates an Invoice, which will reflect that the Customer has agreed to purchase the Products identified on the Invoice and the terms of the purchase. Legacy Medical Consultants shall, on Customer's behalf, promptly pack and ship the Products identified on the Invoice for delivery to the Customer using second-day delivery. Legacy Medical Consultants shall provide delivery status information from the carrier to the Customer for shipment.

4. **Product Usage.** After receiving Product(s), Customer will treat the patient as medically necessary. Customer and Legacy Medical Consultants acknowledge that use of any Product is at the sole discretion of the treating provider, pursuant to his or her professional medical judgement.

5. **Purchase Price.** See Schedule A

6. **Invoices & Payment.** Legacy Medical Consultants will develop and deliver an Invoice to Customer that identifies the Products ordered are shipped.  Customer agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment. Customer will access Invoices and make payments through the LMC Payments Portal (**https://app02.us.bill.com/p/legacymedicalconsultants**). Customer will input their banking and credit card information in the LMC Payments Portal.

7. **Miscellaneous.** This Agreement contains the entire agreement between the Parties concerning the subject matter hereof and is governed by Texas law. This agreement may be amended or modified only by a written agreement signed by both parties.

**Purchase Agreement**

# LEGACY MEDICAL
C O N S U L T A N T S

Executed as of the Effective Date.

## Legacy Medical Consultants

Staff Signature: _DocuSigned by:_
_Amy Bolling_

Signer Name: Amy Bolling
Signing Reason: I approve this document
Signing Time: 11/8/2023 | 7:13:27 AM PST
231F56318E614C4FB266F565CEF63205

Staff Name (printed): Amy Bolling

## Customer

Customer Signature: _DocuSigned by:_
_John Groff_

Signer Name: John Groff
Signing Reason: I approve this document
Signing Time: 11/7/2023 | 12:42:45 PM PST
05210AB5BEB84094A305570E27B10392

Customer Name (printed): John Groff



# Schedule A
## Effective 10/1/2023

### Legacy Medical Consultants, LP -- Products and Prices

|  | Part Number | Description | Invoice Price |
|---|---|---|---|
| **IMPAX MEMBRANE** | IMP-0202 | Impax 2x2cm (Q4262) | $2,415.17 |
|  | IMP-0203 | Impax 2x3cm (Q4262) | $3,622.75 |
|  | IMP-0404 | Impax 4x4cm (Q4262) | $9,660.67 |
|  | IMP-0406 | Impax 4x6cm (Q4262) | $14,491.01 |
|  | IMP-0408 | Impax 4x8cm (Q4262) | $19,321.34 |

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,**<br>　　　　**Plaintiff,**<br><br>**v.**<br><br>**CARLOS CHING D/B/A H3 MEDICAL CLINIC, LLC AND JOHN GROFF,**<br><br>　　　　**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-CV-00874-O** |

## <u>AFFIDAVIT OF KIMBERLY R. BINI</u>

Before me, the undersigned notary, on this day personally appeared Kimberly R. Bini, a person whose identity is known to me. After administration of the oath, upon his oath he said:

1.　　My name is Kimberly R. Bini. I am over the age of 18, am legally and mentally competent, and am capable of making this affidavit on behalf of Legacy Medical Consultants, LP. The facts stated in this affidavit are within my personal knowledge and are true and correct, to the best of my knowledge, information, and belief.

2.　　I am the duly authorized representative of Legacy Medical Consultants, LP ("Legacy"). I acquired personal knowledge of the facts set forth herein and in Legacy's Petition through my role as Director of Credit and Collections of Legacy and my review of the relevant invoices and payment records.

3.　　On or about November 7, 2023, Carlos Ching and/or John Groff ("Defendants") entered into an Agreement with Legacy.

4.　　Per the terms of the Agreement, Legacy agreed to sell, and Defendants agreed to purchase, human cell and tissue products for Defendants to administer to patients as medically necessary.

1

5.      Defendants would submit an order form for human tissue product, Legacy would generate an order statement reflecting the terms of the purchase, and then the products were promptly packed and shipped for delivery.

6.      At the end of each month, Legacy sent an invoice to Defendants reflecting the products purchased in the previous month and the amounts owed.

7.      Under his Agreement with Legacy, Defendants made several orders. However, upon receipt of his invoices, Defendants have failed to pay their outstanding balance. Defendants have not paid the full amounts owed and are delinquent on the liquidated balance of $3,313,798.60.

8.      The liquidated balance on the Ching/Groff account is $3,313,798.60. These amounts are just and true, they are due, and all just and lawful offsets, payments, and credits have been allowed.



KIMBERLY R. BINI
Director, Credit and Collections
Legacy Medical Consultants, LP

SUBSCRIBED AND ACKNOWLEDGED BEFORE ME by Kimberly R. Bini on February 20, 2026, to certify which witness my hand and seal of office.

RUBY LEE HENRY
Notary ID #5849736
My Commission Expires
May 17, 2029

Notary Public in and for the State of Texas
My commission expires: 05/17/2029

2