## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:25-CV-00874-O** |
| | § | |
| **CARLOS CHING D/B/A H3 MEDICAL** | § | |
| **CLINIC, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................ 2

ARGUMENT ................................................................................................................. 5

      A.     Legal Standard ................................................................................................ 5

      B.     Good Cause Exists to Allow Legacy's Amendment Under Rule 16(b)(4)............. 7

      C.     Legacy Is Also Entitled to Amend the Complaint Under Rule 15(a)(2)'s
           Liberal Standard. ......................................................................................... 10

CONCLUSION ............................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bennett v. Tarrant Cnty. Coll. Dist.*,
  CIVIL ACTION NO. 3:22-CV-0289-B, 2023 WL 3136412 (N.D. Tex. Apr.
  27, 2023) ....................................................................................................................7, 10

*C.A.D.E. Contracting, LLC v. SFT Sols., LLC*,
  No. 4:24-cv-00117-P, 2024 WL 5673333 (N.D. Tex. May, 8 2024) ....................................12

*Cloud v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*,
  CIVIL ACTION NO. 3:20-CV-1277-S, 2022 WL 22890824 (N.D. Tex. Apr.
  26, 2022) ............................................................................................................................5

*Cont'l Mach. Co., Inc. v. Korn*,
  No. 3:19-cv-769-L, 2020 WL 521092 (N.D. Tex. Jan. 16, 2020) ...........................................9

*Davis v. Rascon*,
  CIVIL ACTION NO. 3:22-CV-2584-B, 2023 WL 5193473 (N.D. Tex. Aug.
  11, 2023) ....................................................................................................................5, 6, 10

*Dussouy v. Gulf Coast Inv. Corp.*,
  660 F.2d 594 (5th Cir.1981) ...............................................................................................6

*Elledge v. Friberg-Cooper Water Supply Corp.*,
  240 S.W.3d 869 (Tex. 2007)..............................................................................................11

*Foman v. Davis*,
  371 U.S. 178 (1962)............................................................................................................6

*Iron Mountain Processing, LLC v. Fortis Metal Mgmt., LLC*,
  Case No. 3:24-cv-00952-BT, 2025 WL 2684331 (N.D. Tex. July 15, 2025) ..........................8

*Martin v. Xarin Real Estate, Inc.*,
  703 F.2d 883 (5th Cir. 1983) ...............................................................................................9

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*,
  195 F.3d 765 (5th Cir. 1999) ...............................................................................................6

*Meaux Surgace Protection, Inc. v. Fogleman*,
  607 F.3d 161 (5th Cir. 2010) ...........................................................................................5, 6

*Mid-Continent Cas. Co v. Eland Energy, Inc.*,
  Civil Action Nos. 3:06–CV–1576–D, 3:06–CV–1578–D, 2009 WL 3074618
  (N.D. Tex. Mar. 30, 2009) ...................................................................................................8

*Olague v. CoreCivic, Inc.*,
    No. 6:22-CV-070-H, 2024 WL 1197927 (N.D. Tex. Mar. 20, 2024)......................................8

*Pepi Corp. v. Galliford*,
    254 S.W.3d 457 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ...........................11

*Playboy Enters., Inc. v. Sanchez-Campuzano*,
    CIVIL ACTION NO. M-01-226, 2010 WL 11458755 (S.D. Tex. Nov. 23
    2010) ......................................................................................................................9

*Prestige Ford Garland Ltd. P'ship v. Morales*,
    336 S.W.3d 833 (Tex. App.—Dallas 2011, no pet.)................................................11

*S&W Enters., LLC v. SouthTrust Bank of Ala., NA*,
    315 F.3d 533 (5th Cir. 2003) ..................................................................................6

*Stripling v. Jordan Prod. Co.*,
    234 F.3d 863 (5th Cir. 2000) .............................................................................6, 11

*The Richards Grp., Inc. v. Brock*,
    Civil Action No. 3:06-CV-0799-D, 2008 WL 1722250 (N.D. Tex. Apr. 14,
    2008) ....................................................................................................................8, 9

*United States v. Ching*,
    No. CR-24-01075-01-PHX-GMS (D. Ariz. Aug. 1, 2024) .....................................5

*Valcho v. Dall. Cnty. Hosp. Dist.*,
    658 F. Supp. 2d 802 (N.D. Tex. 2009) ....................................................................6

*Whitley v. Hanna*,
    726 F.3d 631 (5th Cir. 2013) ..................................................................................6

*Wright Grp. Architects-Planners, PLLC v. Pierce*,
    343 S.W.3d 196 (Tex. App.—Dallas 2011, no pet.)........................................8, 9, 11

## Statutes

Tex. Bus. & Com. Code § 2.725(a) ...........................................................................11

Tex. Civ. Prac. & Rem. Code § 16.051 .....................................................................11

## Other Authorities

Federal Rules of Civil Procedure
    12(b)(2) .................................................................................................................12
    12(b)(6) .................................................................................................................11
    15(a) ...............................................................................................................2, 6, 10
    16(b)(4) ...........................................................................................................*passim*
    20.......................................................................................................................2, 12

## INTRODUCTION

Plaintiff Legacy Medical Consultants, LP ("Legacy"), by its attorneys, Blank Rome LLP, submits this memorandum of law in support of its Motion for Leave to File a First Amended Complaint. The proposed First Amended Complaint, which is attached hereto as **Exhibit 1**,[1] adds breach of contract and equitable claims against a new defendant, John Groff ("Groff"), and provides additional facts to support those claims. By way of background, on or about November 7, 2023, Legacy and Defendant Carlos Ching ("Ching") entered into a purchase agreement (the "Agreement") under which Legacy agreed to sell certain human tissue products to Ching. Although the terms of the Agreement identify Ching as the customer, the Agreement itself is executed by Groff without any indication that he was signing in a representative capacity. But discovery has since revealed that, according to Ching, Groff did not have authority to execute the Agreement on his behalf and actually purported to sign on behalf of H3 Medical Clinic, LLC ("H3"). Because this agency relationship was not disclosed in the Agreement, under Texas law, Groff may now be personally liable under the Agreement as well. As a result, Legacy brings the instant Motion to add Groff as a defendant and to bring claims against him in his individual capacity.

Although the deadline set forth in the Court's Scheduling Order for filing motions for leave to amend has elapsed, Legacy plainly has good cause under Federal Rule of Civil Procedure 16(b) to amend the Complaint. First, Legacy could not have filed this Motion any earlier, as the true nature of Groff's agency was only recently revealed in discovery. Second, the amendment to the Complaint is critically important because adding claims against Groff opens up an alternative avenue for Legacy to recover the amounts owed under the Agreement. Finally, it is unlikely that

---

[1] For ease of review, Legacy also provides a redline version of the proposed First Amended Complaint, which is attached hereto as **Exhibit 2** (App. 023-029).

1

the parties will suffer any prejudice as a result of this amendment, as discovery is still ongoing and any prejudice that may result from allowing an amendment can be cured by a modest extension of the deadlines.

There is likewise no legitimate basis to deny Legacy's Motion under the more liberal standard in Rule 15(a). There is no evidence that Legacy unduly delayed bringing this Motion (indeed, it has filed at the earliest opportunity) or is otherwise acting in bad faith. This is the first time Legacy is moving to amend the operative pleading and as explained above, discovery is still ongoing, and any prejudice that may result from amending the pleadings now can be cured. Finally, Legacy's amendment is not futile. The new claims against Groff are properly pleaded, the statute of limitations has not yet run, and under Texas law, Groff can be held liable in his individual capacity for the payments owed to Legacy under the Agreement. Moreover, since Legacy is bringing claims against Groff in the alternative that arise out of the same transaction or occurrence and involve similar questions of law and fact as those brought against Ching, Groff's addition to the Complaint is proper under Rule 20. The requirements of Rule 15(a) are therefore satisfied as well.

For the foregoing reasons, and those set forth more fully below, Legacy respectfully requests that this Court grant its Motion and allow it to file a First Amended Complaint.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In this action, Legacy has asserted claims for breach of contract, quantum meruit, promissory estoppel, and unjust enrichment, as well as a suit on sworn account, against Ching for his failure to pay over $3,313,798.60 for products purchased from Legacy. *See generally* Compl. (ECF 1-5). As stated in the operative Complaint, on or about November 7, 2023, Legacy and Ching entered into a written agreement, whereby Legacy agreed to sell, and Ching agreed to buy, certain of Legacy's human tissue products. *See id.* at ¶ 14. The Agreement identified "Carlos A. Ching"

2

as the "Customer." *Id.* at 15; *see also* Ex. A to Compl. (ECF 1-6) at 1. "John Groff" executed the Agreement on the line seeking the "Customer Signature." Based on the plain terms of the documents, Groff was acting as an agent on Ching's behalf, because nothing in the Agreement indicated that Groff was acting as an agent or representative for any other individual or entity. Ex. A to Compl. at 2.

Legacy filed the Complaint in the District Court of Tarrant County, Texas on June 30, 2025, and named Ching as the sole Defendant. *See generally id.*; Altobelli Decl. at ¶ 1 (App. 074). Ching's counsel formally accepted service of the Complaint on July 29, 2025, Altobelli Decl. at ¶ 2 (App. 074), and on August 14, 2025, filed a notice of removal to this Court, *see* Aug. 14, 2025 Notice of Removal (ECF 1). On September 15, 2025, this Court issued a Scheduling Order, which, as it pertains to this Motion, set a November 14, 2025 deadline for the parties to file any motions to amend the pleadings. Sept. 15, 2025 Scheduling Order (ECF 15) (the "Scheduling Order") at 1. At the time the Court entered the Scheduling Order, the parties were actively engaged in settlement discussions. Altobelli Decl. at ¶ 4 (App. 074-075). Over the course of the next couple of months, the parties met and conferred several times and exchanged numerous correspondence in an effort to resolve the matter without further Court intervention. *Id.* However, on or about December 11, 2025, Ching's counsel informed Legacy that he would not be able to provide certain information Legacy requested in furtherance of settlement. *Id.* at ¶ 5 (App. 075).

On October 30, 2025, despite the fact that settlement discussions were still ongoing, Legacy served its First Set of Requests for Production of Documents ("RFPs"), First Set of Interrogatories, and First Set of Requests for Admission ("RFAs") on Ching in an abundance of cation, to ensure the matter would be able to continue to progress if settlement discussions fell through. *Id.* at ¶ 6 (App. 075). After an agreed upon two-week extension, Ching timely served his responses on December 15, 2025. *Id.* at ¶ 7 (App. 075).

RFA No. 25 asked Ching to "[a]dmit that John Groff and/or Logan Walker acted on behalf of Ching or H3 in ordering, receiving, and returning products, and/or addressing invoicing or payments with Legacy," to which Ching responded, "Admit as to their acts on behalf of H3, but deny that those individuals were authorized to act on behalf of Ching individually." *See* **Exhibit 3**, Dec. 15, 2025 Objections and Responses to RFAs at 5 (App. 045). Similarly, Interrogatory No. 15 asked Ching to "[d]escribe in detail the authority of John Groff to act on Your behalf, including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy." **Exhibit 4**, Dec. 15, 2025 Objections and Responses to Interrogatories at 5 (App. 052). Ching responded that "John Groff had limited authority to help H3 obtain new business and sign contracts on behalf of the company." *Id.* at 6 (App. 053).

Missing from this Interrogatory response, however, was any indication of the scope of Groff's authority and the dates that such authority was granted and/or rescinded. As a result, on January 5, 2026, Legacy served a deficiency letter requesting that Ching supplement Interrogatory 15, among others, to further explain the details of Groff's purported authority to act on behalf of H3. *See* **Exhibit 5**, Jan. 5, 2026 Deficiency Letter (App. 057-062). On January 23, 2026, following a productive meet and confer between the parties, Ching supplemented his response to Interrogatory No. 15 as follows: "John Groff had authority to order, receive, or return products on behalf of H3 and to authorize payments to Legacy on behalf of H3." **Exhibit 6**, Jan. 23, 2026 First Amended Objections and Responses to Interrogatories at 6 (App. 069).

As a result of this discovery, it has become clear that Defendant's contention is that Groff did not have authority to enter into the Agreement on behalf of Ching, despite Ching's being named as the "Customer," and was instead acting as H3's agent. The scope and nature of this agency, however, was not fully disclosed until Ching served his responses to discovery and followed up with subsequent supplementation after Legacy served its deficiency letter. Indeed, the Agreement

4

identifies only one customer—Carlos A. Ching. Nowhere does it make any mention of H3, nor did Groff state in the Agreement that he was signing as an agent or representative of H3. Under Texas law, Groff's failure to disclose his agency makes him personally liable for the obligations and payments owed under the Agreement.[2]

In light of these newly revealed facts, Legacy now moves to amend the Complaint to add Groff as a defendant. Specifically, the amendments to the pleading add jurisdictional information about Groff, provide some factual background related to Groff's execution of the Agreement and the scope of his potential agency for H3 (as described above), and assert breach of contract, quantum meruit, promissory estoppel, and unjust enrichment claims, as well as a suit on sworn account, against Groff in his individual capacity. *See generally* **Ex. 1** (App. 001-022); **Ex. 2** (App. 023-039) .

## ARGUMENT

### A.     Legal Standard

Where the deadline set forth in the scheduling order for amending the pleadings has passed, courts must first determine whether good cause exists to amend the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *Davis v. Rascon*, CIVIL ACTION NO. 3:22-CV-2584-B, 2023 WL 5193473, at *1 (N.D. Tex. Aug. 11, 2023); *Meaux Surgace Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); *Cloud v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, CIVIL ACTION NO. 3:20-CV-1277-S, 2022 WL 22890824, at *1 (N.D. Tex. Apr. 26, 2022). This requires "the 'party seeking relief to show that the deadlines cannot

---

[2] In any event, it is likely that H3 is unable to pay the amounts owed under the Agreement because Ching, as the owner of H3, has pleaded guilty to certain criminal charges against him and, in his plea agreement, agreed to forfeit all interests in any asset that the he owns or over which the defendant exercises control and which was used to facilitate the commission of the offense, including $4,517,167. Plea Agreement at ¶ 9(b), *United States v. Ching*, No. No. CR-24-01075-01-PHX-GMS (D. Ariz. Aug. 1, 2024), ECF No. 16. As a result, H3 is likely defunct (and indeed, Ching himself may not have sufficient funds to repay Legacy the $3,313,798.60 it is owed).

reasonably be met despite the diligence of the party needing the extension.'" *Davis*, 2023 WL 5193473, at *1 (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether good cause has been shown, district courts in this Circuit will consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surgace Protection, Inc.*, 607 F.3d at 167.

"If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that 'the court should freely give leave when justice so requires.'" *Davis*, 2023 WL 5193473, at *1 (quoting *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009)). As the Fifth Circuit has explained, the liberal pleading presumption underlying Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)). District courts may therefore only deny a motion for leave to amend if there is "substantial reason." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981)). Otherwise, "the discretion of the district court is not broad enough to permit denial," *id.* (quoting *Dussouy*, 660 F.2d at 598), and "[a] motion to amend ordinarily should be granted absent some justification for refusal," *Davis*, 2023 WL 5193473, at *1 (alteration in original) (quoting *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013)). In reviewing motions for leave to amend, courts consider factors such as whether the amendment reflects "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.    Good Cause Exists to Allow Legacy's Amendment Under Rule 16(b)(4).**

Here, Legacy has demonstrated good cause under Rule 16(b)(4) for amending the scheduling order and filing the proposed First Amended Complaint. The first factor—the explanation for the failure to timely move to amend—favors Legacy, because Legacy could not have moved to amend the Complaint to include Groff any sooner. The deadline for amendment elapsed on November 14, 2025. *See* Sept. 15, 2025 Scheduling Order at 1. However, up until on or about December 11, 2025, the parties were still seriously considering settlement, so any amendment before such discussions had fully resolved would have been premature.

Furthermore, Legacy first served its discovery requests on October 30, 2025, while settlement discussions were still ongoing, and only did so in an abundance of caution so that in the event settlement was not possible, the matter would still be able to proceed. As a result, initial responses to those requests were not due until December 1, 2025 (seventeen days after the deadline for amendment) and, after an agreed-upon two-week extension, Ching first served his responses on December 15, 2025 (a month after the deadline to amend had already elapsed). The parties thereafter engaged in further meet and confers to resolve certain deficiencies in Ching's discovery responses and, as a result, Legacy was not certain of Ching's position regarding the full extent of Groff's agency for H3 until January 23, 2026 at the earliest (over two months after the deadline to amend), when Ching served his revised response to Interrogatory 15. Given this history, Legacy simply could not have filed its Motion before the deadline to amend had already passed because the information underscoring the revisions to the pleading was only recently uncovered in discovery.[3] *See Bennett v. Tarrant Cnty. Coll. Dist.*, CIVIL ACTION NO. 3:22-CV-0289-B, 2023

---

[3] In fact, Legacy's Motion is arguably premature even at this stage because Ching has not yet sat for his deposition or provided testimony on the particular issue of Groff's purported agency.

WL 3136412, at *1 (N.D. Tex. Apr. 27, 2023) (finding good cause where an amendment was based on deposition testimony that had only recently become available).

As to the second factor—the importance of the amendment—courts have consistently permitted belated alterations to the scheduling order to allow for the filing of amended pleadings where the proposed amendments "potentially provide additional grounds for [a party] to recover," *Mid-Continent Cas. Co v. Eland Energy, Inc.*, Civil Action Nos. 3:06–CV–1576–D, 3:06–CV–1578–D, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009), offer an alternate route for recovery, or otherwise "directly affect[ a party's] prospects of ultimate recovery," *The Richards Grp., Inc. v. Brock*, Civil Action No. 3:06-CV-0799-D, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008); *Iron Mountain Processing, LLC v. Fortis Metal Mgmt., LLC*, Case No. 3:24-cv-00952-BT, 2025 WL 2684331 (N.D. Tex. July 15, 2025) (citations omitted) ("Courts in the Northern District have found amendments to be important under the Rule 16(b) standard if they potentially provide additional grounds for a party to recover or directly affect a party's prospects of ultimate recovery." (quoting *Olague v. CoreCivic, Inc.*, No. 6:22-CV-070-H, 2024 WL 1197927, at *15 (N.D. Tex. Mar. 20, 2024))).

Here, the instant amendment to the Complaint is undeniably important, as it would allow Legacy to add claims against Groff as an additional defendant, who, based on Ching's purported defenses and responses to discovery, may be personally liable for the amounts owed under the Agreement. Indeed, Texas law is clear that "[w]hen an individual signs a contract without indicating that he is signing in a representative capacity, he is liable on the contract." *Wright Grp. Architects-Planners, PLLC v. Pierce*, 343 S.W.3d 196, 201 (Tex. App.—Dallas 2011, no pet.). The Northern District of Texas has expressly explained that:

> [I]t is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of the principal, to disclose not only the fact that he is acting in a representative capacity but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another.

*Cont'l Mach. Co., Inc. v. Korn*, No. 3:19-cv-769-L, 2020 WL 521092, at *5 (N.D. Tex. Jan. 16, 2020) (quoting *Playboy Enters., Inc. v. Sanchez-Campuzano*, CIVIL ACTION NO. M-01-226, 2010 WL 11458755, at *7 (S.D. Tex. Nov. 23 2010)). An individual who fails to make such disclosures will be held personally liable under the contract. *Wright Grp. Architects-Planners, PLLC*, 343 S.W.3d at 200. An agent who signs an agreement on behalf of a fictitious principal is likewise personally liable where he fails to disclose the true principal. *Cont'l Mach. Co., Inc.*, 2020 WL 521092, at *5.

Courts will look to the contract itself to determine whether agency was disclosed. *See Wright Grp. Architects-Planners, PLLC*, 343 S.W.3d at 200. "Where . . . the contract gives no indication that any agency exists or that the party is signing other than as a principal or with any qualifications, the agent is bound even though the other contracting party knows the identity of his principal." *Martin v. Xarin Real Estate, Inc.*, 703 F.2d 883, 891 (5th Cir. 1983).

In the Agreement at issue here, there is absolutely no indication that Groff was signing in a representative capacity on behalf of H3—indeed, H3 is not mentioned in the Agreement even a single time. In fact, the only customer mentioned is Ching himself. The plain terms of the Agreement therefore showed that Groff was signing as ***Ching's*** agent, not H3's. Yet discovery has now revealed that, according to Ching, Groff purported to sign on H3's behalf but did not disclose this agency to Legacy in the Agreement. As a result, adding counts against Groff opens up an alternative avenue for Legacy's potential recovery, and if Legacy's claims against Ching ultimately fail, it may still be able to succeed on its claims against Groff. *See The Richards Grp., Inc.*, 2008 WL 1722250, at *2 (finding a proposed amendment important because "[i]f TRG fails

9

on its original alter ego claim—that Brock is the alter ego of Brock Music—TRG can still prevail on its additional alter ego claim—that BMPI is the alter ego of Brock Music—and thus collect on its arbitration award against Brock Music from BMPI").

Finally, with respect to the third and fourth factors, neither Ching nor Groff will suffer any prejudice in allowing for this amendment because fact discovery is still ongoing. Although the deadline to amend has already passed, the parties do not need to designate experts until March 16, 2026, discovery is not set to close until June 12, 2026, dispositive motions are not due until July 13, 2026, and trial is first scheduled for November 9, 2026. Based upon the current status of discovery, it does not appear that the discovery deadlines will be heavily impacted by this amendment and, even if they are, any resulting prejudice can be cured by a modest extension. *See Davis*, 2023 WL 5193473, at *2 (citing *Bennett*, 2023 WL 3136412, at *1) (finding that prejudice could be cured by an extension of the relevant deadlines). In fact, the parties have already contemplated seeking a modest extension of the deadlines to accommodate Ching's counsel, whose schedule prevents arranging Ching's deposition before April. Altobelli Decl. at ¶¶ 14-15.

Legacy has therefore plainly satisfied all of the factors under Rule 16(b)(4) and has shown good cause to revise the scheduling order to allow it to file a First Amended Complaint.

## C.    Legacy Is Also Entitled to Amend the Complaint Under Rule 15(a)(2)'s Liberal Standard.

There is also no substantial reason to justify denial of Legacy's Motion under Rule 15(a)(2). The first factor under the Rule, undue delay, leans in favor of permitting an amendment, because, as discussed above, Legacy has filed the instant Motion at the earliest possible moment in response to information only recently obtained during the course of discovery. Second, Legacy is not acting in bad faith or with any dilatory motive, and solely seeks to add Groff based on new information learned in discovery that bears on his personal liability under the Agreement. Under the third factor, Legacy has not previously moved to amend the pleading, nor have there been

repeated attempts to cure any alleged deficiencies in the Complaint. The fourth factor, undue prejudice, similarly militates in favor of granting leave to amend because, as explained above, any potential prejudice that could result from allowing a First Amended Complaint to be filed now can be mitigated by a moderate extension of the discovery deadlines.

Finally, under the fifth factor, Legacy's amendment is by no means futile. Courts in this jurisdiction generally find amendments futile if they would be unable to survive a motion to dismiss under Rule 12(b)(6). *Stripling*, 234 F.3d at 873 ("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted"). Here, however, Legacy's claims are properly pleaded, and there can be no genuine assertion that it has failed to establish any of the required elements or otherwise wrongly adds Groff as a defendant in his individual capacity. As demonstrated above, Ching now claims that Groff was not his agent but was instead only authorized to sign the Agreement on behalf of H3. As Groff did not disclose that agency anywhere in the Agreement, he may be personally liable under Texas law for the amounts owed to Legacy thereunder. *See, e.g.*, *Wright Grp. Architects-Planners, PLLC*, 343 S.W.3d at 200-01. Finally, the statute of limitations has not lapsed on any of Legacy's claims against Groff and they are therefore timely. *See* Tex. Bus. & Com. Code § 2.725(a) (four-year statute of limitations for breach of contract for the sale of goods); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (four-year statute of limitations for quantum meruit); *Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 836 (Tex. App.—Dallas 2011, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 16.051) (four-year statute of limitations for promissory estoppel); *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007) (two-year statute of limitations for unjust enrichment).

Groff's addition to the Complaint is also plainly permitted under Rule 20, which allows joinder of defendants if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When joining defendants to the operative pleading under this Rule, courts must also assess whether their addition to the case would defeat diversity jurisdiction. *See C.A.D.E. Contracting, LLC v. SFT Sols., LLC*, No. 4:24-cv-00117-P, 2024 WL 5673333, at *1 (N.D. Tex. May, 8 2024).

Here, Legacy asserts its breach of contract and equitable claims against Groff in the alternative, in the event that the Court or ultimate factfinder determines that Groff was not acting as Ching's agent in executing the Agreement and is responsible for the amounts owed thereunder. The same questions of law and fact are therefore common to both Ching and Groff. Their ultimate liability is subject to the same question: whether Groff was signing in a representative capacity for Ching or for another, undisclosed principle. They are also both being sued for breach of the same Agreement and for failure to pay the same amounts owed, and Legacy literally brings identical claims against both Ching and Groff. Moreover, since Groff is an Arizona resident, his addition to the complaint will not destroy diversity jurisdiction, and since the claims against him arise out of the same set of facts and circumstances as, and are virtually identical to, the claims against Ching, the Court will retain subject matter jurisdiction over the case.[4] There can therefore be no doubt that Groff's addition to the operative pleading is proper.

---

[4] Nor can Groff seriously challenge personal jurisdiction under Fed. R. Civ. P. 12(b)(2) in light of the Court's prior ruling denying Ching's Motion to Dismiss. *See* Nov. 20, 2025 Order (ECF 18). While there may currently be a question of fact and law as to the true customer under the Agreement and who is responsible for payments under the same—Ching or Groff—the fact remains that the customer entered into a substantial business arrangement with Legacy, agreed that Texas law would govern the Agreement, placed at least 28 seperate orders, which were fulfilled in Texas, for products totaling over $4,147,972.2, and then failed to remit payment for $3,313,798.60 worth of product, and, as a result, has established sufficient

## CONCLUSION

For the foregoing reasons, Legacy respectfully requests the Court grant its Motion for Leave to file a First Amended Complaint.

Date: February 20, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Megan A. Altobelli*
Audrey F. Momanaee
Federal Bar No. 724132
Texas Bar No. 24055993
Gregory J. Moore (*pro hac vice*)
Texas Bar No. 24055999
717 Texas Avenue, Suite 1400
Houston, TX 77002
(713) 632-8613
Audrey.Momanaee@BlankRome.com
Gregory.Moore@BlankRome.com

-and-

Megan A. Altobelli (local counsel)
Texas Bar No. 24107116
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

---

minimum contacts with the state of Texas. *Id.* at 4-7. Legacy's claims likewise arise out of the customer's contacts with the forum state as "[t]he only reason this case is before the Court is because [the customer] contacted Plaintiff in Texas to purchase products and has subsequently refused to pay for those products." *Id.* at 7. And the exercise of jurisdiction would not be unfair as Texas has an interest in protecting its companies from non-payment. *Id.* at 8. Venue is likewise proper in the Northern District of Texas, as the facts giving rise to the claims against Groff occurred in Tarrant County.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 20, 2026, true and correct copies of the foregoing Brief in Support of Motion for Leave to File Amended Complaint was electronically served upon all counsel of record via the Court's CM/ECF system in accordance with Fed. R. Civ. P. 5(b)(2).

*/s/ Megan A. Altobelli*
MEGAN A. ALTOBELLI
