**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:25-CV-00874-O** |
| | § | |
| **CARLOS CHING D/B/A H3 MEDICAL** | § | |
| **CLINIC, LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

**BLANK ROME LLP**

Audrey F. Momanaee
Federal Bar No. 724132
Texas Bar No. 24055993
Gregory J. Moore (*pro hac vice*)
Texas Bar No. 24055999
717 Texas Avenue, Suite 1400
Houston, TX 77002
(713) 632-8613
Audrey.Momanaee@BlankRome.com
Gregory.Moore@BlankRome.com

-and-

Megan A. Altobelli (local counsel)
Texas Bar No. 24107116
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **Case No. 4:25-CV-00874-O** |
| **CARLOS CHING D/B/A H3 MEDICAL CLINIC, LLC,** | § § § | |
| **Defendant.** | § § § | |

**APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

| EX. | DESCRIPTION | PAGES |
|---|---|---|
| 1 | Proposed First Amended Complaint | App. 001 – 022 |
| 2 | Redline | App. 023 – 039 |
| 3 | Ching's Objections and Responses to Plaintiff's First Requests for Admission dated December 15, 2025 | App. 040 – 046 |
| 4 | Ching's Objections and Responses to Plaintiff's First Set of Interrogatories dated December 15, 2025 | App. 047 – 055 |
| 5 | Deficiency letter dated January 5, 2026 | App. 056 – 062 |
| 6 | Ching's First Amended Objections and Responses to Plaintiff's First Set of Interrogatories dated January 23, 2026 | App. 063 – 072 |
| 7 | Declaration of Megan Altobelli | App. 073 – 079 |

2

Date: February 20, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Megan A. Altobelli*
Audrey F. Momanaee
Federal Bar No. 724132
Texas Bar No. 24055993
Gregory J. Moore (*pro hac vice*)
Texas Bar No. 24055999
717 Texas Avenue,
Suite 1400
Houston, TX 77002
713.632.8613
Audrey.Momanaee@BlankRome.com
Gregory.Moore@BlankRome.com

-and-

Megan A. Altobelli (local counsel)
Texas Bar No. 24107116
200 Crescent Court, #1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2026, true and correct copies of the foregoing Appendix was electronically served upon all counsel of record via the Court's CM/ECF system in accordance with Fed. R. Civ. P. 5(b)(2).

*/s/ Megan A. Altobelli*
MEGAN A. ALTOBELLI

3

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-CV-00874-O |
| CARLOS CHING D/B/A H3 MEDICAL CLINIC, LLC AND JOHN GROFF, | § § § § | |
| Defendants. | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Legacy Medical Consultants, LP ("Legacy"), by and through its undersigned attorneys, files this First Amended Complaint against Defendants Carlos Ching ("Mr. Ching") doing business as H3 Medical Clinic, LLC ("H3") and John Groff ("Mr. Groff") and alleges as follows:

**NATURE OF THE ACTION**

1. This Petition arises out of Mr. Ching and/or Mr. Groff's breach of contract by failing to pay over $3,313,798.60 for products they purchased from Legacy. As alleged in greater detail below, the parties entered into an Agreement, under which Legacy agreed to sell, and Mr. Ching and/or Mr. Groff agreed to buy, certain human tissue products to use in treatment of patients as determined to be medically necessary by a medical provider. A true and correct copy of the Agreement is attached as **Exhibit A**, November 7, 2023 Impax Purchase Agreement. The Agreement specified that Mr. Ching and/or Mr. Groff were required to provide payment for any and all human tissue products ordered within sixty (60) days of product shipment. **Ex. A** at ¶ 6. Yet after executing the Agreement, Mr. Ching and/or Mr. Groff began missing payments. To date, and despite Legacy's continued requests and reminders for them to remit all outstanding payments,

1

Mr. Ching and/or Mr. Groff have refused to make at least twenty-eight (28) payments on invoices and still owe at least $3,313,798.60. Legacy brings the following action to collect these overdue amounts.

## PARTIES

2.     Plaintiff Legacy Medical Consultants, LP is a Texas Limited Partnership, with its principal place of business located at 9800 Hillwood Parkway #320, Fort Worth, TX 76177.

3.      Upon information and belief, Defendant Mr. Ching is an individual with a principal place of residence in Arizona. At all relevant times, Mr. Ching was a licensed nurse practitioner.

4.     At all relevant times, Mr. Ching was doing business as H3 Medical Clinic, LLC ("H3"), which is an Arizona LLC and maintains a principal place of business in Arizona.

5.     Upon information and belief, Defendant Mr. Groff is an individual with a principal place of residence in Laveen, Arizona. He may be served at his residence, 3933 W Thurman Dr., Laveen, AZ 85339-1232, or wherever he may be found.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this suit under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     This Court has personal and/or specific jurisdiction over Mr. Ching and/or Mr. Groff, who are non-resident Defendants, because they contracted with Legacy, an entity they knew to be a Texas resident. The contract was performable and has been performed in part in the State of Texas, in that Mr. Ching and/or Mr. Groff engaged in repeated transactions with Legacy under the contract, made payments to Legacy's Texas bank account, accepted products shipped from Legacy in Texas, and agreed to Texas law governing the Agreement.

2

8.    Venue for this action is appropriate and permissive in the United States District Court for the Northern District of Texas under 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the claims occurred in Tarrant County, Texas, which is located in this Judicial District.

9.    The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

## FACTUAL ALLEGATIONS

**I.    Plaintiff Legacy Medical Consultants**

10.    Legacy Medical Consultants is an integrated marketer of proprietary regenerative biomaterial products processed from human amniotic membrane and other birth tissues. Among other things, Legacy markets amniotic tissue grafts, which are intended to assist in the treatment of patients as determined to be medically necessary by a medical provider. Legacy markets its products to doctors all over the county.

11.    Before purchasing human tissue products from Legacy, healthcare providers fill out a customer onboarding document, which sets out the provider's address, practice name, contact information, and billing information.

12.    Healthcare providers also execute a purchase agreement with Legacy. The purchase agreement sets out the terms of the purchase and sale and dictates the procedures that customers must follow to place orders for human tissue products, keep track of human tissue products administered to patients, and provide payment for any human tissue products purchased, among other things.

**II.    The Agreement with Mr. Ching and/or Mr. Groff**

13.    On or about November 7, 2023, Mr. Ching entered into a Purchase Agreement with Legacy in connection with the purchase of one of Legay's products, Impax Amniotic Allograft ("Impax"). *See* **Ex. A**.

3

**App. 004**

14.    The Agreement identifies Mr. Ching as the "Customer." *See* **Ex. A**.

15.    Mr. Groff signed the Agreement on the line seeking "Customer Signature." *Id.*

16.    The Agreement does not identify any other entity or individual, including H3, other than Mr. Groff and Mr. Ching as "Customers."

17.    Mr. Ching also named Mr. Groff as his point of contact in his onboarding document, Mr. Groff communicated with Legacy on Mr. Ching's behalf, and, on at least one occasion, Mr. Groff informed Legacy that Mr. Ching was responsible for paying invoices.

18.    However, discovery has since revealed that, according to Mr. Ching, Mr. Groff did not have authority to execute the Agreement on his behalf and was actually signing the Agreement in a representative capacity on behalf of H3.

19.    This agency relationship was not disclosed to Legacy in the Agreement, nor does H3 appear anywhere in the Agreement itself.

20.    Per the terms of the Agreement, Legacy agreed to sell, and Mr. Ching and/or Mr. Groff agreed to purchase, human cell and tissue products to administer to patients as medically necessary.

21.    After Mr. Ching and/or Mr. Groff submitted order forms for human tissue product, Legacy generated an order statement reflecting the terms of the purchase and identifying the products to be shipped. This practice continued for all of Mr. Ching and/or Mr. Groff's orders.

22.    Legacy would then promptly pack and ship the products identified on the order statement for delivery using second-day delivery.

23.    Legacy would also provide the shipment's delivery status information to Mr. Ching and/or Mr. Groff.

4

24.    On the day products were shipped, Legacy would send Mr. Ching and/or Mr. Groff an invoice per order via email to Logan.Walker@H3MedicalClinic.com, which contact was provided by Mr. Ching and/or Mr. Groff in the Customer Onboarding Document.

25.    At the end of each month, Legacy would deliver to Mr. Ching and/or Mr. Groff an email at the above address with a summary PDF document containing all of the prior month's invoices, which reflected all amounts Mr. Ching and/or Mr. Groff owed Legacy for products ordered in the preceding month.

26.    Mr. Ching and/or Mr. Groff were bound to make payment to Legacy in the amount specified on the monthly invoice for all human tissue products received.

27.    Specifically, Paragraph 6 of the Agreement states: "Customer agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment." *See* **Ex. A** at ¶ 6.

### III.    Mr. Ching and/or Mr. Groff Fail to Pay Legacy at Least $3,313,798.60 That Is Owed

28.    Despite the plain language of the Agreement, Mr. Ching and/or Mr. Groff have failed to make numerous payments owed to Legacy for human tissue products received.

29.    At present, Mr. Ching and/or Mr. Groff owe Legacy a total of at least $3,313,798.60 for human tissue products.

30.    More specifically, and as the chart below illustrates, since January 29, 2024, Mr. Ching and/or Mr. Groff have failed to make at least twenty-eight (28) payments to Legacy for human tissue product, including but not limited to:

**App. 006**

| Invoice No. | Invoice Date | Invoiced Amount | Balance/Amount Outstanding | Status |
|---|---|---|---|---|
| 61213 | 01/29/2024 | $202,340.16 | $17,340.16 | OVERDUE |
| 61211 | 01/29/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62049 | 02/05/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62048 | 02/05/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 62047 | 02/05/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62853 | 02/09/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62852 | 02/09/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 62851 | 02/09/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62850 | 02/09/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 63790 | 02/19/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 63789 | 02/19/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 63788 | 02/19/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 63787 | 02/19/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 64706 | 02/26/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 64705 | 02/26/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 64704 | 02/26/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 65515 | 03/04/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 65514 | 03/04/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 65513 | 03/04/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 66180 | 03/11/2024 | $179,857.92 | $179,857.92 | OVERDUE |
| 66179 | 03/11/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 66552 | 03/12/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67201 | 03/18/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67200 | 03/18/2024 | $179,857.92 | $179,857.92 | OVERDUE |
| 67370 | 03/20/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67915 | 03/25/2024 | $44,964.48 | $44,964.48 | OVERDUE |
| 67914 | 03/25/2024 | $22,482.24 | $22,482.24 | OVERDUE |
| 67913 | 03/25/2024 | $179,857.92 | $179,857.92 | OVERDUE |

31.    Legacy promptly informed Mr. Ching and/or Mr. Groff that these payments were past due and demanded reimbursement of all amounts owed. Legacy contacted Mr. Ching and/or Mr. Groff about these overdue payments multiple times, including, but not limited to, on or about May 1, 2024, June 3, 2024, and February 7, 2025.

32.    Despite Legacy's efforts, Mr. Ching and/or Mr. Groff did not remit the requested payments.

33.     This directly conflicts with the plain language of the Agreement, which state that all payments for human tissue products must be made to Legacy within sixty (60) days of product shipment, **Ex. A** at ¶ 6.

34.     To date, Legacy has still not received the $3,313,798.60 that Mr. Ching and/or Mr. Groff owe under the Agreement.

## CONDITIONS PRECEDENT

35.     All conditions precedent to Legacy's claims for relief have been performed or have occurred.

## COUNT I
## BREACH OF CONTRACT
### (Against Defendant Carlos Ching)

36.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

37.     Mr. Ching entered into the Agreement with Legacy on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy.

38.     Mr. Ching identified Mr. Groff as his point of contact to Legacy and on at least one occasion, Mr. Groff informed Legacy that Mr. Ching was responsible for paying invoices. The Agreement also identifies Mr. Ching as the "Customer," and is signed by Mr. Groff who was acting as Mr. Ching's agent and executed the Agreement on his behalf.

39.     The Agreement is a valid and enforceable contract between Legacy and Mr. Ching.

40.     The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

41.     Legacy has fully performed each of its obligations under the terms of the Agreement by, among other things, generating and sending order statements to Mr. Ching upon receipt of any and all orders; packing and shipping human tissue products to Mr. Ching; and

7

generating and sending monthly invoices to Mr. Ching reflecting all amounts owed for the human tissue products he received.

42. Mr. Ching breached Paragraph 6 of the Agreement by failing to pay Legacy for the twenty-eight (28) invoices listed in Paragraph 30 above.

43. Mr. Ching's breach of contract has caused and will continue to cause substantial harm and injury to Legacy, including lost revenue in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT II**
**BREACH OF CONTRACT**
**(In the Alternative, Against Defendant John Groff)**

44. Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

45. This Count is pleaded in the alternative, should the Court or ultimate factfinder determine that the Agreement was actually executed by John Groff in his individual capacity.

46. Mr. Groff entered into the Agreement with Legacy by signing as the "Customer" on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy.

47. When Mr. Groff executed the Agreement, he did not disclose any agency relationship in the Agreement itself. As a result, under Texas law, the Agreement is a valid and enforceable contract between Legacy and Mr. Groff in his individual capacity, and Mr. Groff is personally responsible for all obligations and required payments thereunder.

48. The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

49. Legacy has fully performed each of its obligations under the terms of the Agreement by, among other things, generating and sending order statements to Mr. Groff upon

8

receipt of any and all orders; packing and shipping human tissue products to Mr. Groff; and generating and sending monthly invoices to Mr. Groff reflecting all amounts owed for the human tissue products he received.

50.    Mr. Groff breached Paragraph 6 of the Agreement by failing to pay Legacy for the twenty-eight (28) invoices listed in Paragraph 30 above.

51.    Mr. Groff's breach of contract has caused and will continue to cause substantial harm and injury to Legacy, including lost revenue in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT III**
**IN THE ALTERNATIVE, QUANTUM MERUIT**
**(Against Defendants Carlos Ching and, in the alternative, John Groff)**

52.    Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

53.    Legacy provided valuable goods and services to Mr. Ching and/or Mr. Groff by, among other things, packing and shipping the human tissue products that they ordered.

54.    Such goods and services were rendered at the specific request, and for the benefit, of Mr. Ching and/or Mr. Groff, with knowledge, consent, and acquiescence, and were accepted by Mr. Ching and/or Mr. Groff.

55.    Due to the significant cost and amount of human tissue products delivered, Mr. Ching and/or Mr. Groff understood that Legacy expected to be compensated therefor.

56.    Mr. Ching and/or Mr. Groff have failed to pay Legacy $3,313,798.60 in overdue payments for human tissue products delivered to them.

57.    Upon information and belief, Mr. Ching and/or Mr. Groff accepted, used, and benefited from the human tissue products by using them to treat patients.

9

58.     Legacy has made numerous demands for payment on Mr. Ching and/or Mr. Groff, including, but not limited to, on or about May 1, 2024, June 3, 2024, and February 7, 2025.

59.     Despite such demands, Mr. Ching and/or Mr. Groff have refused to pay Legacy for its products.

60.     As a result of Mr. Ching and/or Mr. Groff's refusal to pay Legacy for the value of the human tissue products and other services provided, Legacy has sustained substantial damages, included but not limited to damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT IV**
**IN THE ALTERNATIVE, PROMISSORY ESTOPPEL**
**(Against Defendants Carlos Ching and, in the alternative, John Groff)**

61.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

62.     On or about November 7, 2023, Mr. Ching and/or Mr. Groff made written promises to Legacy to pay for all human tissue products received.

63.     Due to the substantial expense and amount of the human tissue products Legacy agreed to send to Mr. Ching and/or Mr. Groff, they reasonably anticipated that Legacy would rely on their promise of payment.

64.     Legacy reasonably relied on Mr. Ching and/or Mr. Groff's promise of payment to its detriment by providing the human tissue products to Mr. Ching and/or Mr. Groff.

65.     As a result of Legacy's detrimental reliance on Mr. Ching and/or Mr. Groff's promise, Legacy has suffered actual and significant injury, including, but not limited to, damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

10

## COUNT V
## IN THE ALTERNATIVE, UNJUST ENRICHMENT
**(Against Defendants Carlos Ching and, in the alternative, John Groff)**

66.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

67.     Legacy, at its own expense, provided several deliveries of human tissue products valued at least $3,313,798.60 to Mr. Ching and/or Mr. Groff. Legacy also packed and shipped the human tissue products to the location Mr. Ching and/or Mr. Groff provided Legacy and sent them several invoices for those products.

68.     Upon information and belief, Mr. Ching and/or Mr. Groff have been enriched by virtue of Legacy's providing them with the aforementioned human tissue products. Mr. Ching and/or Mr. Groff were able to use those products in treating patients and were reimbursed for those treatments.

69.     Mr. Ching and/or Mr. Groff have been unjustly enriched by inducing Legacy to rely on their promises of payment for the valuable goods and services that Legacy provided for Mr. Ching and/or Mr. Groff.

70.     As a result of Mr. Ching and/or Mr. Groff's acts and omissions, Legacy has suffered actual and significant injury, including, but not limited to, damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

## SUIT ON SWORN ACCOUNT

71.     Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

72.     Legacy provided goods to Mr. Ching and/or Mr. Groff under contract and founded on business dealings between the parties.

11

73.    Mr. Ching and/or Mr. Groff accepted said services and became bound to Legacy for the same.

74.    A record of the account and required affidavit is attached hereto as **Exhibit B** and is fully incorporated herein by reference.

75.    The account accurately sets forth the services Legacy provided to Mr. Ching and/or Mr. Groff, the dates of performance, and the costs of goods provided. The account represents a record of the transactions in issue and is similar to records Legacy systemically keeps in the ordinary course of business.

76.    After goods were provided, Mr. Ching and/or Mr. Groff failed to make any payments. No payments being made or offsets being proper, the principal balance due remains $3,313,798.60.

77.    This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. Legacy therefore seeks liquidated damages in the amount of at least $3,313,798.60 from Mr. Ching and/or Mr. Groff.

<u>**REQUEST FOR JURY TRIAL**</u>

78.    Legacy requests a jury trial on all issues so triable to a jury and will pay the appropriate fee.

<u>**CONCLUSION AND PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff Legacy Medical Consultants, LP asks that the Court issue a citation for Defendants Carlos Ching and John Groff to appear and answer, and that Plaintiff be awarded a judgment against Defendants as follows, and in addition to the foregoing relief sought in each cause of action above:

a.  Actual and out-of-pocket damages of at least $3,313,798.60, incurred as a result of Mr. Ching and/or Mr. Groff's breaches of the Agreement and other tortious conduct;

b.  Incidental damages, consequential damages, and exemplary damages in amounts to be determined at trial;

c.  Pre-judgment and post-judgment interest, in an amount to be determined at trial;

d.  Court costs, in an amount to be determined;

e.  Attorneys' fees and legal costs and expenses, in an amount to be determined and as permitted by law under TEX. CIV. PRAC. & REM. § 38.001; and

f.  All other relief to which Plaintiff is entitled, at law or in equity, and which this Court deems just and proper.

13

Date: February 20, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Megan A. Altobelli*
Audrey F. Momanaee
Federal Bar No. 724132
Texas Bar No. 24055993
Gregory J. Moore (*pro hac vice*)
Texas Bar No. 24055999
717 Texas Avenue,
Suite 1400
Houston, TX 77002
713.632.8613
Audrey.Momanaee@BlankRome.com
Gregory.Moore@BlankRome.com

-and-

Megan A. Altobelli (local counsel)
Texas Bar No. 24107116
200 Crescent Court, #1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

14

# EXHIBIT A



# Purchase Agreement

This Purchase Agreement (the "Agreement") is entered into as of this 07th day of November, 20 2023 (the "Effective Date") between Legacy Medical Consultants and

Provider Name: Carlos A. Ching

Office Address: 1520 West Sunrise Dr.

Phoenix, Arizona 85041

("Customer").

## Background

The Customer wishes to purchase, and Legacy Medical Consultants has agreed to sell to Customer human cell and tissue products, subject to the following terms.

Now, therefore, the parties agree as follows:

1. **Product Prices.** Product mean the human cell and tissue products offered by Legacy Medical Consultants as described in Schedule A, as such Schedule A may be modified from time to time. The Invoice Price for each Product is the price stated for that Product in Schedule A.

2. **Insurance Verification.** Customer agrees to utilize Legacy Medical Consultants' Insurance Verification Request form (IVR) prior to ordering and using Products.

3. **Order Fulfillment.** After Customer submits an IVR and receives confirmation of patient's benefits, the Customer places an order and Legacy Medical Consultants accepts the order and generates an Invoice, which will reflect that the Customer has agreed to purchase the Products identified on the Invoice and the terms of the purchase. Legacy Medical Consultants shall, on Customer's behalf, promptly pack and ship the Products identified on the Invoice for delivery to the Customer using second-day delivery. Legacy Medical Consultants shall provide delivery status information from the carrier to the Customer for shipment.

4. **Product Usage.** After receiving Product(s), Customer will treat the patient as medically necessary. Customer and Legacy Medical Consultants acknowledge that use of any Product is at the sole discretion of the treating provider, pursuant to his or her professional medical judgement.

5. **Purchase Price.** See Schedule A

6. **Invoices & Payment.** Legacy Medical Consultants will develop and deliver an Invoice to Customer that identifies the Products ordered are shipped.  Customer agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment. Customer will access Invoices and make payments through the LMC Payments Portal (**https://app02.us.bill.com/p/legacymedicalconsultants**). Customer will input their banking and credit card information in the LMC Payments Portal.

7. **Miscellaneous.** This Agreement contains the entire agreement between the Parties concerning the subject matter hereof and is governed by Texas law. This agreement may be amended or modified only by a written agreement signed by both parties.

**App. 017**



# Purchase Agreement

Executed as of the Effective Date.

Legacy Medical Consultants

Staff Signature: _Amy Bolling_

Signer Name: Amy Bolling
Signing Reason: I approve this document
Signing Time: 11/8/2023 | 7:13:27 AM PST

231F56318E614C4FB266F565CEF63205

Staff Name (printed): Amy Bolling

Customer

Customer Signature: _John Groff_

Signer Name: John Groff
Signing Reason: I approve this document
Signing Time: 11/7/2023 | 12:42:45 PM PST

05210AB5BEB84094A305570E27B10392

Customer Name (printed): John Groff

**App. 018**



# Schedule A
## Effective 10/1/2023

**Legacy Medical Consultants, LP -- Products and Prices**

| | Part Number | Description | Invoice Price |
|---|---|---|---|
| **IMPAX MEMBRANE** | IMP-0202 | Impax 2x2cm (Q4262) | $2,415.17 |
| | IMP-0203 | Impax 2x3cm (Q4262) | $3,622.75 |
| | IMP-0404 | Impax 4x4cm (Q4262) | $9,660.67 |
| | IMP-0406 | Impax 4x6cm (Q4262) | $14,491.01 |
| | IMP-0408 | Impax 4x8cm (Q4262) | $19,321.34 |

**App. 019**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:25-CV-00874-O** |
| | § | |
| **CARLOS CHING D/B/A H3 MEDICAL** | § | |
| **CLINIC, LLC AND JOHN GROFF,** | § | |
| | § | |
| **Defendants.** | § | |

## AFFIDAVIT OF KIMBERLY R. BINI

Before me, the undersigned notary, on this day personally appeared Kimberly R. Bini, a person whose identity is known to me. After administration of the oath, upon his oath he said:

1. My name is Kimberly R. Bini. I am over the age of 18, am legally and mentally competent, and am capable of making this affidavit on behalf of Legacy Medical Consultants, LP. The facts stated in this affidavit are within my personal knowledge and are true and correct, to the best of my knowledge, information, and belief.

2. I am the duly authorized representative of Legacy Medical Consultants, LP ("Legacy"). I acquired personal knowledge of the facts set forth herein and in Legacy's Petition through my role as Director of Credit and Collections of Legacy and my review of the relevant invoices and payment records.

3. On or about November 7, 2023, Carlos Ching and/or John Groff ("Defendants") entered into an Agreement with Legacy.

4. Per the terms of the Agreement, Legacy agreed to sell, and Defendants agreed to purchase, human cell and tissue products for Defendants to administer to patients as medically necessary.

1

**App. 021**

5.      Defendants would submit an order form for human tissue product, Legacy would generate an order statement reflecting the terms of the purchase, and then the products were promptly packed and shipped for delivery.

6.      At the end of each month, Legacy sent an invoice to Defendants reflecting the products purchased in the previous month and the amounts owed.

7.      Under his Agreement with Legacy, Defendants made several orders. However, upon receipt of his invoices, Defendants have failed to pay their outstanding balance. Defendants have not paid the full amounts owed and are delinquent on the liquidated balance of $3,313,798.60.

8.      The liquidated balance on the Ching/Groff account is $3,313,798.60. These amounts are just and true, they are due, and all just and lawful offsets, payments, and credits have been allowed.



KIMBERLY R. BINI
Director, Credit and Collections
Legacy Medical Consultants, LP


SUBSCRIBED AND ACKNOWLEDGED BEFORE ME by Kimberly R. Bini on February 20, 2026, to certify which witness my hand and seal of office.

RUBY LEE HENRY
Notary ID #5849736
My Commission Expires
May 17, 2029

Notary Public in and for the State of Texas
My commission expires: 05/17/2029

2

# EXHIBIT 2

~~CAUSE NO. _____~~

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | ~~IN THE DISTRICT COURT OF~~ |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | ~~TARRANT COUNTY, TEXAS~~ |
| | § | |
| | § | |
| **CARLOS CHING D/B/A H3 MEDICAL CLINIC, LLC AND JOHN GROFF,** | § | |
| | § | |
| | § | |
| ~~Defendant~~Defendants. | | |

~~_____ JUDICIAL DISTRICT~~

**Case No. 4:25-CV-00874-O**

**PLAINTIFF'S ~~ORIGINAL PETITION~~FIRST AMENDED COMPLAINT**

Plaintiff Legacy Medical Consultants, LP ("Legacy"), by and through its undersigned attorneys, files this ~~original petition~~First Amended Complaint against ~~Defendant~~Defendants Carlos Ching ("Mr. Ching") doing business as H3 Medical Clinic, LLC ("H3") and John Groff ("Mr. Groff") and alleges as follows:

**NATURE OF THE ACTION**

1. This Petition arises out of Mr. ~~Ching's~~Ching and/or Mr. Groff's breach of contract by failing to pay over $3,313,798.60 for products ~~he~~they purchased from Legacy. As alleged in greater detail below, the parties entered into an Agreement, under which Legacy agreed to sell, and Mr. Ching and/or Mr. Groff agreed to buy, certain human tissue products ~~used~~ to ~~assist~~use in

**App. 024**

Page **2** of **16**

the treatment of ~~chronic, non-healing wounds~~patients as determined to be medically necessary by a medical provider. A true and correct copy of the Agreement is attached as **Exhibit A**, November 7, 2023 Impax Purchase Agreement. The Agreement specified that Mr. Ching ~~was~~and/or Mr. Groff were required to provide payment for any and all human tissue products ordered within sixty (60) days of product shipment. **Ex. A** at ¶ 6. Yet after executing the Agreement, Mr. Ching and/or Mr. Groff began missing payments. To date, and despite Legacy's continued requests and reminders for ~~him~~them to remit all outstanding payments, Mr. Ching ~~has~~and/or Mr. Groff have refused to make at least twenty-eight (28) payments on invoices and still ~~owes~~owe at least $3,313,798.60. Legacy brings the following action to collect these overdue amounts.

~~**DISCOVERY CONTROL PLAN**~~

~~2.    Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 or eligible for discovery under Level 1 because Plaintiff seeks both monetary relief and equitable relief.~~

~~**RELIEF**~~

~~3.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks equitable remedies as well as monetary relief as set forth herein, with the total monetary relief, upon information and belief, equaling over $1,000,000, excluding interests.~~

**PARTIES**

~~4.~~2.    Plaintiff Legacy Medical Consultants, LP is a Texas Limited Partnership, with its principal place of business located at 9800 Hillwood Parkway #320, Fort Worth, TX 76177.

~~5.~~3.    Upon information and belief, Defendant Mr. Ching is an individual with a principal place of residence in Arizona. At all relevant times, Mr. Ching was a licensed nurse practitioner.

PLAINTIFF'S ORIGINAL PETITION

**App. 025**

Page **3** of **16**

6.4.    At all relevant times, Mr. Ching was doing business as H3 Medical Clinic, LLC ("H3"), which is an Arizona LLC and maintains a principal place of business in Arizona.

5.    Upon information and belief, Defendant Mr. Groff is an individual with a principal place of residence in Laveen, Arizona. He may be served at his residence, 3933 W Thurman Dr., Laveen, AZ 85339-1232, or wherever he may be found.

## JURISDICTION AND VENUE

7.6.    This Court has subject matter jurisdiction over this suit under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and the amount in controversy (at least to the extent relief sought is susceptible to quantification and remedy as legal damages), excludingexceeds $75,000, exclusive of interest, exceeds this Court's minimum jurisdictional requirements. *See* TEX. CONST. art. 5, § 8; TEX. GOV'T CODE ANN. § 24.007(b). and costs.

8.7.    This Court has personal and/or specific jurisdiction over Mr. Ching and/or Mr. Groff, who is aare non-resident DefendantDefendants, because hethey contracted with Legacy, an entity hethey knew to be a Texas resident. The contract was performable and has been performed in part in the State of Texas, in that Mr. Ching and/or Mr. Groff engaged in repeated transactions with Legacy under the contract, made payments to Legacy's Texas bank account, accepted products shipped from Legacy in Texas, and agreed to Texas law governing the Agreement.

9.8.    Venue for this action is appropriate and permissive in Tarrant County, the United States District Court for the Northern District of Texas under Texas Civil Practice & Remedies Code section 15.03528 U.S.C. § 1391 because the contract was executed and performed by Legacyall or a substantial part of the events giving rise to the claims occurred in Tarrant County, Texas, which is Legacy's county of residencelocated in this Judicial District.

10.9.    The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

**PLAINTIFF'S ORIGINAL PETITION**

Page **4** of **16**

**FACTUAL ALLEGATIONS**

I.    **Plaintiff Legacy Medical Consultants**

~~11.~~10.  Legacy Medical Consultants is an integrated marketer of proprietary regenerative biomaterial products processed from human amniotic membrane and other birth tissues. Among other things, Legacy markets amniotic tissue grafts, which are intended to assist in the treatment of ~~external, chronic or non-healing wounds by providing coverage and protection.~~patients as determined to be medically necessary by a medical provider. Legacy markets its products to doctors all over the county.

~~12.~~11.  Before purchasing human tissue products from Legacy, healthcare providers fill out a customer onboarding document, which sets out the provider's address, practice name, contact information, and billing information.

~~13.~~12.  Healthcare providers also execute a purchase agreement with Legacy. The purchase agreement sets out the terms of the purchase and sale and dictates the procedures that customers must follow to place orders for human tissue products, keep track of human tissue products administered to patients, and provide payment for any human tissue products purchased, among other things.

II.    **The Agreement with Mr. Ching and/or Mr. Groff**

~~14.~~13.  On or about November 7, 2023, Mr. Ching,~~ then doing business as H3,~~ entered into a Purchase Agreement with Legacy in connection with the purchase of one of Legay's products, Impax Amniotic Allograft ("Impax"). *See* **Ex. A**.

~~15.~~14.  The Agreement identifies Mr. Ching as the ~~customer.~~"Customer." *See* **Ex. A**.

15.     Mr. Groff signed the Agreement on the line seeking "Customer Signature." *Id.*

16.     The Agreement does not identify any other entity or individual, including H3, other than Mr. Groff and Mr. Ching as "Customers."

**PLAINTIFF'S ORIGINAL PETITION**

Page **5** of **16**

17.     Mr. Ching also named Mr. Groff as his point of contact in his onboarding document, Mr. Groff communicated with Legacy on Mr. Ching's behalf, and, on at least one occasion, Mr. Groff informed Legacy that Mr. Ching was responsible for paying invoices.

18.     However, discovery has since revealed that, according to Mr. Ching, Mr. Groff did not have authority to execute the Agreement on his behalf and was actually signing the Agreement in a representative capacity on behalf of H3.

19.     This agency relationship was not disclosed to Legacy in the Agreement, nor does H3 appear anywhere in the Agreement itself.

16.20.  Per the terms of the Agreement, Legacy agreed to sell, and Mr. Ching and/or Mr. Groff agreed to purchase, human cell and tissue products to administer to patients as medically necessary.

17.21.  After Mr. Ching and/or Mr. Groff submitted his order forms for human tissue product, Legacy generated an order statement reflecting the terms of the purchase and identifying the products to be shipped. This practice continued for all of Mr. Ching'sChing and/or Mr. Groff's orders.

18.22.  Legacy would then promptly pack and ship the products identified on the order statement for delivery using second-day delivery.

19.23.  Legacy would also provide the shipment's delivery status information to Mr. Ching and/or Mr. Groff.

20.24.  On the day products were shipped, Legacy would send Mr. Ching and/or Mr. Groff an invoice per order via email to Logan.Walker@H3MedicalClinic.com, which contact was provided by Mr. Ching and/or Mr. Groff in histhe Customer Onboarding Document.

**PLAINTIFF'S ORIGINAL PETITION**

Page **6** of **16**

21.25. At the end of each month, Legacy would deliver to Mr. Ching and/or Mr. Groff an email at the above address with a summary PDF document containing all of the prior month's invoices, which reflected all amounts Mr. Ching and/or Mr. Groff owed Legacy for products ordered in the preceding month.

22.26. Mr. Ching wasand/or Mr. Groff were bound to make payment to Legacy in the amount specified on the monthly invoice for all human tissue products received.

23.27. Specifically, Paragraph 6 of the Agreement states: "Customer agrees to pay Legacy Medical Consultants the balance due amount stated in each Invoice within sixty (60) days after product shipment." *See* **Ex. A** at ¶ 6.

III.    **Mr. Ching Failsand/or Mr. Groff Fail to Pay Legacy at Least $3,313,798.60 That Is Owed**

24.28. Despite the plain language of the Agreement, Mr. Ching hasand/or Mr. Groff have failed to make numerous payments owed to Legacy for human tissue products Mr. Ching received.

25.29. At present, Mr. Ching owesand/or Mr. Groff owe Legacy a total of at least $3,313,798.60 for human tissue products.

26.30. More specifically, and as the chart below illustrates, since January 29, 2024, Mr. Ching hasand/or Mr. Groff have failed to make at least twenty-eight (28) payments to Legacy for human tissue product, including but not limited to:

**PLAINTIFF'S ORIGINAL PETITION**

**App. 029**

Page **7** of **16**

| Invoice No. | Invoice Date | Invoiced Amount | Balance/Amount Outstanding | Status |
|---|---|---|---|---|
| 61213 | 01/29/2024 | $202,340.16 | $17,340.16 | OVERDUE |
| 61211 | 01/29/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62049 | 02/05/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62048 | 02/05/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 62047 | 02/05/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62853 | 02/09/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62852 | 02/09/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 62851 | 02/09/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 62850 | 02/09/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 63790 | 02/19/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 63789 | 02/19/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 63788 | 02/19/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 63787 | 02/19/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 64706 | 02/26/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 64705 | 02/26/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 64704 | 02/26/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 65515 | 03/04/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 65514 | 03/04/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 65513 | 03/04/2024 | $8,430.84 | $8,430.84 | OVERDUE |
| 66180 | 03/11/2024 | $179,857.92 | $179,857.92 | OVERDUE |
| 66179 | 03/11/2024 | $202,340.16 | $202,340.16 | OVERDUE |
| 66552 | 03/12/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67201 | 03/18/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67200 | 03/18/2024 | $179,857.92 | $179,857.92 | OVERDUE |
| 67370 | 03/20/2024 | $67,446.72 | $67,446.72 | OVERDUE |
| 67915 | 03/25/2024 | $44,964.48 | $44,964.48 | OVERDUE |
| 67914 | 03/25/2024 | $22,482.24 | $22,482.24 | OVERDUE |
| 67913 | 03/25/2024 | $179,857.92 | $179,857.92 | OVERDUE |

27.31. Legacy promptly informed Mr. Ching and/or Mr. Groff that these payments were past due and demanded reimbursement of all amounts owed. Legacy contacted Mr. Ching and/or Mr. Groff about these overdue payments multiple times, including, but not limited to, on or about May 1, 2024, June 3, 2024, and February 7, 2025.

28.32. Despite Legacy's efforts, Mr. Ching and/or Mr. Groff did not remit the requested payments.

**PLAINTIFF'S ORIGINAL PETITION**

App. 030

Page **8** of **16**

~~29.~~33.  This directly conflicts with the plain language of the Agreement, which state that all payments for human tissue products must be made to Legacy within sixty (60) days of product shipment, **Ex. A** at ¶ 6.

~~30.~~34.  To date, Legacy has still not received the $3,313,798.60 that Mr. Ching ~~owes~~and/or Mr. Groff owe under the Agreement.

**CONDITIONS PRECEDENT**

~~31.~~35.  All conditions precedent to Legacy's claims for relief have been performed or have occurred.

**COUNT I**
**BREACH OF CONTRACT**
**(Against Defendant Carlos Ching)**

~~32.~~36.  Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

~~33.~~37.  Mr. Ching entered into the Agreement with Legacy on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy.

38.　　Mr. Ching identified Mr. Groff as his point of contact to Legacy and on at least one occasion, Mr. Groff informed Legacy that Mr. Ching was responsible for paying invoices. The Agreement also identifies Mr. Ching as the "Customer," and is signed by Mr. Groff who was acting as Mr. Ching's agent and executed the Agreement on his behalf.

~~34.~~39.  The Agreement is a valid and enforceable contract between Legacy and Mr. Ching.

~~35.~~40.  The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

~~36.~~41.  Legacy has fully performed each of its obligations under the terms of the Agreement by, among other things, generating and sending order statements to Mr. Ching upon receipt of any and all orders; packing and shipping human tissue products to Mr. Ching; and

**Formatted:** Space After:  0 pt

**PLAINTIFF'S ORIGINAL PETITION**

Page **9** of **16**

generating and sending monthly invoices to Mr. Ching reflecting all amounts owed for the human tissue products he received.

~~37.~~42.  Mr. Ching breached Paragraph 6 of the Agreement by failing to pay Legacy for the twenty-eight (28) invoices listed in Paragraph ~~26~~30 above.

~~38.~~43.  Mr. Ching's breach of contract has caused and will continue to cause substantial harm and injury to Legacy, including lost revenue in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT II**
**BREACH OF CONTRACT**
**(In the Alternative, Against Defendant John Groff)**

44.    Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

45.    This Count is pleaded in the alternative, should the Court or ultimate factfinder determine that the Agreement was actually executed by John Groff in his individual capacity.

46.    Mr. Groff entered into the Agreement with Legacy by signing as the "Customer" on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy.

47.    When Mr. Groff executed the Agreement, he did not disclose any agency relationship in the Agreement itself. As a result, under Texas law, the Agreement is a valid and enforceable contract between Legacy and Mr. Groff in his individual capacity, and Mr. Groff is personally responsible for all obligations and required payments thereunder.

48.    The Agreement is governed by Texas law. *See* **Ex. A** at ¶ 7.

49.    Legacy has fully performed each of its obligations under the terms of the Agreement by, among other things, generating and sending order statements to Mr. Groff upon

**PLAINTIFF'S ORIGINAL PETITION**

Page **10** of **16**

receipt of any and all orders; packing and shipping human tissue products to Mr. Groff; and generating and sending monthly invoices to Mr. Groff reflecting all amounts owed for the human tissue products he received.

50.    Mr. Groff breached Paragraph 6 of the Agreement by failing to pay Legacy for the twenty-eight (28) invoices listed in Paragraph 30 above.

51.    Mr. Groff's breach of contract has caused and will continue to cause substantial harm and injury to Legacy, including lost revenue in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT III**
**IN THE ALTERNATIVE, ~~IN THE ALTERNATIVE,~~ QUANTUM MERUIT**
**(Against Defendants Carlos Ching and, in the alternative, John Groff)**

~~39.~~52.  Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

> **Formatted:** Font: Not Bold, No underline
>
> **Formatted:** Normal, Left
>
> **Formatted:** Font: 12 pt

~~40.~~53.  Legacy provided valuable goods and services to Mr. Ching and/or Mr. Groff by, among other things, packing and shipping ~~him~~ the human tissue products that ~~he~~they ordered.

~~41.~~54.  Such goods and services were rendered at the specific request, and for the benefit, of Mr. Ching and/or Mr. Groff, with knowledge, consent, and acquiescence, and were accepted by Mr. Ching and/or Mr. Groff.

~~42.~~55.  Due to the significant cost and amount of human tissue products delivered, Mr. Ching and/or Mr. Groff understood that Legacy expected to be compensated therefor.

~~43.~~56.  Mr. Ching ~~has~~and/or Mr. Groff have failed to pay Legacy $3,313,798.60 in overdue payments for human tissue products delivered to ~~him~~them.

~~44.~~57. Upon information and belief, Mr. Ching and/or Mr. Groff accepted, used, and benefited from the human tissue products by using them to treat ~~his~~ patients.

**PLAINTIFF'S ORIGINAL PETITION**

Page **11** of **16**

45.58.  Legacy has made numerous demands for payment on Mr. Ching and/or Mr. Groff, including, but not limited to, on or about May 1, 2024, June 3, 2024, and February 7, 2025.

46.59.  Despite such demands, Mr. Ching hasand/or Mr. Groff have refused to pay Legacy for its products.

47.60.  As a result of Mr. Ching'sChing and/or Mr. Groff's refusal to pay Legacy for the value of the human tissue products and other services provided, Legacy has sustained substantial damages, included but not limited to damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**COUNT IV**
**IN THE ALTERNATIVE, COUNT III**
**IN THE ALTERNATIVE, PROMISSORY ESTOPPEL**
**(Against Defendants Carlos Ching and, in the alternative, John Groff)**

48.61.  Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

49.62.  On or about November 7, 2023, Mr. Ching and/or Mr. Groff made written promises to Legacy to pay for all human tissue products he received.

50.63.  Due to the substantial expense and amount of the human tissue products Legacy agreed to send to Mr. Ching, he and/or Mr. Groff, they reasonably anticipated that Legacy would rely on histheir promise of payment.

51.64.  Legacy reasonably relied on Mr. Ching'sChing and/or Mr. Groff's promise of payment to its detriment by providing the human tissue products to Mr. Ching and/or Mr. Groff.

52.65.  As a result of Legacy's detrimental reliance on Mr. Ching'sChing and/or Mr. Groff's promise, Legacy has suffered actual and significant injury, including, but not limited to, damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

PLAINTIFF'S ORIGINAL PETITION

Page **12** of **16**

~~COUNT IV~~

~~IN THE ALTERNATIVE,~~

**COUNT V**
**IN THE ALTERNATIVE, UNJUST ENRICHMENT**
**(Against Defendants Carlos Ching and, in the alternative, John Groff)**

~~53.~~66.  Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

~~54.~~67.  Legacy, at its own expense, provided several deliveries of human tissue products valued at least $3,313,798.60 to Mr. Ching~~.~~ and/or Mr. Groff. Legacy also packed and shipped the human tissue products to the location Mr. Ching and/or Mr. Groff provided Legacy and sent ~~him~~them several invoices for those products.

~~55.~~68.  Upon information and belief, Mr. Ching ~~has~~and/or Mr. Groff have been enriched by virtue of Legacy's providing ~~it~~them with the aforementioned human tissue products. Mr. Ching ~~was~~and/or Mr. Groff were able to use those products in treating ~~his~~ patients and ~~was~~were reimbursed for those treatments.

~~56.~~69.  Mr. Ching ~~has~~and/or Mr. Groff have been unjustly enriched by inducing Legacy to rely on ~~his~~their promises of payment for the valuable goods and services that Legacy provided for Mr. Ching and/or Mr. Groff.

~~57.~~70.  As a result of Mr. ~~Ching's~~Ching and/or Mr. Groff's acts and omissions, Legacy has suffered actual and significant injury, including, but not limited to, damages in the amount of at least $3,313,798.60, and other damages in an amount to be determined at trial.

**SUIT ON SWORN ACCOUNT**

~~58.~~71.  Legacy repeats and re-alleges each and every allegation set forth above as if set forth at length herein.

**PLAINTIFF'S ORIGINAL PETITION**

**Formatted:** Font: Not Bold, No underline

**Formatted:** Normal

Page **13** of **16**

59.72.  Legacy provided goods to Mr. Ching and/or Mr. Groff under contract and founded on business dealings between the parties.

60.73.  Mr. Ching and/or Mr. Groff accepted said services and became bound to Legacy for the same.

61.74.  A record of the account and required affidavit is attached hereto as **Exhibit B** and is fully incorporated herein by reference.

62.75.  The account accurately sets forth the services Legacy provided to Mr. Ching, doing business as H3 and/or Mr. Groff, the dates of performance, and the costs of goods provided. The account represents a record of the transactions in issue and is similar to records Legacy systemically keeps in the ordinary course of business.

63.76.  After goods were provided, Mr. Ching and/or Mr. Groff failed to make any payments. No payments being made or offsets being proper, the principal balance due remains $3,313,798.60.

64.77.  This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. Legacy therefore seeks liquidated damages in the amount of at least $3,313,798.60 from Mr. Ching and/or Mr. Groff.

**REQUEST FOR JURY TRIAL**

65.78.  Legacy requests a jury trial on all issues so triable to a jury and will pay the appropriate fee.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Legacy Medical Consultants, LP asks that the Court issue a citation for DefendantDefendants Carlos Ching, doing business as H3 Medical Clinic, LLC, and John Groff to appear and answer, and that Plaintiff be awarded a judgment against

**PLAINTIFF'S ORIGINAL PETITION**

Page **14** of **16**

~~Defendant~~Defendants as follows, and in addition to the foregoing relief sought in each cause of action above:

a. Actual and out-of-pocket damages of at least $3,313,798.60, incurred as a result of Mr. ~~Ching's~~Ching and/or Mr. Groff's breaches of the Agreement and other tortious conduct;

b. Incidental damages, consequential damages, and exemplary damages in amounts to be determined at trial;

c. Pre-judgment and post-judgment interest, in an amount to be determined at trial;

d. Court costs, in an amount to be determined;

e. Attorneys' fees and legal costs and expenses, in an amount to be determined and as permitted by law under TEX. CIV. PRAC. & REM. § 38.001; and

f. All other relief to which Plaintiff is entitled, at law or in equity, and which this Court deems just and proper.

~~Dated:  June 30, 2025~~         Date: February 20, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Megan A. Altobelli*
Audrey F. Momanaee
Federal Bar No. 724132
Texas Bar No. 24055993
Gregory J. Moore
*(pro hac vice)*
~~Gregory J. Moore~~
Texas Bar No. 24055999
717 Texas Avenue,
Suite 1400
Houston, TX 77002
713.632.~~8657~~8613
~~Greg.Moore@@BlankRome.com~~

**PLAINTIFF'S ORIGINAL PETITION**

**App. 037**

Page **15** of **16**

Audrey.Momanaee@BlankRome.com
Gregory.Moore@BlankRome.com

-and-

Megan A. Altobelli (local counsel)
Texas Bar No. 24107116
200 Crescent Court, #1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

> **Formatted:** Indent: Left: 0", Right: 0", Widow/Orphan control, Keep with next, Keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**PLAINTIFF'S ORIGINAL PETITION**

## CERTIFICATE OF SERVICE

I certify that on June 30, 2025, I electronically filed Plaintiff's Original Petition and all Exhibits thereto with the Clerk of Court using the Court's CM/ECF system, and shall serve true and correct copies of the same on all parties in compliance with the Texas Rules of Civil Procedure.

/s/ Gregory J. Moore
GREGORY J. MOORE

**Formatted:** Font: Italic, Underline, Ligatures: Standard + Contextual

**Formatted:** Indent: Left:  3", First line:  0.5", Space After:  0 pt, Line spacing:  single, Keep with next, Keep lines together

**Formatted:** Body Text

Page **16** of **16**

App. 039

# EXHIBIT 3

App. 040

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-CV-00874-O |
| | § | |
| CARLOS CHING D/B/A H3 MEDICAL | § | |
| CLINIC, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSIONS**

In accordance with the Federal Rules of Civil Procedure, Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Ching") serves the following objections and responses to Plaintiff Legacy Medical Consultants, LP's ("Legacy") First Requests for Admissions, served on October 30, 2025:

**Objections to Definitions and Instructions**

Ching objects to Definition Nos. 1, 2, and 9-10 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

Ching objects to Instruction Nos. 3-8 and 11-12 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

**Responses and Objections to Requests for Admissions**

**Request for Admission No. 1**: Admit that, at all times relevant to the events described in the Complaint, Ching owned and/or operated a business known as H3 Medical Clinic, LLC.

**Response**: Admit.

**Request for Admission No. 2**: Admit that the Purchase Agreement dated November 7, 2023, attached to the Complaint as Exhibit A, is a true and correct copy of the Agreement between the parties.

---

Defendant's Responses and Objections to Plaintiff's Requests for Admissions          Page 1

**App. 041**

**Response**: Admit.

**Request for Admission No. 3:** Admit that the parties to the Agreement were Ching, doing business as H3, and Legacy.

**Response**: Deny.

**Request for Admission No. 4:** Admit that Ching ordered, or authorized the order of, the Legacy products corresponding to the invoices listed in Paragraph 26 of the Complaint (the "Invoices").

**Response**: Admit.

**Request for Admission No. 5:** Admit that each invoice identified in Paragraph 26 of the Complaint is a true and correct copy of a record kept by Legacy in the ordinary course of its business.

**Response**: Defendant is unaware of the records kept by Legacy and on that basis denies this request for admission.

**Request for Admission No. 6:** Admit that the Bill.com payment confirmations dated March 27, 2024; March 29, 2024; April 5, 2024; and April 11, 2024 are true and correct copies of payment notifications concerning Ching/H3's payments to Legacy generated by the payments portal referenced in the Agreement.

**Response**: Defendant does not believe he has been provided those Bill.com payment confirmations for reference and on that basis denies this request for admission.

**Request for Admission No. 7:** Admit that Ching and/or H3 used Legacy's Payments Portal (Bill.com) to access Invoices and remit payments.

**Response**: Admit.

**Request for Admission No. 8:** Admit that payments due under the Agreement were required to be remitted to Legacy's bank account located in Texas

**Response**: Deny.

**Request for Admission No. 9:** Admit that under the terms of the Agreement, Ching was required to pay for all human tissue products received within sixty (60) days after product shipment.

---

Defendant's Responses and Objections to Plaintiff's Requests for Admissions          Page 2

**Response**: Deny.

**Request for Admission No. 10:** Admit that Legacy sent periodic statements identifying the amounts due and owing for Legacy products purchased by Defendant.

**Response**: Admit as to products purchased by H3, but deny as to Ching.

**Request for Admission No. 11:** Admit that Defendant did not object in writing to the amounts stated in those invoices within 30 days of receipt.

**Response**: Admit.

**Request for Admission No. 12:** Admit that the principal balance of $3,313,798.60 remains unpaid.

**Response**: Deny.

**Request for Admission No. 13:** Admit that the Agreement does not condition Defendant's payment obligations on reimbursement from any insurer.

**Response**: Deny.

**Request for Admission No. 14:** Admit that Defendant did not obtain written agreement from Legacy to defer payment until insurance reimbursement.

**Response**: Deny at this time.

**Request for Admission No. 15:** Admit that neither Ching nor H3 ever entered into any agreement entitled a Rebate Fulfillment Agreement with Legacy.

**Response**: Admit.

**Request for Admission No. 16:** Admit that neither Ching nor H3 ever entered into any agreement with Legacy that allowed for the application of rebates to the total amount owed for products purchased from Legacy and that no written agreement exists authorizing application of rebates to reduce the amounts due on the Invoices.

**Response**: Deny.

---

Defendant's Responses and Objections to Plaintiff's Requests for Admissions          Page 3

**Request for Admission No. 17:** Admit that Ching received all invoices reflected in Paragraph 26 of the Complaint.

**Response**: Admit.

**Request for Admission No. 18:** Admit that the invoices reflected in Paragraph 26 of the Complaint correspond to, and truly and accurately represent, the products ordered by Ching.

**Response**: Admit as to products purchased by H3, but deny as to Ching.

**Request for Admission No. 19:** Admit that Ching has not paid Legacy for each of the invoices listed in Paragraph 26 of the Complaint.

**Response**: Admit.

**Request for Admission No. 20:** Admit that Legacy made a demand for payment on or about February 7, 2025.

**Response**: Admit.

**Request for Admission No. 21:** Admit that Ching received Legacy's demand for payment.

**Response**: Admit.

**Request for Admission No. 22:** Admit that Ching has not paid any monies in response to the February 7, 2025 demand letter.

**Response**: Admit.

**Request for Admission No. 23:** Admit that Defendant (or H3) returned Legacy products by shipping them to Fort Worth, Texas.

**Response**: Admit.

**Request for Admission No. 24:** Admit that payments to Legacy were remitted to a bank account located in Texas.

---

Defendant's Responses and Objections to Plaintiff's Requests for Admissions          Page 4

**App. 044**

**Response**: Defendant lacks knowledge or information sufficient to admit or deny.

**Request for Admission No. 25:** Admit that John Groff and/or Logan Walker acted on behalf of Ching or H3 in ordering, receiving, and returning products, and/or addressing invoicing or payments with Legacy.

**Response**: Admit as to their acts on behalf of H3, but deny that those individuals were authorized to act on behalf of Ching individually.

**Request for Admission No. 26:** Admit that Defendant communicated by email and telephone with Legacy personnel located in Fort Worth, Texas, concerning orders, shipments, and invoices.

**Response**: Admit.

**Request for Admission No. 27:** Admit that the Agreement contains a provision selecting Texas law as the governing law.

**Response**: Admit.

Respectfully submitted,

 /s/ Derek Carson
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, the foregoing was served on all counsel of record via email, in accordance with Federal Rule of Civil Procedure 5.

_/s/ Derek Carson_
Derek Carson

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEGACY MEDICAL CONSULTANTS, LP, §
§
Plaintiff, §
§
v. §          Case No. 4:25-CV-00874-O
§
CARLOS CHING D/B/A H3 MEDICAL §
CLINIC, LLC, §
§
Defendant. §

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with the Federal Rules of Civil Procedure, Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Ching" or "Defendant") serves the following objections and responses to Plaintiff Legacy Medical Consultants, LP's ("Legacy") First Set of Interrogatories, served on October 30, 2025:

### Objections to Definitions and Instructions

Ching objects to Definition Nos. 1, 2, and 9-10 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

Ching objects to Instruction Nos. 3-8 and 11-12 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

### Responses and Objections to Interrogatories

**Interrogatory No. 1**: Identify all individuals who assisted in preparing the responses to these Interrogatories, stating for each the person's name, title/role, and employer.

**Answer**: Carlos Ching, with the assistance of counsel.

---

Defendant's Responses and Objections to Plaintiff's Interrogatories          Page 1

**App. 048**

**Interrogatory No. 2**: Identify all individuals employed and/or contracted by Ching or H3 who communicated with Legacy about any matter, including, but not limited to, the Agreement and Legacy's products, stating each person's name, title/role, employer/engagement, last-known contact information (email(s) and phone), the date ranges of Communications, and the Communication mediums used (e.g., email domains, messaging apps, phone, Bill.com).

**Answer**:

- Logan Walker, Biller, Independent Contractor, (928) 201-6554, loganwal92@gmail.com

- John Groff, Business Development, Independent Contractor, (602) 723-2126, john@akron.cc

**Interrogatory No. 3**: Identify all payments You made to Legacy, stating for each the dates of payment, payment amounts, the invoice number corresponding to each payment, the method of payment, and the Bill.com or portal confirmation numbers.

**Answer**: Will supplement.

**Interrogatory No. 4**: Identify all payments You made to any other third party for Legacy products, stating for each the name of the third party and Your relationship to them, the dates of payment, the payment amount, the invoice number, the method of payment, and the corresponding bill.

**Answer**: None.

**Interrogatory No. 5**: Identify all claims for reimbursement submitted to any insurer for any Legacy products, stating for each the insurer/payor, patient initials, date(s) of Service, claim number, claim submission date, amount billed, amount allowed, amount paid, and date paid.

**Answer**: Will supplement.

**Interrogatory No. 6**: Identify all insurance reimbursements You received from any insurer for Legacy products, stating for each the insurer/payor, the date reimbursement was received, and the amount received.

**Answer**: None.

**Interrogatory No. 7**: For each paragraph of the Complaint that You denied in Your Answer, state (by paragraph number) all facts supporting the denial.

---

Defendant's Responses and Objections to Plaintiff's Interrogatories                    Page 2

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: Defendant denied or partially denied allegations in paragraphs 14-17, 19, 21-22, 24-27, 29-30, 33-34, 37-38, 40-44, 46-48, 49-52, 54-57, 59-60, and 63-64 in part based on his view that H3—not Ching individually—ordered products under a contract with Legacy.

Defendant denied or partially denied allegations in paragraphs 22, 24-27, 29-30, 34, 37-38, 40-44, 47, 52, 57, and 64 in part based on his view that the Agreement is unenforceable due to illegality and other affirmative defenses.

Defendant denied or partially denied allegations in paragraphs 31, 38, 47, 52, 57, and 64 in part based on his view that the parties agreed that Defendant's payment obligations would be contingent on receiving approval for reimbursement by government/insurance payors.

**Interrogatory No. 8**: Identify any Documents (by Bates, if produced) that exist to support Your denials in Your Answer to each allegation found in Plaintiff's Complaint.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: Will supplement.

**Interrogatory No. 9**: If You contend any of the invoices identified in the Complaint are not due and owing to Legacy, state all facts supporting that contention. Include in Your answer the specific invoice(s) by number and amount; and all facts that You contend excuse, defer, reduce, or otherwise affect of the invoices identified in Paragraph 26 of the Complaint (including any asserted offsets, credits, disputes, illegality defenses, alleged amendments to the Agreement, billing errors, payments made/applied, rebates/discounts).

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**: The Agreement is illegal and against public policy and therefore void and unenforceable. The parties' performance under the Agreement and the transactions reflected in the invoices entailed exchanging remuneration for purchases and orders of products for which payment was to be made in whole or in part under a federal health care program. Ching has pled guilty to charges stemming from a conspiracy involving illegal kickbacks in the form of rebates, medically unnecessary services, and the submission of false claims to Medicare. Part of the factual basis for

---

Defendant's Responses and Objections to Plaintiff's Interrogatories  Page 3

the underlying charges is Ching's role (on behalf of H3) in purchasing products from Legacy under the contract and related receipt of rebates. Defendant refers Legacy to the "Factual Basis" section of the Plea Agreement (ECF No. 16) reached in *United States v. Ching*, No. CR-24-01075-GMS, in the U.S. District Court for the District of Arizona.

Furthermore, Legacy's alleged right to recover is not independent of the Agreement but rather is derived from it. Also, the parties bear substantially equal responsibility for the Agreement's illegality and are *in pari delicto*. Therefore, Legacy may not recover under theories of quantum meruit, promissory estoppel, or unjust enrichment.

In addition, it was H3—not Ching individually—who ordered products under a contract with Legacy. And in any event, the parties' agreed that H3's payment obligations would be contingent on receiving approval for reimbursement by government/insurance payors.

Defendant will supplement after further discovery.

**Interrogatory No. 10**: Identify all facts supporting Your assertion in Your Answer that the Agreement with Legacy was purportedly unlawful. Include in Your answer each statute, regulation, safe harbor, guidance, or policy (by citation/title) You contend is implicated; and the specific Agreement terms or business practices at issue.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. This Request is also objectionable insofar as calls for legal conclusions.

**Answer**: The parties' performance under the Agreement entailed exchanging remuneration for purchases and orders of products for which payment was to be made in whole or in part under a federal health care program. The Agreement and related transactions violate the Anti-Kickback Statute, 42 U.S.C. § 1320a-7(b); the False Claims Act, 31 U.S.C. § 3729; and corresponding statutes and regulations. Ching has pled guilty to charges stemming from a conspiracy involving illegal kickbacks in the form of rebates, medically unnecessary services, and the submission of false claims to Medicare. Part of the factual basis for the underlying charges is Ching's role (on behalf of H3) in purchasing products from Legacy under the contract and related receipt of rebates. Defendant refers Legacy to the "Factual Basis" section of the Plea Agreement (ECF No. 16) reached in United States v. Ching, No. CR-24-01075-GMS, in the U.S. District Court for the District of Arizona.

Defendant will supplement after further discovery.

**Interrogatory No. 11**: For each discount, rebate, or price concession You contend violates law in Your Answer, identity all facts supporting that contention.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request is also unreasonable duplicative of prior interrogatories.

**Answer**: See Defendant' answers to Interrogatory Nos. 9 and 10. Defendant will supplement with additional detail after further discovery.

**Interrogatory No. 12**: Identify all facts supporting Your defenses (affirmative or otherwise) to Legacy's Complaint.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: See Defendant' answers to Interrogatory Nos. 9 and 10. Defendant will supplement with additional detail after further discovery.

**Interrogatory No. 13**: If You contend that You entered into any agreement with Legacy allowing rebates to be applied to the total amount owed on products purchased from Legacy, identify all facts supporting that assertion.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**: See Defendant' answers to Interrogatory Nos. 9 and 10. Defendant will supplement with additional detail after further discovery.

**Interrogatory No. 14**: If You contend that You entered into any agreement with Legacy entitled a Rebate Fulfillment Agreement, identify all facts supporting that assertion. Include in Your answer the date(s), parties, signatories, terms, and location of execution of the Agreement.

**Answer**: Defendant does not contend that he entered into an agreement with Legacy entitled a "Rebate Fulfillment Agreement."

**Interrogatory No. 15**: Describe in detail the authority of John Groff to act on Your behalf, including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy.

---

Defendant's Responses and Objections to Plaintiff's Interrogatories          Page 5

**Objections**:  Defendant objects to this interrogatory insofar as it asks that responsive information be provided "in detail."

**Answer**: John Groff had limited authority to help H3 obtain new business and sign contracts on behalf of the company.

**Interrogatory No. 16**: Describe in detail the authority of Logan Walker to act on Your behalf including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy.

**Objections**:  Defendant objects to this interrogatory insofar as it asks that responsive information be provided "in detail."

**Answer**: Logan Walker had limited authority to place orders on behalf of H3, authorize payments for such orders, organize invoices/accounts on behalf of H3, and submit claims to government payors for reimbursement.

**Interrogatory No. 17**: If You contend payment for Legacy products was contingent upon insurance reimbursement, identify all facts supporting that contention. Included in Your answer the date, speaker, audience, and substance of any statement(s) allegedly making payment contingent on reimbursement.

**Answer**:  Defendant does contend that payment was contingent on reimbursement. Will supplement.

**Interrogatory No. 18**: State the date on which You instituted a litigation hold relating to this dispute.

**Objections**:  Defendant objects to this interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege or work-product doctrine.

**Answer**: At the latest, a hold was instituted on July 24, 2025. Prior developments in the criminal case against Defendant had the effect of causing a hold much earlier, though an exact date is unknown at this time.

**Interrogatory No. 19**: To the extent You relied on any Documents and/or Communications in responding to any of the above Interrogatories, identify all such supporting Documents and/or Communications (by Bates, if produced).

---

Defendant's Responses and Objections to Plaintiff's Interrogatories          Page 6

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**: Will supplement.


**Interrogatory No. 20**: Identify each person with knowledge of the facts supporting Your answers to these Interrogatories, stating each person's name, title/role, and the topic(s) of knowledge.

**Answer**: Ching did not consult the following individuals in answering these interrogatories, but they likely have knowledge of responsive facts:

- Logan Walker, Subjects: billing, contract, invoices

- John Groff, Subjects: contract, process.

Respectfully submitted,

 /s/ Derek Carson
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, the foregoing was served on all counsel of record via email, in accordance with Federal Rule of Civil Procedure 5.

_/s/ Derek Carson_
Derek Carson

# EXHIBIT 5

App. 056

# BLANKROME

300 Carnegie Center | Suite 220 | Princeton, NJ 08540
A Pennsylvania LLP | Stephen M. Orlofsky, New Jersey Administrative Partner
blankrome.com

| *Phone:* | *(609) 750-2991* |
| *Fax:* | *(609) 897-7442* |
| *Email:* | *nicholas.harbist@blankrome.com* |

January 5, 2026

**VIA ELECTRONIC MAIL**

Derek Carson, Esq.
Cantey Hanger LLP
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
dcarson@canteyhanger.com

> Re:    ***Legacy Medical Consultants, LP v. Carlos Ching d/b/a H3 Medical Clinic, LLC*, United States District Court for the Northern District of Texas, Case No. 4:25-CV-00874-O**

Counsel:

As you know, Blank Rome LLP represents Plaintiff Legacy Medical Consultants, LP ("Legacy") in above captioned matter. On October 30, 2025, Legacy served discovery requests on Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Defendant"). Pursuant to an agreement between the parties, Defendant subsequently served his responses on December 15, 2025, which are rife with deficiencies. We write in a good faith effort to resolve those deficiencies without involving the Court.

## A.    Requests for Production ("RFPs")

As of today, Defendant has produced nothing despite agreeing to produce in response to every RFP. Given that the Court has entered a Protective Order and the parties have conferred on custodians and date range, continued delay is unfounded. Defendant shall begin rolling productions no later than January 12, 2026 and continue weekly until complete. By January 8, 2026, please identify in writing: (a) all custodians; (b) all data sources (including, but not limited to, emails, mobile devices/messaging apps, billing systems, Bill.com, bank portals, payer portals, and PDM); (c) applicable date ranges; and (d) search terms. Productions must be made in Concordance-load (or PDF with load file) for emails/ESI with standard metadata; spreadsheets, CSV, and portal exports must be produced natively. These requirements are consistent with the Protective Order and necessary to implement Defendant's across-the-board commitment to produce.

**App. 057**

BLANKROME

Derek Carson, Esq.
January 5, 2026
Page 2

Productions shall prioritize: (1) payments/attempted payments (RFPs 1, 18) and invoices/delivery/returns (RFPs 2, 16); (2) billing and claims data, denials, appeals, and "clean claim" packets (RFPs 4-5, 9, 11-14, 21); (3) documents supporting Defendant's illegality defense and any purported rebates (RFPs 22-24); and (4) communications concerning ordering and payments, including communications with John Groff, Logan Walker, and Alex Poulemanos (RFPs 25, 28). Given Defendant's own responses and commitments (e.g., Defendant's agreement that he "will produce" in response to each RFP, and his RFA/Rogatory admissions regarding Bill.com and claims), the first two production tranches must include payment files, Bill.com confirmations, claim/denial/appeal/ERA/EOB records, and native exports where available.

All productions should conform to the requirements set forth in the Protective Order, including, but not limited to, the protections requiring the redaction of PHI and sensitive materials and the 502(d) clawback provisions. Productions should be substantially complete before the May 16, 2026 deadline for mediation and must be fully complete by the June 12, 2026 discovery cutoff.

In addition, Legacy has identified the following deficiencies with respect to Defendant's responses to certain individual RFPs:

1.      RFP 17 seeks the production of "Any and all Documents identifying agents or representatives (including, but not limited to, John Groff and Logan Walker) who placed orders, authorized shipments, or communicated with Legacy on Defendant's behalf, including their engagement letters, job descriptions, delegations of authority, and related Communications, payments, or salaries." Defendant agreed to produce documents in response to this Request, but objected on the basis that the RFP is purportedly "overbroad in scope insofar as it seeks information that is not relevant to a party's claim or defense" and "seeks all documents identifying Ching's agents and representatives, not just documents sufficient to identify them." Defendant also objected that "Documents pertaining [to] the details of these individuals' contracts with H3, such as the amounts they are paid, are not relevant to this action." These are not legitimate objections. Nevertheless, for the avoidance of doubt, and in an attempt to compromise, Legacy is willing to narrow its request to documents sufficient to identify any relevant agents and representatives. However, in conjunction with this Request, Legacy also demands the immediate production of documents sufficient to identify any agent's (including, but not limited to, John Groff and Logan Walker) responsibilities at H3, documents that specifically delegate authority to those agents to take certain actions on behalf of Ching/H3, and documents that specify the scope and limitations of that authority. Produce by January 12, 2026 documents sufficient to identify each agent/representative and the scope and dates of their authority (appointment, scope granted, and rescission), including for Groff and Walker.

2.      Defendant objected to RFP 27, which sought "Any and all litigation hold notices or other preservation directives issued by or on behalf of Defendant regarding this dispute, and Documents sufficient to identify the recipients, date of issuance, data sources preserved, and

**App. 058**

BLANKROME

Derek Carson, Esq.
January 5, 2026
Page 3

custodians," on the basis that it purportedly requested documents protected by the attorney-client privilege and work product doctrine. Despite Defendant's objection, however, he still agreed to produce responsive documents, though Legacy has received none to date. Please produce, by January 12, 2026, a privilege log for any withheld materials and a non-privileged summary identifying the litigation hold date(s), recipients, covered custodians, and preserved systems (including emails, phones/messaging apps, billing platforms, bank/Bill.com, and payer portals). These non-privileged facts are straightforward and necessary to assess preservation.

B.    **Interrogatories**

Defendant has stated that he will supplement his responses to Interrogatories 3, 5, 8, 9, 10, 11, 12, 13, 17, and 19 of Legacy's First Set of Interrogatories, without providing any sort of estimate as to when such supplementation will be forthcoming. Kindly provide verified answers (Rule 33(b)(5)) and complete the agreed supplementation for Interrogatories 3, 5, 8-13, 17, and 19 on the same weekly cadence as Defendant's rolling productions, with the first supplement due January 12, 2026 and all supplementation served no later than May 12, 2026 (one month before the discovery cutoff).

In addition, Legacy has identified the following deficiencies with Defendant's responses to Legacy's interrogatories:

1.    Interrogatory 3 asks Defendant to "Identify all payments You made to Legacy, stating for each the dates of payment, payment amounts, the invoice number corresponding to each payment, the method of payment, and the Bill.com or portal confirmation numbers." Defendant has stated that he "will supplement," without providing any further substantive response. But as the information sought in this Interrogatory can be derived from a basic review of Defendant's ledgers, Defendant should be able to easily locate and promptly provide information relevant to dates, amounts, invoice numbers, payment method, and portal/confirmation numbers related to payments made to Legacy.

2.    Interrogatory 6 requests that Defendant "Identify all insurance reimbursements You received from any insurer for Legacy products, stating for each the insurer/payor, the date reimbursement was received, and the amount received." Defendant responded "None," but did not indicate whether he received any offsets related to the relevant requests for reimbursement. Please provide that information.

3.    Interrogatory 10 states, "Identify all facts supporting Your assertion in Your Answer that the Agreement with Legacy was purportedly unlawful. Include in Your answer each statute, regulation, safe harbor, guidance, or policy (by citation/title) You contend is implicated; and the specific Agreement terms or business practices at issue." However, Defendant's response does not include any reference to the specific Agreement terms allegedly implicated and is

**App. 059**

# BLANKROME

Derek Carson, Esq.
January 5, 2026
Page 4

therefore deficient.

4.      Interrogatories 15 and 16 request that Defendant "Describe in detail the authority of John Groff/Logan Walker to act on Your behalf, including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy." Yet Defendant's response does not provide any information as to the scope of Groff and Walker's authority or the dates on which such authority was granted and/or rescinded.

Verified supplements should, at a minimum, include: (i) payment dates, amounts, invoice numbers, payment methods, and portal confirmations (Interrogatory 3); (ii) claim-level fields and exports (Interrogatory 5); (iii) any offsets related to reimbursements (Interrogatory 6); (iv) the specific Agreement terms and statutes/regulations Defendant identified as implicated by his illegality defense (Interrogatory 10); and (v) the scope and dates of authority granted to/rescinded from Groff and Walker (Interrogatories 15 and 16).

## C.      Requests for Admissions ("RFAs")

Finally, Defendant's responses to Legacy's First Set of RFAs contain the following deficiencies:

1.      RFA 6 states, "Admit that the Bill.com payment confirmations dated March 27, 2024; March 29, 2024; April 5, 2024; and April 11, 2024 are true and correct copies of payment notifications concerning Ching/H3's payments to Legacy generated by the payments portal referenced in the Agreement." Defendant responded that he "does not believe he has been provided those Bill.com payment confirmations for reference and on that basis denies this request for admission." Defendant's "lack of belief" is not a sufficient basis to deny RFA 6. Rather, pursuant to Fed. R. Civ. P. 36(a)(4), Defendant must conduct a reasonable inquiry into his records (which he should be able to do easily) to *confirm* whether he received these payment confirmations, and should thereafter either affirmatively "admit" or "deny" the Request.

2.      RFA 9 and RFA 13 respectively state, "Admit that under the terms of the Agreement, Ching was required to pay for all human tissue products received within sixty (60) days after product shipment," and "Admit that the Agreement does not condition Defendant's payment obligations on reimbursement from any insurer." Defendant has flatly denied both Requests. If these denials are based on any writing or modification to the Agreement, please identify it. Otherwise, please amend these responses to fairly meet the contract language.

3.      RFA 14 asks Defendant to "Admit that Defendant did not obtain written agreement from Legacy to defer payment until insurance reimbursement," to which Defendant responds, "Deny at this time." Pursuant to Fed. R. Civ. P. 36(a)(4), "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny

**App. 060**

BLANKROME

Derek Carson, Esq.
January 5, 2026
Page 5

it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." As such, Defendant's response is insufficient. Please provide a straightforward "admit" or "deny," or otherwise explain the reason that Defendant either qualifies his denial to "at this time" or is unable to provide a response after conducting a reasonable inquiry.

4.      RFA 15 and 16 respectively state, "Admit that neither Ching nor H3 ever entered into any agreement entitled a Rebate Fulfillment Agreement with Legacy," and "Admit that neither Ching nor H3 ever entered into any agreement with Legacy that allowed for the application of rebates to the total amount owed for products purchased from Legacy and that no written agreement exists authorizing application of rebates to reduce the amounts due on the Invoices." Although Defendant admits RFA 15, he surprisingly denies RFA 16. These responses are plainly contradictory and Legacy demands that Defendant either explain the discrepancy or admit RFA 16 so that it is consistent with his response to RFA 15.

5.      RFA 24 asks, "Admit that payments to Legacy were remitted to a bank account located in Texas," to which Defendant responded, "Defendant lacks knowledge or information sufficient to admit or deny." Yet Defendant can easily obtain this information by reviewing his bank records, Bill.com records, and other financial documentation, or by asking his current or former agents or employes who were responsible for making payments to Legacy, such as Logan Walker and John Groff. Please make a reasonable inquiry into this matter and then provide a straightforward "admit" or "deny."[1]

Amend responses to RFAs 6, 8-9, 13-16, and 24 within ten (10) days—i.e., by January 15, 2026—to either admit or deny after a reasonable inquiry. If any denial relies on a writing or modification, identify it by title, date, and author.

***

Please provide your availability for a meet-and-confer on or before January 12, 2026. If Defendant does not (i) commence rolling production by January 12, 2026, (ii) serve the custodian/source/search protocol by January 8, 2026, and (iii) serve amended RFAs and verified interrogatory supplements as set forth above by the dates specified, Legacy will move to compel, seek fee-shifting, and request any other appropriate relief. Substantial completion is required before the May 13, 2026 mediation deadline and full completion by the June 12, 2026 discovery cutoff.

---

[1] Further, if you ultimately "admit" RFA 24, please also amend your response to RFA 8, which states "Admit that payments due under the Agreement were required to be remitted to Legacy's bank account located in Texas."

BLANKROME

Derek Carson, Esq.
January 5, 2026
Page 6

Very truly yours,

*/s/ Nicholas C. Harbist*

NICHOLAS C. HARBIST, ESQ.

NCH:yds
cc:    All Counsel of Record (via email)

App. 062

EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-CV-00874-O |
| | § | |
| CARLOS CHING D/B/A H3 MEDICAL | § | |
| CLINIC, LLC, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with the Federal Rules of Civil Procedure, Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Ching" or "Defendant") serves the following objections and responses to Plaintiff Legacy Medical Consultants, LP's ("Legacy") First Set of Interrogatories, served on October 30, 2025:

### Objections to Definitions and Instructions

Ching objects to Definition Nos. 1, 2, and 9-10 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

Ching objects to Instruction Nos. 3-8 and 11-12 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

### Responses and Objections to Interrogatories

**Interrogatory No. 1**: Identify all individuals who assisted in preparing the responses to these Interrogatories, stating for each the person's name, title/role, and employer.

**Answer**: Carlos Ching, with the assistance of counsel.

---

**Interrogatory No. 2**: Identify all individuals employed and/or contracted by Ching or H3 who communicated with Legacy about any matter, including, but not limited to, the Agreement and Legacy's products, stating each person's name, title/role, employer/engagement, last-known contact information (email(s) and phone), the date ranges of Communications, and the Communication mediums used (e.g., email domains, messaging apps, phone, Bill.com).

**Answer**:

- Logan Walker, Biller

- John Groff, Business Development

- *Both individuals may be contacted through counsel:*

  *c/o, Jordan Parker and Derek Carson*
  *CANTEY HANGER LLP*
  *Cantey Hanger Plaza*
  *600 W. 6th Street, Suite 300*
  *Fort Worth, Texas 76102*
  *T: (817) 877-2800*

**Interrogatory No. 3**: Identify all payments You made to Legacy, stating for each the dates of payment, payment amounts, the invoice number corresponding to each payment, the method of payment, and the Bill.com or portal confirmation numbers.

**Answer**:
*H3 made the following payments to Legacy. H3 made the payments toward the general balance owed. Payments were not tied to specific invoices.*

| Date | Amount | Method |
|---|---|---|
| March 14, 2024 | $8,430.84 | ePayment |
| March 14, 2024 | $8,430.84 | ePayment |
| March 14, 2024 | $8,430.84 | ePayment |
| March 14, 2024 | $8,430.84 | ePayment |
| March 14, 2024 | $8,430.84 | ePayment |
| March 19, 2024 | $50,000.00 | ePayment |
| March 22, 2024 | $50,000.00 | ePayment |
| March 26, 2024 | $75,000.00 | ePayment |

Defendant's First Amended Responses and Objections to Plaintiff's
Interrogatories                                                        Page 2

| | | |
|---|---|---|
| March 28, 2024 | $27,340.16 | ePayment |
| March 30, 2024 | $95,000.00 | ePayment |
| April 2, 2024 | $99,999.00 | ePayment |
| April 3, 2024 | $7,341.16 | ePayment |
| April 4, 2024 | $85,000.00 | ePayment |
| April 10, 2024 | $100,000.00 | ePayment |

**Interrogatory No. 4**: Identify all payments You made to any other third party for Legacy products, stating for each the name of the third party and Your relationship to them, the dates of payment, the payment amount, the invoice number, the method of payment, and the corresponding bill.

**Answer**: None.

**Interrogatory No. 5**: Identify all claims for reimbursement submitted to any insurer for any Legacy products, stating for each the insurer/payor, patient initials, date(s) of Service, claim number, claim submission date, amount billed, amount allowed, amount paid, and date paid.

**Answer**: *H3 submitted claims only to Medicare and not to private insurers. Defendant refers Plaintiff to the claim forms produced at:*
> *H3_0000152-H3_0000157;*
> *H3_0000159;*
> *H3_0000219-H3_0000256;*
> *H3_0000258-H3_0000260;*
> *H3_0000448-H3_0000492; and*
> *H3_0000651-H3_0000658.*

**Interrogatory No. 6**: Identify all insurance reimbursements You received from any insurer for Legacy products, stating for each the insurer/payor, the date reimbursement was received, and the amount received.

**Answer**: None*, except from Medicare. Defendant is still gathering Medicare reimbursement information and will provide such responsive information once it has been obtained.*

**Interrogatory No. 7**: For each paragraph of the Complaint that You denied in Your Answer, state (by paragraph number) all facts supporting the denial.

Defendant's First Amended Responses and Objections to Plaintiff's
Interrogatories                                                                                     Page 3

**App. 066**

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: Defendant denied or partially denied allegations in paragraphs 14-17, 19, 21-22, 24-27, 29-30, 33-34, 37-38, 40-44, 46-48, 49-52, 54-57, 59-60, and 63-64 *based on* his view that H3—not Ching individually—ordered products under a contract with Legacy.

**Interrogatory No. 8**: Identify any Documents (by Bates, if produced) that exist to support Your denials in Your Answer to each allegation found in Plaintiff's Complaint.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: *See documents identified in response to Interrogatory No. 5. See also H3_0000001-H3_0000041; H3_0000664-H3_0000668.*

**Interrogatory No. 9**: If You contend any of the invoices identified in the Complaint are not due and owing to Legacy, state all facts supporting that contention. Include in Your answer the specific invoice(s) by number and amount; and all facts that You contend excuse, defer, reduce, or otherwise affect of the invoices identified in Paragraph 26 of the Complaint (including any asserted offsets, credits, disputes, illegality defenses, alleged amendments to the Agreement, billing errors, payments made/applied, rebates/discounts).

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**: *It was H3—not Ching individually—who ordered products under a contract with Legacy. Defendant believes that Legacy entered into and performed the Agreement with unclean hands. Defendant is still investigating the facts relating to that defense and will supplement this response, if and as appropriate, with sufficient time to enable Legacy to take any appropriate follow up discovery.*

**Interrogatory No. 10**: Identify all facts supporting Your assertion in Your Answer that the Agreement with Legacy was purportedly unlawful. Include in Your answer each statute, regulation, safe harbor, guidance, or policy (by citation/title) You contend is implicated; and the specific Agreement terms or business practices at issue.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. This Request is also objectionable insofar as calls for legal conclusions.

**Answer**: *Defendant is withdrawing his illegality defense.*

**Interrogatory No. 11**: For each discount, rebate, or price concession You contend violates law in Your Answer, identity all facts supporting that contention.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request is also unreasonable duplicative of prior interrogatories.

**Answer**: *Defendant is withdrawing his illegality defense.*

**Interrogatory No. 12**: Identify all facts supporting Your defenses (affirmative or otherwise) to Legacy's Complaint.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: *See Defendant's answer to Interrogatory No. 9. Defendant's evaluation is ongoing. Defendant will supplement after additional discovery.*

**Interrogatory No. 13**: If You contend that You entered into any agreement with Legacy allowing rebates to be applied to the total amount owed on products purchased from Legacy, identify all facts supporting that assertion.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**: *Defendant is withdrawing his illegality defense.*

**Interrogatory No. 14**: If You contend that You entered into any agreement with Legacy entitled a Rebate Fulfillment Agreement, identify all facts supporting that assertion. Include in Your answer the date(s), parties, signatories, terms, and location of execution of the Agreement.

---

Defendant's First Amended Responses and Objections to Plaintiff's
Interrogatories                                                                Page 5

**Answer**: Defendant does not contend that he entered into an agreement with Legacy entitled a "Rebate Fulfillment Agreement."

**Interrogatory No. 15**: Describe in detail the authority of John Groff to act on Your behalf, including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy.

**Objections**: Defendant objects to this interrogatory insofar as it asks that responsive information be provided "in detail."

**Answer**: *John Groff had authority to order, receive, or return products on behalf of H3 and to authorize payments to Legacy on behalf of H3. John Groff's dealings with Legacy were authorized actions on behalf of H3.*

**Interrogatory No. 16**: Describe in detail the authority of Logan Walker to act on Your behalf including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy.

**Objections**: Defendant objects to this interrogatory insofar as it asks that responsive information be provided "in detail."

**Answer**: *Logan Walker had authority submit claims to government payors for reimbursement on behalf of H3. Logan Walker's dealings with Legacy, if any, were authorized actions on behalf of H3.*

**Interrogatory No. 17**: If You contend payment for Legacy products was contingent upon insurance reimbursement, identify all facts supporting that contention. Included in Your answer the date, speaker, audience, and substance of any statement(s) allegedly making payment contingent on reimbursement.

**Answer**: *Paragraph 2 of the Agreement required H3 to utilize Legacy's Insurance Verification Request (IVR) form prior to ordering and using products. At the end of the IVR process, Legacy would tell H3 whether coverage could be expected under Medicare for the particular product and patient. If coverage was expected, then H3 would place the order on the understanding that Legacy would cover any discrepancies or denials in payment from Medicare. H3 was only required to pay Legacy if and to the extent that Medicare provided reimbursement*.

**Interrogatory No. 18**: State the date on which You instituted a litigation hold relating to this dispute.

**Objections**: Defendant objects to this interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege or work-product doctrine.

---

Defendant's First Amended Responses and Objections to Plaintiff's
Interrogatories                                                                  Page 6

**Answer**: At the latest, a hold was instituted on July 24, 2025. Prior developments in the criminal case against Defendant had the effect of causing a hold much earlier, though an exact date is unknown at this time. ***Defendant is withholding (as attorney-client privileged and confidential work product) the engagement letter he signed with the undersigned counsel, which contained a litigation hold directive in it. Defendant requests that Legacy accept this withholding statement in lieu of a formal privilege log listing the engagement letter.***

**Interrogatory No. 19**: To the extent You relied on any Documents and/or Communications in responding to any of the above Interrogatories, identify all such supporting Documents and/or Communications (by Bates, if produced).

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**:  *Please see H3_0000038-H3_0000041; H3_0000659-H3_0000668.*

**Interrogatory No. 20**: Identify each person with knowledge of the facts supporting Your answers to these Interrogatories, stating each person's name, title/role, and the topic(s) of knowledge.

**Answer**:
*Logan Walker, Subjects: billing*

*John Groff, Subjects: contract, invoices, payment.*

Respectfully submitted,

 /s/ Derek Carson
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, the foregoing was served on all counsel of record via email, in accordance with Federal Rule of Civil Procedure 5.

 /s/ Derek Carson
Derek Carson

## DECLARATION

1.      My name Carlos Ching. I am over the age of 18 years, am of sound mind, have never been convicted of a felony or crime involving moral turpitude, and am otherwise competent to make this declaration.

2.      I have personal knowledge of the facts set forth herein.

3.      I declare under penalty of perjury that the facts stated in the foregoing interrogatory answers are true and correct.

Executed in Phoenix County, Arizona, on January 23, 2026.

Verified by pdfFiller
01/23/2026

_____
Carlos Ching

Defendant's First Amended Responses and Objections to Plaintiff's Interrogatories                                                                      Page 9

# EXHIBIT 7

App. 073

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-CV-00874-O |
| CARLOS CHING D/B/A H3 MEDICAL CLINIC, LLC, | § § § § | |
| Defendant. | § § | |

**DECLARATION OF MEGAN A. ALTOBELLI**

My name is Megan A. Altobelli. I am over 18 years of age, of sound mind, and capable of making this declaration. I am an associate at Blank Rome LLP and represent Plaintiff Legacy Medical Consultants, LP ("Legacy") in the above-captioned matter. I have personal knowledge of the facts set forth herein and the facts are true and correct to the best of knowledge. I submit this declaration pursuant to 28 U.S. Code § 1746.

1.    Legacy filed its Complaint and requested issuance of summons in the District Court of Tarrant County, Texas on June 30, 2025. *See* Aug. 14, 2025 Notice of Removal (ECF 1).

2.    Counsel for Defendant Carlos Ching ("Ching") formally accepted service of the Complaint on or about July 29, 2025.

3.    On August 14, 2025, Ching's counsel filed a notice of removal to this Court. *See id.*

4.    On the same day, Legacy's counsel reached out to Ching's counsel and on August 18, 2025, the parties met and conferred to discuss settlement. This opened up a cooperative dialogue and exchange of information between the parties. Between August 18, 2025 and December 11, 2025, the parties met and conferred at least two more times, including, but not

1

**App. 074**

limited to, on September 4, 2025 and November 18, 2025. The parties also exchanged numerous email correspondence concerning settlement.

5.    On December 11, 2025, counsel for Ching informed Legacy's counsel that Ching would be unable to provide certain information Legacy had requested to aid in settlement.

6.    In the meantime, Legacy served its discovery requests on October 30, 2025. Although settlement discussions were still pending at that time, Legacy wanted to serve its discovery requests in an abundance of caution, to ensure that the matter would be able to move forward should the parties fail to come to a resolution.

7.    Responses to Legacy's discovery requests were initially due on December 1, 2025. However, counsel agreed to a two-week extension, and Ching ultimately served his responses on December 15, 2025.

8.    On January 5, 2026, Legacy served a deficiency letter to address certain outstanding deficiencies in Ching's discovery responses.

9.    The parties had a productive meet and confer to discuss these deficiencies on January 15, 2026.

10.    On January 23, 2026, Ching served revised responses to Legacy's First Set of Interrogatories and First Set of Requests for Admission.

11.    Legacy also issued a third-party subpoena on John Groff ("Groff"), which sought documents and communications related to his work at H3. Groff engaged the same legal counsel who represents Ching and counsel accepted service of the subpoena on or about January 15, 2026.

12.    Groff produced 19 documents in response to the subpoena and his counsel is currently confirming whether any additional documents and communications will be forthcoming.

**App. 075**

Assuming Groff is added to the pleading as a defendant, Legacy anticipates that any additional discovery needed from him will be minimal.

13.     Finally, the parties are in the process of attempting to schedule Ching's deposition.

14.     Legacy understands that Ching's counsel has a number of scheduling conflicts in the coming months and is not available for depositions until April 2026. Legacy is willing to accommodate Ching's counsel on the timing and the parties have been working cooperatively to schedule a date.

15.     The parties are mindful that, under the Scheduling Order, the deadline to designate experts is March 16, 2026. In order for discovery to proceed in a logical manner, however, the parties agree that an extension of the deadlines may be needed, and the parties have been cooperatively discussing that issue as well.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: February 20, 2026

/s/ Megan A. Altobelli
**Megan A. Altobelli**

3