IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-CV-00874-O |
| | § | |
| CARLOS CHING D/B/A H3 MEDICAL | § | |
| CLINIC, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

In accordance with the Federal Rules of Civil Procedure, Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Ching" or "Defendant") serves the following objections and responses to Plaintiff Legacy Medical Consultants, LP's ("Legacy") First Set of Interrogatories, served on October 30, 2025:

**Objections to Definitions and Instructions**

Ching objects to Definition Nos. 1, 2, and 9-10 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

Ching objects to Instruction Nos. 3-8 and 11-12 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

**Responses and Objections to Interrogatories**

**Interrogatory No. 1**: Identify all individuals who assisted in preparing the responses to these Interrogatories, stating for each the person's name, title/role, and employer.

**Answer**: Carlos Ching, with the assistance of counsel.

EXHIBIT

2-B

APP. 097

**Interrogatory No. 2**: Identify all individuals employed and/or contracted by Ching or H3 who communicated with Legacy about any matter, including, but not limited to, the Agreement and Legacy's products, stating each person's name, title/role, employer/engagement, last-known contact information (email(s) and phone), the date ranges of Communications, and the Communication mediums used (e.g., email domains, messaging apps, phone, Bill.com).

**Answer**:

- Logan Walker, Biller, Independent Contractor, (928) 201-6554, loganwal92@gmail.com

- John Groff, Business Development, Independent Contractor, (602) 723-2126, john@akron.cc

**Interrogatory No. 3**: Identify all payments You made to Legacy, stating for each the dates of payment, payment amounts, the invoice number corresponding to each payment, the method of payment, and the Bill.com or portal confirmation numbers.

**Answer**: Will supplement.

**Interrogatory No. 4**: Identify all payments You made to any other third party for Legacy products, stating for each the name of the third party and Your relationship to them, the dates of payment, the payment amount, the invoice number, the method of payment, and the corresponding bill.

**Answer**: None.

**Interrogatory No. 5**: Identify all claims for reimbursement submitted to any insurer for any Legacy products, stating for each the insurer/payor, patient initials, date(s) of Service, claim number, claim submission date, amount billed, amount allowed, amount paid, and date paid.

**Answer**: Will supplement.

**Interrogatory No. 6**: Identify all insurance reimbursements You received from any insurer for Legacy products, stating for each the insurer/payor, the date reimbursement was received, and the amount received.

**Answer**: None.

**Interrogatory No. 7**: For each paragraph of the Complaint that You denied in Your Answer, state (by paragraph number) all facts supporting the denial.

---

Defendant's Responses and Objections to Plaintiff's Interrogatories          Page 2

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: Defendant denied or partially denied allegations in paragraphs 14-17, 19, 21-22, 24-27, 29-30, 33-34, 37-38, 40-44, 46-48, 49-52, 54-57, 59-60, and 63-64 in part based on his view that H3—not Ching individually—ordered products under a contract with Legacy.

Defendant denied or partially denied allegations in paragraphs 22, 24-27, 29-30, 34, 37-38, 40-44, 47, 52, 57, and 64 in part based on his view that the Agreement is unenforceable due to illegality and other affirmative defenses.

Defendant denied or partially denied allegations in paragraphs 31, 38, 47, 52, 57, and 64 in part based on his view that the parties agreed that Defendant's payment obligations would be contingent on receiving approval for reimbursement by government/insurance payors.

**Interrogatory No. 8**: Identify any Documents (by Bates, if produced) that exist to support Your denials in Your Answer to each allegation found in Plaintiff's Complaint.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: Will supplement.

**Interrogatory No. 9**: If You contend any of the invoices identified in the Complaint are not due and owing to Legacy, state all facts supporting that contention. Include in Your answer the specific invoice(s) by number and amount; and all facts that You contend excuse, defer, reduce, or otherwise affect of the invoices identified in Paragraph 26 of the Complaint (including any asserted offsets, credits, disputes, illegality defenses, alleged amendments to the Agreement, billing errors, payments made/applied, rebates/discounts).

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**:  The Agreement is illegal and against public policy and therefore void and unenforceable. The parties' performance under the Agreement and the transactions reflected in the invoices entailed exchanging remuneration for purchases and orders of products for which payment was to be made in whole or in part under a federal health care program. Ching has pled guilty to charges stemming from a conspiracy involving illegal kickbacks in the form of rebates, medically unnecessary services, and the submission of false claims to Medicare. Part of the factual basis for

---

Defendant's Responses and Objections to Plaintiff's Interrogatories                Page 3

the underlying charges is Ching's role (on behalf of H3) in purchasing products from Legacy under the contract and related receipt of rebates. Defendant refers Legacy to the "Factual Basis" section of the Plea Agreement (ECF No. 16) reached in *United States v. Ching*, No. CR-24-01075-GMS, in the U.S. District Court for the District of Arizona.

Furthermore, Legacy's alleged right to recover is not independent of the Agreement but rather is derived from it. Also, the parties bear substantially equal responsibility for the Agreement's illegality and are *in pari delicto*. Therefore, Legacy may not recover under theories of quantum meruit, promissory estoppel, or unjust enrichment.

In addition, it was H3—not Ching individually—who ordered products under a contract with Legacy. And in any event, the parties' agreed that H3's payment obligations would be contingent on receiving approval for reimbursement by government/insurance payors.

Defendant will supplement after further discovery.

**Interrogatory No. 10**: Identify all facts supporting Your assertion in Your Answer that the Agreement with Legacy was purportedly unlawful. Include in Your answer each statute, regulation, safe harbor, guidance, or policy (by citation/title) You contend is implicated; and the specific Agreement terms or business practices at issue.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. This Request is also objectionable insofar as calls for legal conclusions.

**Answer**: The parties' performance under the Agreement entailed exchanging remuneration for purchases and orders of products for which payment was to be made in whole or in part under a federal health care program. The Agreement and related transactions violate the Anti-Kickback Statute, 42 U.S.C. § 1320a-7(b); the False Claims Act, 31 U.S.C. § 3729; and corresponding statutes and regulations. Ching has pled guilty to charges stemming from a conspiracy involving illegal kickbacks in the form of rebates, medically unnecessary services, and the submission of false claims to Medicare. Part of the factual basis for the underlying charges is Ching's role (on behalf of H3) in purchasing products from Legacy under the contract and related receipt of rebates. Defendant refers Legacy to the "Factual Basis" section of the Plea Agreement (ECF No. 16) reached in United States v. Ching, No. CR-24-01075-GMS, in the U.S. District Court for the District of Arizona.

Defendant will supplement after further discovery.

**Interrogatory No. 11**: For each discount, rebate, or price concession You contend violates law in Your Answer, identity all facts supporting that contention.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request is also unreasonable duplicative of prior interrogatories.

**Answer**: See Defendant' answers to Interrogatory Nos. 9 and 10. Defendant will supplement with additional detail after further discovery.

**Interrogatory No. 12**: Identify all facts supporting Your defenses (affirmative or otherwise) to Legacy's Complaint.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case. The Request constitutes multiple interrogatories for purposes of the twenty-five-interrogatory limit of Rule 33(a)(1).

**Answer**: See Defendant' answers to Interrogatory Nos. 9 and 10. Defendant will supplement with additional detail after further discovery.

**Interrogatory No. 13**: If You contend that You entered into any agreement with Legacy allowing rebates to be applied to the total amount owed on products purchased from Legacy, identify all facts supporting that assertion.

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**: See Defendant' answers to Interrogatory Nos. 9 and 10. Defendant will supplement with additional detail after further discovery.

**Interrogatory No. 14**: If You contend that You entered into any agreement with Legacy entitled a Rebate Fulfillment Agreement, identify all facts supporting that assertion. Include in Your answer the date(s), parties, signatories, terms, and location of execution of the Agreement.

**Answer**: Defendant does not contend that he entered into an agreement with Legacy entitled a "Rebate Fulfillment Agreement."

**Interrogatory No. 15**: Describe in detail the authority of John Groff to act on Your behalf, including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy.

---

**Objections**:  Defendant objects to this interrogatory insofar as it asks that responsive information be provided "in detail."

**Answer**: John Groff had limited authority to help H3 obtain new business and sign contracts on behalf of the company.

**Interrogatory No. 16**: Describe in detail the authority of Logan Walker to act on Your behalf including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to Legacy.

**Objections**:  Defendant objects to this interrogatory insofar as it asks that responsive information be provided "in detail."

**Answer**: Logan Walker had limited authority to place orders on behalf of H3, authorize payments for such orders, organize invoices/accounts on behalf of H3, and submit claims to government payors for reimbursement.

**Interrogatory No. 17**: If You contend payment for Legacy products was contingent upon insurance reimbursement, identify all facts supporting that contention. Included in Your answer the date, speaker, audience, and substance of any statement(s) allegedly making payment contingent on reimbursement.

**Answer**:  Defendant does contend that payment was contingent on reimbursement. Will supplement.

**Interrogatory No. 18**: State the date on which You instituted a litigation hold relating to this dispute.

**Objections**:  Defendant objects to this interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege or work-product doctrine.

**Answer**: At the latest, a hold was instituted on July 24, 2025. Prior developments in the criminal case against Defendant had the effect of causing a hold much earlier, though an exact date is unknown at this time.

**Interrogatory No. 19**: To the extent You relied on any Documents and/or Communications in responding to any of the above Interrogatories, identify all such supporting Documents and/or Communications (by Bates, if produced).

---

Defendant's Responses and Objections to Plaintiff's Interrogatories          Page 6

**Objections**: This Request is objectionable insofar as it purports to require Defendant to marshal all of the evidence in support of his defenses in this case. The Request is also unduly burdensome and not proportional to the needs of the case.

**Answer**: Will supplement.

**Interrogatory No. 20**: Identify each person with knowledge of the facts supporting Your answers to these Interrogatories, stating each person's name, title/role, and the topic(s) of knowledge.

**Answer**: Ching did not consult the following individuals in answering these interrogatories, but they likely have knowledge of responsive facts:

- Logan Walker, Subjects: billing, contract, invoices

- John Groff, Subjects: contract, process.

Respectfully submitted,

*/s/ Derek Carson*
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2025, the foregoing was served on all counsel of record via email, in accordance with Federal Rule of Civil Procedure 5.

*/s/ Derek Carson*
Derek Carson