IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-CV-00874-O |
| | § | |
| CARLOS CHING D/B/A H3 MEDICAL | § | |
| CLINIC, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSIONS**

In accordance with the Federal Rules of Civil Procedure, Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Ching") serves the following objections and responses to Plaintiff Legacy Medical Consultants, LP's ("Legacy") First Requests for Admissions, served on October 30, 2025:

**Objections to Definitions and Instructions**

Ching objects to Definition Nos. 1, 2, and 9-10 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

Ching objects to Instruction Nos. 3-8 and 11-12 insofar as they purport to impose greater obligations on Ching than those imposed by Rules 26 and 36.

**Responses and Objections to Requests for Admissions**

**Request for Admission No. 1**: Admit that, at all times relevant to the events described in the Complaint, Ching owned and/or operated a business known as H3 Medical Clinic, LLC.

**Response**: Admit.

**Request for Admission No. 2**: Admit that the Purchase Agreement dated November 7, 2023, attached to the Complaint as Exhibit A, is a true and correct copy of the Agreement between the parties.

---

Defendant's Responses and Objections to Plaintiff's Requests for Admissions          Page 1

EXHIBIT
2-C

APP. 105

**Response**: Admit.

**Request for Admission No. 3:** Admit that the parties to the Agreement were Ching, doing business as H3, and Legacy.

**Response**: Deny.

**Request for Admission No. 4:** Admit that Ching ordered, or authorized the order of, the Legacy products corresponding to the invoices listed in Paragraph 26 of the Complaint (the "Invoices").

**Response**: Admit.

**Request for Admission No. 5:** Admit that each invoice identified in Paragraph 26 of the Complaint is a true and correct copy of a record kept by Legacy in the ordinary course of its business.

**Response**: Defendant is unaware of the records kept by Legacy and on that basis denies this request for admission.

**Request for Admission No. 6:** Admit that the Bill.com payment confirmations dated March 27, 2024; March 29, 2024; April 5, 2024; and April 11, 2024 are true and correct copies of payment notifications concerning Ching/H3's payments to Legacy generated by the payments portal referenced in the Agreement.

**Response**: Defendant does not believe he has been provided those Bill.com payment confirmations for reference and on that basis denies this request for admission.

**Request for Admission No. 7:** Admit that Ching and/or H3 used Legacy's Payments Portal (Bill.com) to access Invoices and remit payments.

**Response**: Admit.

**Request for Admission No. 8:** Admit that payments due under the Agreement were required to be remitted to Legacy's bank account located in Texas

**Response**: Deny.

**Request for Admission No. 9:** Admit that under the terms of the Agreement, Ching was required to pay for all human tissue products received within sixty (60) days after product shipment.

---

**Response**: Deny.

**Request for Admission No. 10:** Admit that Legacy sent periodic statements identifying the amounts due and owing for Legacy products purchased by Defendant.

**Response**: Admit as to products purchased by H3, but deny as to Ching.

**Request for Admission No. 11:** Admit that Defendant did not object in writing to the amounts stated in those invoices within 30 days of receipt.

**Response**: Admit.

**Request for Admission No. 12:** Admit that the principal balance of $3,313,798.60 remains unpaid.

**Response**: Deny.

**Request for Admission No. 13:** Admit that the Agreement does not condition Defendant's payment obligations on reimbursement from any insurer.

**Response**: Deny.

**Request for Admission No. 14:** Admit that Defendant did not obtain written agreement from Legacy to defer payment until insurance reimbursement.

**Response**: Deny at this time.

**Request for Admission No. 15:** Admit that neither Ching nor H3 ever entered into any agreement entitled a Rebate Fulfillment Agreement with Legacy.

**Response**: Admit.

**Request for Admission No. 16:** Admit that neither Ching nor H3 ever entered into any agreement with Legacy that allowed for the application of rebates to the total amount owed for products purchased from Legacy and that no written agreement exists authorizing application of rebates to reduce the amounts due on the Invoices.

**Response**: Deny.

---

Defendant's Responses and Objections to Plaintiff's Requests for Admissions        Page 3

**Request for Admission No. 17:** Admit that Ching received all invoices reflected in Paragraph 26 of the Complaint.

**Response**: Admit.

**Request for Admission No. 18:** Admit that the invoices reflected in Paragraph 26 of the Complaint correspond to, and truly and accurately represent, the products ordered by Ching.

**Response**: Admit as to products purchased by H3, but deny as to Ching.

**Request for Admission No. 19:** Admit that Ching has not paid Legacy for each of the invoices listed in Paragraph 26 of the Complaint.

**Response**: Admit.

**Request for Admission No. 20:** Admit that Legacy made a demand for payment on or about February 7, 2025.

**Response**: Admit.

**Request for Admission No. 21:** Admit that Ching received Legacy's demand for payment.

**Response**: Admit.

**Request for Admission No. 22:** Admit that Ching has not paid any monies in response to the February 7, 2025 demand letter.

**Response**: Admit.

**Request for Admission No. 23:** Admit that Defendant (or H3) returned Legacy products by shipping them to Fort Worth, Texas.

**Response**: Admit.

**Request for Admission No. 24:** Admit that payments to Legacy were remitted to a bank account located in Texas.

**Response**: Defendant lacks knowledge or information sufficient to admit or deny.

**Request for Admission No. 25:** Admit that John Groff and/or Logan Walker acted on behalf of Ching or H3 in ordering, receiving, and returning products, and/or addressing invoicing or payments with Legacy.

**Response**: Admit as to their acts on behalf of H3, but deny that those individuals were authorized to act on behalf of Ching individually.

**Request for Admission No. 26:** Admit that Defendant communicated by email and telephone with Legacy personnel located in Fort Worth, Texas, concerning orders, shipments, and invoices.

**Response**: Admit.

**Request for Admission No. 27:** Admit that the Agreement contains a provision selecting Texas law as the governing law.

**Response**: Admit.

Respectfully submitted,

  */s/ Derek Carson*

Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, the foregoing was served on all counsel of record via email, in accordance with Federal Rule of Civil Procedure 5.

*/s/ Derek Carson*
Derek Carson