IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No.  4:25-CV-00874-O |
| CARLOS CHING | § § § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff's Motion for Leave to File First Amended Complaint, Brief in Support, and Appendix in Support (ECF Nos. 28, 29, 30); Defendant's Response and Appendix in Support (ECF Nos 32, 33); Plaintiff's Reply (ECF No. 34). After considering the briefing and relevant case law, the Court determines that Plaintiff's Motion to Amend should be and is hereby **GRANTED**.

### I.    BACKGROUND

This suit arises from unpaid invoices. Plaintiff's original complaint claims that Defendant Carlos Ching ("Defendant Ching"), d/b/a H3 Medical Clinic, LLC ("H3"), contracted with Plaintiff, Legacy Medical Consultants, LP ("Plaintiff"), for the sale of human cell and tissue products used to treat chronic, non-healing wounds.[1] Plaintiff claims Defendant Ching breached the contract by failing to pay over $3,313,798.60 for the human tissue products Ching ordered.[2]

Plaintiff brought this action against Defendant in Texas state court. Defendant then removed the case and filed a motion to dismiss for lack of personal jurisdiction, which the Court denied.

---

[1] Pl.'s Compl. 4, ECF No. 1-5.
[2] *Id.* at 5.

1

Plaintiff now seeks to amend the complaint, nearly eight months after filing it, to add Defendant John Groff ("Defendant Groff") as a party.

## II.    LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 16(b)(4)

"Although Rule 15(a) of the Federal Rules of Civil Procedure ordinarily governs the amendment of pleadings, Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Squyres v. Heico Cos.,* LLC, 782 F.3d 224, 237 (5th Cir. 2015) (internal citation omitted). Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine whether there is good cause to amend after the deadline passes the Court considers four factors:

(1) the explanation for the failure to [timely move for leave to amend];

(2) the importance of the [amendment];

(3) potential prejudice in allowing the [amendment]; and

(4) the availability of a continuance to cure such prejudice.

*S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (alterations in original) (internal citation omitted). "If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that 'the court should freely give leave when justice so requires.'" *Valcho*, 658 F. Supp. 2d at 814 (citing Fed. R. Civ. P. 15(a)(2)) (alteration omitted). Since Rule 15(a)(2) provides that leave to amend should be granted "freely" as "justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] motion to amend ordinarily should be granted absent some justification for refusal." *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013).

### III.    ANALYSIS

Plaintiff seeks to add Groff as a defendant in this contract dispute three months after the Scheduling Order's deadline to file amended pleadings. Plaintiff recently discovered that Groff "may now be personally liable" for the contract he signed because he did not disclose that he was acting in his capacity as an agent for H3.[3] Although Groff's name was always on the contract, along with Defendant Ching's name,[4] Plaintiff claims to have been previously operating under the assumption that Groff signed on Defendant Ching's behalf. But on January 23, 2026, Defendant Ching supplemented his response to Interrogatory No. 15, which asked him to "[d]escribe in detail the authority of John Groff to act on Your behalf, including, but not limited to, with respect to ordering, receiving, or returning products, and authorizing payments to [Plaintiff]."[5] The response stated that "John Groff had authority to order, receive, or return products *on behalf of H3* and to authorize payments to [Plaintiff] *on behalf of H3*. John Groff's dealings with [Plaintiff] were authorized actions *on behalf of H3*."[6] Even though Plaintiff knew at the time of filing the complaint that Defendant Ching was allegedly d/b/a as H3, Plaintiff argues this revelation regarding Groff's agency changes things because it means Ching's defense is that Groff, a non-party, is liable.[7]

Defendant argues that Plaintiff cannot justify waiting three months past the deadline to amend because emails between the Parties prior to this lawsuit demonstrate that Plaintiff knew

---

[3] Pl.'s Br. Supp. Mot. Amend. 5, ECF No. 29.

[4] Specifically, even though the terms of the purchase agreement (the "Agreement") identify Ching as the customer, "John Groff" executed the Agreement on the line seeking the "Customer Signature." *Id.* at 7.

[5] Pl.'s App. Supp. Ex. 4 (Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories) App. 052, ECF No. 30.

[6] *Id.* Ex. 6 (Defendant's First Amended Responses and Objections to Plaintiff's Interrogatories) App. 069 (emphasis added).

[7] *See* Pl.'s Br. Supp. Mot. Amend 8, ECF No. 29 ("[T]he instant amendment to the Complaint is undeniably important, as it would allow Legacy to add claims against Groff as an additional defendant, who, based on Ching's purported defenses and responses to discovery, may be personally liable for the amounts owed under the Agreement.").

3

Groff was signing as a representative of H3, not Defendant Ching.[8] Moreover, Defendant Ching's initial disclosures in September 2025 identified Groff as an individual with knowledge because "Mr. Groff signed on behalf of H3 Medical Clinic, LLC."[9] Thus, Defendant argues that Plaintiff has known for years that Groff signed the Agreement as an agent of H3 and not Defendant Ching—and, certainly not in his individual capacity.[10]

Under the first factor—Plaintiff's explanation for failure to timely amend—Plaintiff's prior knowledge disfavors granting the belated amendment. *Cf. Bennett v. Tarrant Cnty. Coll. Dist.*, Civil Action No. 3:22-CV-0289-B, 2023 WL 3136412, at *1 (N.D. Tex. Apr. 27, 2023) (finding good cause where an amendment was based on deposition testimony that had only recently become available). Even taking the emails out of the equation, Plaintiff had the knowledge to amend at the time of initial disclosures, which was over two months before the deadline to amend, and instead moved to amend over five months later.

However, the last three factors support a finding of good cause. Turning to the second factor, Plaintiff demonstrates the importance of the amendment because denial of the chance to advance this theory may mean Plaintiff cannot recover.[11] *See Olague v. CoreCivic, Inc.*, No. 6:22-cv-070-H, 2024 WL 1197927, at *15 (N.D. Tex. Mar. 20, 2024) ("Courts in the Northern District have found amendments to be important under the Rule 16(b) standard if they potentially provide additional grounds for a party to recover or directly affect a party's prospects of ultimate recovery." (internal quotation marks and citations omitted)). Because "the proposed amendment could

---

[8] Def.'s Resp. 14, ECF No. 32 (For example, in February 2024, over a year before it filed this lawsuit, Legacy's Director of National Contracting Alex Poulemanos introduced H3— not Ching—to a third party as "one of our fast growing customers." (internal citation omitted)).

[9] *Id.* at 5.

[10] *Id.* at 16.

[11] Because this agency relationship was not disclosed in the Agreement, under Texas law, Groff may now be personally liable under the Agreement as well.

increase [] [P]laintiff's chance of recovery[,]" this factor weights in favor of finding good cause. *Id.*

Moreover, the final two factors—prejudice to the defendant and the ability to grant a continuance—weigh in favor of granting leave to amend. Discovery is still ongoing and any prejudice to the Defendant can be cured by granting a modest extension of the deadlines upon motion by the parties. Thus, despite the delay, the Court finds good cause and Plaintiff's Motion is **GRANTED**.

## IV.    CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion. The Clerk of the Court is **DIRECTED** to file Plaintiff's First Amended Complaint (ECF No. 28-1) as a separate docket entry.

**SO ORDERED** on this **5th day** of **May 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**