**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:25-CV-00874-O** |
| | § | |
| **CARLOS CHING D/B/A H3 MEDICAL** | § | |
| **CLINIC, LLC AND JOHN GROFF,** | § | |
| | § | |
| **Defendants.** | § | |

**UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL
PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL
DEPOSITION TESTIMONY AND APPENDIX IN SUPPORT OF SAME**

Pursuant to Local Rule 79.3, Legacy Medical Consultants, LP ("Legacy") files this Unopposed Motion for Leave to File Under Seal Its Brief in Support of Motion to Compel Deposition Testimony of Defendant Carlos Ching ("Motion to Compel") and its Appendix in Support of Motion to Compel Deposition Testimony of Defendant Carlos Ching ("Appendix"). In support thereof it shows the following:

## I.      INTRODUCTION AND FACTUAL BACKGROUND

Legacy intends to file its Brief in Support of Motion to Compel Deposition Testimony and Appendix that contain confidential information that should not be available for public consumption.[1] Following a conference under Local Rule 7.1, Legacy and Defendant (collectively, the "Parties") have agreed to file this motion for leave to file under seal (the "Motion to Seal") the Brief in Support of the Motion to Compel and Appendix to restrict the public's access to the Motion to Compel and Appendix.

---

[1] Redacted copies of the Brief in Support of Motion to Compel Deposition Testimony and Appendix in support of same are attached as Ex. A and B.

1

## II.    LEGAL ARGUMENT

The decision to seal documents and restrict public access to the same rests within the sound discretion of the District Court, and the Court may grant a motion to seal if "the interest favoring nondisclosure outweighs the presumption in favor of the public's common law right of access." *Williams v. Luminator Holigns, LP*, No. 3:12-cv-2975-M, 2012 WL 5878370 (N.D. Tex. Nov. 21, 2012). "Not every document . . . is a judicial record subject to the common law right of access. . . . In some cases, such as those involving trade secrets, the identity of informants, and the privacy of children, or those in which information could be used for scandalous or libelous purposes, the interest in secrecy is compelling." *United States v. Texas*, 566 F. Supp. 3d 605, 632 (W.D. Tex. 2021) (internal citations omitted). Furthermore, "[b]ecause discovery is essentially a private process, the common law right of access is inapplicable to material filed solely for discovery-related purposes, such as in relation to a motion to compel production." *Baines v. City of Atlanta, Georgia*, No. 1:19-CV-0279-TWT-JSA, 2021 WL 2457209, at *3 (N.D. Ga. June 2, 2021) (quoting *Romero v. Drummod Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted)).

Legacy seeks to redact information in its Motion to Compel pertaining to (1) confidential patient medical information; and (2) publicly linking Legacy to anonymized criminal allegations. As an initial matter, Legacy has redacted the names of patients of H3 Medical, as these patients' confidential medical information was discussed in a deposition and is directly relevant to Legacy's Motion to Compel. Legacy also seeks to redact information that publicly links Legacy to anonymized criminal allegations, which is information the Court has already sealed pursuant to the Court's Order dated December 22, 2025 (ECF 27). Such information is of no importance to this case, and the risk of undue prejudice outweighs any public interest in access.

Further, Legacy only seeks to redact a small portion of its Motion to Compel and accompanying exhibits. The public will still have access to the vast majority of the Motion and

2

exhibits, and the redacted information is of no consequence to the overall argument of the Motion. And, all the information Legacy seeks to redact pertains to discovery requests and responses, which the general public normally does not have access to during the pendency of a case. *See Baines*, 2021 WL 2457209, at *3.

## CONCLUSION

Accordingly, Legacy requests that this Court grant this Motion to Seal and grant Legacy such other and further relief to which it may be justly entitled.

Dated: May 15, 2026

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Megan A. Altobelli*
Audrey F. Momanaee
Federal Bar No. 724132
Texas Bar No. 24055993
Gregory J. Moore (*pro hac vice*)
Texas Bar No. 24055999
717 Texas Avenue,
Suite 1400
Houston, TX 77002
713.632.8613
Audrey.Momanaee@BlankRome.com
Gregory.Moore@BlankRome.com

-and-

Megan A. Altobelli (local counsel)
Texas Bar No. 24107116
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(972) 850-1467
Megan.Altobelli@BlankRome.com

**ATTORNEYS FOR PLAINTIFF**

3

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, counsel for the Parties conferred on May 13, 2026. Defendant is unopposed to this Motion to Seal and requested relief.

*/s/ Megan A. Altobelli*
Megan A. Altobelli

## CERTIFICATE OF SERVICE

I certify that on May 15, 2026, a true and correct copy of the foregoing Motion to Seal was served on all parties and counsel via the Court's CM/ECF system in accordance with Fed. R. of Civ. P. 5(b)(2).

*/s/ Megan A. Altobelli*
Megan A. Altobelli

4