IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | Civil Action No. 4:25-cv-00874-O |
| CARLOS CHING D/B/A H3 MEDICAL CLINIC, LLC AND JOHN GROFF, | § § § § | |
| *Defendant.* | § § | |

## DEFENDANT CARLOS CHING'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Carlos Ching d/b/a H3 Medical Clinic, LLC ("Ching") files this answer to *Plaintiff's First Amended Complaint* (ECF No. 38) ("Complaint") filed by Plaintiff Legacy Medical Consultants, LP ("Legacy"):

### I.
### ADMISSIONS AND DENIALS

### NATURE OF THE ACTION

1.      Paragraph 1 is a narrative of Legacy's claims and, as such, does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them, except that he admits that H3 Medical Clinic, LLC ("H3") and Legacy entered into an agreement for the sale of certain human tissue products and that H3 has declined to pay certain invoices that Legacy alleges are owed and outstanding.

### PARTIES

2.      Ching admits the allegations in Paragraph 2.

3.      Ching admits the allegations in Paragraph 3.

---

Defendant Carlos Ching's Answer to Plaintiff's First Amended Complaint                    Page 1

4.      Ching admits that, at all relevant times, he conducted business through H3, that H3 is an Arizona LLC and that H3 maintains a principal place of business in Arizona. Ching denies any implication that H3 is a pseudonym or an assumed name for Ching instead of a legal entity with its own separate existence or that Ching and H3 are interchangeable. Ching denies any remaining allegations in Paragraph 4.

5.      Ching admits that Groff is an individual who resides in Arizona. In all other respects, Ching lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### JURISDICTION AND VENUE

6.      Paragraph 6 consists of legal conclusions and does not contain any factual allegations requiring an admission or a denial.

7.      Ching admits that he and Groff are non-resident defendants and that H3 contracted with Legacy. Ching otherwise denies the allegations in the first sentence of Paragraph 7.  Ching admits that the Agreement was performable and performed in part in Texas and that H3 engaged in transactions with Legacy under the Agreement, made payments to Legacy, accepted products shipped from Legacy from Texas, and agreed to Texas law governing the Agreement. Ching otherwise denies the allegations in the second sentence of Paragraph 7.

8.      Paragraph 8 consists of legal conclusions and does not contain any factual allegations requiring an admission or a denial.

9.      Paragraph 9 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial.

**FACTUAL ALLEGATIONS**

**I.    Plaintiff Legacy Medical Consultants**

10.    Ching lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.    Ching lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Ching admits that H3 filled out a customer onboarding document.

12.    Ching lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Ching admits that H3 executed a purchase agreement with Legacy. But that written agreement speaks for itself, and its interpretation is a question of law that does not require an admission or a denial.

**II.    The Agreement with Mr. Ching and/or Mr. Groff**

13.    Ching admits that on or about November 7, 2023, H3 entered into a Purchase Agreement with Legacy in connection with the purchase of one of Legacy's products, Impax Amniotic Allograft ("Impax"). Ching specifically denies entering such agreement in his individual capacity. In all other respects, Ching denies the allegations in Paragraph 13.

14.    The Agreement is a document that speaks for itself. The allegations in Paragraph 14 do not contain factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

15. The Agreement is a document that speaks for itself. The allegations in Paragraph 15 do not contain factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

16. The Agreement is a document that speaks for itself. The allegations in Paragraph 16 do not contain factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

17. The Onboarding Document is a document that speaks for itself. The allegations in Paragraph 17 concerning the Onboarding Document do not contain factual allegations requiring an admission or a denial. Ching denies that Groff communicated with Legacy on behalf of Ching as an individual. Ching admits that Groff communications with Legacy on behalf of H3. Ching lacks knowledge or information sufficient to form a belief about whether Groff made the communications described in Paragraph 17. In all other respects, Ching denies the allegations in Paragraph 17.

18. Paragraph 18 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching admits that Groff signed the Agreement on behalf of H3 but otherwise denies the allegations, as worded.

19. The Agreement is a document that speaks for itself. The allegations in Paragraph 19 do not contain factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

20. The Agreement is a document that speaks for itself. Paragraph 20 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

21.    Ching admits the allegations in Paragraph 21 insofar as they relate to H3's orders, but he denies that orders were placed on his individual behalf.

22.    Ching admits the allegations in Paragraph 22, except that he lacks knowledge or information sufficient to form a belief about the truth of the allegation that Legacy would use second-day delivery.

23.    Ching admits that Legacy generally would provide the shipment's delivery status information to H3, but denies that it would be provided to Ching, personally. Ching lacks knowledge or information sufficient to form a belief about the truth of the allegation that Legacy would provide the shipment's delivery status information to Groff, personally.

24.    Ching lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, except that he admits that H3 identified Logan Walker as a contact in its customer onboarding document.

25.    Ching lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, except that Ching denies that he owed amounts to Legacy.

26.    Paragraph 26 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

27.    The Agreement is a document that speaks for itself. The allegations in Paragraph 27 do not contain factual allegations requiring an admission or a denial.

**III.    Mr. Ching and/or Mr. Groff Fail to Pay Legacy at Least $3,313,798.60 That is Owed**

28.    Ching denies the allegations in Paragraph 28.

29.    Ching denies the allegations in Paragraph 29.

30.    Ching denies the allegations in Paragraph 30.

31.     Ching admits the allegations in Paragraph 31, except insofar as they imply that the alleged payments were in fact due and owing, and except that he does not recall the dates of the demands.

32.     Ching admits the allegations in Paragraph 32.

33.     The Agreement is a document that speaks for itself. Paragraph 33 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

34.     Ching denies the allegations in Paragraph 34, as worded.

**CONDITIONS PRECEDENT**

35.     Paragraph 35 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

**COUNT I: BREACH OF CONTRACT**
**(Against Defendant Carlos Ching)**

36.     Ching reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

37.     Ching admits that H3 entered into the Agreement with Legacy on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy. Ching denies that Ching, individually, entered into the Agreement.

38.     Ching lacks knowledge or information sufficient to form a belief about whether Groff made the communications alleged in Paragraph 38, but Ching otherwise denies the allegations in the first sentence of Paragraph 38. The Agreement is a document that speaks for itself. The second sentence of Paragraph 38 contains legal conclusions and does not contain any

factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain additional factual allegations, Ching denies them.

39.    Ching denies the allegations in Paragraph 39.

40.    Ching admits the allegations in Paragraph 40.

41.    Ching admits that Legacy generated and sent order statements to H3, shipped human tissue products to H3, and generated and sent monthly invoices to H3. Ching otherwise denies the allegations in Paragraph 41.

42.    Ching denies the allegations in Paragraph 42.

43.    Ching denies the allegations in Paragraph 43.

## COUNT II: BREACH OF CONTRACT

### (In The Alternative, Against Defendant John Groff)

44.    Ching reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

45.    Paragraph 45 consists of a statement regarding how Legacy pleads this cause of action in the alternative and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

46.    Ching admits that H3 entered into the Agreement with Legacy on or about November 7, 2023, in connection with the purchase and sale of human tissue products from Legacy. Ching denies that Groff, individually, entered into the Agreement.

47.    The Agreement is a document that speaks for itself, so the first sentence of Paragraph 47 does not require an admission or denial.  The second sentence of Paragraph 47 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Ching denies them.

48.    Ching admits the allegations in Paragraph 48.

49.    Ching admits that Legacy generated and sent order statements to H3, shipped human tissue products to H3, and generated and sent monthly invoices to H3. Ching otherwise denies the allegations in Paragraph 49.

50.    Ching denies the allegations in Paragraph 50.

51.    Ching denies the allegations in Paragraph 51.

### COUNT III: IN THE ALTERNATIVE, QUANTUM MERUIT
### (Against Defendants Carlos Ching and, in the alternative, John Groff)

52.    Ching reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

53.    Ching admits that Legacy provided goods to H3 that had value, but otherwise denies the allegations in Paragraph 53.

54.    Ching admits that the goods Legacy provided were requested by H3 and benefited H3, but otherwise denies the allegations in Paragraph 54.

55.    Ching denies the allegations in Paragraph 55, as worded.

56.    Ching denies the allegations in Paragraph 56, as worded.

57.    Ching admits the allegations in Paragraph 57, except that it was H3—not Ching or Groff individually—who accepted, used, and directly benefited from human tissue products by using them to treat patients.

58.    Ching admits the allegations the allegations in Paragraph 58, except he does not recall the dates of the demands.

59.    Ching admits that he and Groff have not paid certain invoices that Legacy claims are owed by him and/or Groff and outstanding, but otherwise denies Paragraph 59, as worded.

60.    Ching denies the allegations in Paragraph 60.

## COUNT IV: IN THE ALTERNATIVE, PROMISSORY ESTOPPEL
### (Against Defendants Carlos Ching and, in the alternative, John Groff)

61.    Ching reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

62.    Ching denies the allegations in Paragraph 62.

63.    Ching denies the allegations in Paragraph 63.

64.    Ching denies the allegations in Paragraph 64.

65.    Ching denies the allegations in Paragraph 65.

## COUNT V: IN THE ALTERANTIVE, UNJUST ENRICHMENT
### (Against Defendants Carlos Ching and, in the alternative, John Groff)

66.    Ching reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

67.    Ching admits that Legacy delivered human tissue products to H3 and issued invoices for them, but otherwise denies the allegations in Paragraph 67.

68.    Ching denies the allegations in Paragraph 68.

69.    Ching denies the allegations in Paragraph 69.

70.    Ching denies the allegations in Paragraph 70.

**SUIT ON SWORN ACCOUNT**

71.     Ching reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

72.     Ching denies the allegations in Paragraph 72.

73.     Ching denies the allegations in Paragraph 73.

74.     Paragraph 74 does not contain any factual allegations requiring an admission or a denial, except insofar as it is alleged that the exhibit reflects amounts owed by Ching and/or Groff, in which case Ching denies those allegations.

75.     Ching denies the allegations in the first sentence of Paragraph 75. Ching lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 75.

76.     Ching denies the allegations in Paragraph 76.

77.     Ching denies the allegations in Paragraph 77.

**REQUEST FOR JURY TRIAL**

78.     Paragraph 78 contains a jury demand and does not contain any factual allegations requiring an admission or a denial.

**CONCLUSION AND PRAYER FOR RELIEF**

The final paragraph is a prayer for relief and does not contain any factual allegations requiring an admission or a denial. Ching denies that Plaintiff is entitled to the relief sought in this paragraph.

**II.**
**<u>AFFIRMATIVE DEFENSES</u>**

1.      Ching is not liable in the capacity in which he was sued.  H3 is a limited liability company and a separate legal person—not an assumed name of Ching. Ching did not enter into the agreement in his individual capacity.

2.      The agreement is ambiguous with respect to the contracting parties.

3.      Plaintiff has failed to state a claim for which relief may be granted.

4.      Plaintiff's unjust-enrichment claim against Ching is precluded by the express contract between Legacy and H3 covering the subject matter of the dispute.

\*      \*      \*

WHEREFORE, Ching prays that Plaintiff recover nothing by reason of this suit.

Respectfully submitted,

*/s/ Derek Carson*
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**
**CARLOS CHING**

## **CERTIFICATE OF SERVICE**

I certify that on May 19, 2026, a true and correct copy of the foregoing was served on counsel for all parties via CM/ECF filing.

*/s/ Michael Ackerman*
Michael Ackerman