IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:25-CV-00874-O |
| CARLOS CHING | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Carlos Ching's Sealed Unopposed Motion for Leave to File Response Brief Under Seal (ECF No. 52) filed June 5, 2026. Defendant seeks to "redact information in its Response to the Motion to Compel pertaining to (1) confidential patient medical information; and (2) publicly linking Legacy to anonymized criminal allegations." *Id.*

The public has a right to access judicial records. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). In recognition of that right, courts "heavily disfavor sealing information placed in the judicial record." *Id.* "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 521 (cleaned up). The presumption is that records should not be sealed, and any sealing of records "must be 'congruent to the need.'" *Id.* (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). "Litigants and others seeking secrecy have the burden to overcome the strong presumption favoring public access. They 'must explain in particularity the necessity for sealing.'" *Trans Tool, LLC v. All State Gear Inc.*, No. 19-cv-1304, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (citation omitted) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211

1

(5th Cir. 2019)). Indeed, "[t]ransparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine." *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *1 (N.D. Tex. Jan. 31, 2022) (citing *June Med. Servs.*, 22 F.4th 512, 2022 WL 72074, at *4). A court thus has "discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review." *Trans Tool*, No. 19-cv-1304, 2022 WL 608945, at *6.

Mindful of these precedents, the Court has carefully reviewed the proposed motion. Given the sensitive information which permeates the Response to the Motion to Compel, the Court finds good cause that portions pertaining to patient records and criminal allegations may be **REDACTED**. *See also* Order, Dec. 22, 2025, ECF No. 27 (sealing an earlier document for similar reasons); *see also* Order, May 19, 2026, ECF No. 48 (same). It is therefore **ORDERED** that Defendant's Motion to File Under Seal (ECF No. 52) is **GRANTED**. Defendant **SHALL** file an unredacted version of the Response Brief no later than **June 10, 2026**, and the Clerk of the Court is **DIRECTED** to keep the document under seal or with access restricted to the Parties only, unless and until further order of the Court.

**SO ORDERED** on this **9th day** of **June 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE