IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS LP | § | |
| | § | |
| v. | § | Case No. 4:25-cv-00874-O |
| | § | |
| CARLOS CHING d/b/a H3 MEDICAL | § | |
| CLINIC LLC and JOHN GROFF | § | |

**DEFENDANT JOHN GROFF'S RULE 12(b)(2) and 12(b)(6)**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

1

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ........................................................................3

FACTUAL BACKGROUND .................................................................................7

ARGUMENT AND AUTHORITIES .....................................................................6

      a.  Rule 12(b)(2) Standard ...........................................................................6

      b.  Rule 12(b)(6) Standard ...........................................................................7

      c.  Groff is Not a Party to the Agreement .......................................................8

      d.  Dismissal is Necessary under Rule 12(b)(2) .............................................11

      e.  Dismissal is Proper under Rule 12(b)(6) ..................................................12

CONCLUSION .....................................................................................................13

CERTIFICATE OF SERVICE ...............................................................................14

**Summary of the Argument**

1.      Defendant John Groff signed a contract on behalf of his employer, H3 Medical Clinic LLC. Plaintiff Legacy Medical Consultants LP ("Legacy") seeks to hold Groff personally liable for that contract. Legacy's lawsuit is akin to suing a bookkeeper for a multimillion-dollar corporate contract. Legacy's lawsuit fails because Groff is not a party to the contract in his individual capacity, meaning dismissal is appropriate for lack of personal jurisdiction and for failure to state a claim on which relief may be granted. Groff unambiguously signed the contract and acted in a representative capacity. Under Rules 12(b)(2) and 12(b)(6), Legacy's claims against Groff should be dismissed in their entirety.

**Factual Background**

2.      Legacy's Amended Complaint alleges that "[o]n or about November 7, 2023, [Defendant] Mr. Ching entered into a Purchase Agreement with [Plaintiff] Legacy in connection with the purchase of one of Legay's [sic] products, Impax Amniotic Allograft." Dkt. 38 at ¶13. The Impax Amniotic Allograft is a human tissue product regulated by the Food and Drug Administration ("FDA"). Dkt. 38 at ¶¶10-13. The pleading further alleges that "[t]he Agreement identifies Mr. Ching as the 'Customer.'" Dkt. 38 at ¶14.

3.      Legacy attaches the Purchase Agreement as an exhibit where Ching is disclosed as the "Customer." Dkt. 38 at Ex. A. The terms of the Agreement specify that "[t]his Purchase Agreement (the 'Agreement') is entered into … between Legacy Medical Consultants and Provider Name: Carlos A. Ching… ('Customer')."



This Purchase Agreement (the "Agreement") is entered into as of this ___07th___ day of ___November___, 20_2023_ (the "Effective Date") between Legacy Medical Consultants and

Provider Name:  Carlos A. Ching

Office Address:  1520 West Sunrise Dr.

Phoenix, Arizona 85041

("Customer").

Dkt. 38 at Ex. A.

4.      The terms of the one-page contract detail the respective obligations of, on one hand, Legacy Medical Consultants and, on the other, the "Customer." Dkt. 38 at Ex. A. Defendant John Groff's name does not appear anywhere except the signature block in which Groff signs on behalf of the "Customer." Dkt. 38 at Ex. A.



Dkt. 38 at Ex. A.

5.      The Complaint also discusses the "customer onboarding document" that providers like H3 and Mr. Ching must complete before purchasing human tissue products from Legacy Medical Consultants. Dkt. 38 at ¶11. Specifically, the Complaint states: "Before purchasing human tissue products from Legacy, healthcare providers fill out a customer onboarding document, which sets out the provider's address, practice name, contact information, and billing information." For the agreement between H3 and Legacy in this case, the customer onboarding document identifies the "Provider Name" as Carlos A. Ching and the "Practice Name" as H3 Medical Clinic LLC. Appx. 1 at LMC_Ching 075. Groff's name, phone, and email ([john.groff@H3medicalclinic.com](mailto:john.groff@H3medicalclinic.com))

4

appear only as the "Contact" information for the provider. *Id*. The Individual NPI # on the Customer Onboarding Document is for Carlos A. Ching at 1520 W. Sunrise Drive in Phoenix, Arizona,[1] and the Group NPI # is for H3 Medical Clinic LLC at 1520 W. Sunrise Drive in Phoenix, Arizona,[2] the same address shown for Carlos A. Ching in the Agreement. Dkt. 38 at Ex. A. Legacy thus admittedly knew at the time of contracting that H3Medical Clinic LLC or Carlos A. Ching was the "Provider" and "Customer" (and thus contracting party) with Legacy and that any involvement by Groff was in his representative capacity alone. Dkt. 38 at ¶11; Appx. 1 at LMC_Ching 075.

6.      Despite Legacy's admitted knowledge at the time of contracting, Legacy alleges in Count II that "[w]hen Groff executed the Agreement, he did not disclose any agency relationship in the Agreement itself. As a result, under Texas law, the Agreement is a valid and enforceable contract between Legacy and Mr. Groff in his individual capacity, and Mr. Groff is personally responsible for all obligations and required payments thereunder." Dkt. 38 at ¶47. Legacy further alleges that Groff breached by failing to pay the invoices. Dkt. 38 at ¶50. The Complaint alleges that "Mr. Ching and/or Mr. Groff" failed to pay for more than $3 million worth of Legacy's products. Dkt. 38 at ₱28-30. Thus, Legacy's Amended Complaint asserts causes of action for breach of contract and suit on sworn account along with several quasi-contract theories in the alternative. Dkt. 38 at ₱₱36-77.

7.      Legacy's personal jurisdiction allegations against Groff are also dependent on his alleged status as a contracting party, alleging that Groff "engaged in repeated transactions with

---

[1] https://npiregistry.cms.hhs.gov/provider-view/1417543117. The NPI Registry's content is a matter of public record for which the Court may take judicial notice as part of a 12(b)(6) proceeding. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (judicial notice of school district website); *see also Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 635 n.12 (5th Cir. 2023) (judicial notice of history.com article).

[2] https://npiregistry.cms.hhs.gov/provider-view/1457036592

Legacy under the contract, made payments to Legacy's Texas bank account, accepted products shipped from Legacy in Texas, and agreed to Texas law governing the Agreement." Dkt. 38 at ¶7.

**Argument and Authorities**

a.      **Rule 12(b)(2) Standard**

8.      Legacy has the burden of presenting prima facie evidence of personal jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989); *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545-46 (5th Cir. 1985). The Court takes uncontroverted allegations in Legacy's complaint as true, resolving factual conflicts in Legacy's favor. D.J. Invs., Inc., 754 F.2d at 546.

9.      The exercise personal jurisdiction over a nonresident defendant is proper "if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Due process is satisfied when "the defendant has the requisite minimum contacts with the forum state" and "requiring the defendant to submit to jurisdiction in the forum state would not infringe on 'traditional notions of fair play and substantial justice.'" *Companion Prop. & Cas. Ins. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 107 S. Ct. 1026 (1987)).

10.      General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). "Specific jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to

those activities." *Clemens*, 615 F.3d at 378 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985)).

**b.      Rule 12(b)(6) Standard**

11.      When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

12.      To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

13.      In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face

of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)). Also, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, in "deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (the "district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").

**c.    Groff Is Not a Party to the Agreement.**

14.    Groff is not a party to the Agreement in his individual capacity. "As a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract." *Mission Grove, L.P. v. Hall*, 503 S.W.3d 546, 551-52 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see also Martin v. Schuck*, No. 3:24-CV-02892-N, 2025 U.S. Dist. LEXIS 121366 (N.D. Tex. June 25, 2025). Under Texas law, "a person making a contract with another as an agent for a disclosed principal is not a party to the contract and is not obligated on the contract." *Shank, Irwin, Conant & Williamson v. Durant, Mankoff, Davis, Wolens & Francis*, 748 S.W.2d 494, 499

8

(Tex. App.—Dallas 1988, no writ); *Martin*, 2025 U.S. Dist. LEXIS 121366 at *6. "In deciding whether an agent is personally liable on a contract the agent signed," courts consider "both the signature and the body of the contract." *Plan B Holdings, LLC v. RSLLP*, 681 S.W.3d 443, 454 (Tex. App.—Austin 2023, no pet.); *Martin*, 2025 U.S. Dist. LEXIS 121366 at *6. And courts look to the plaintiff's knowledge at the time of contracting, but in doing so are not limited to the express language of the written contract. *See Scott Equip., LLC v. Raza*, No. 01-23-00862-CV, 2025 Tex. App. LEXIS 6398, at *12-19 (Tex. App.—Houston [1st Dist.] Aug. 21, 2025, no pet.) (mem. op.) (legally and factually sufficient evidence of disclosed principal independent of conflicting contractual language).

15.     Moreover, a signature line below a company's name indicates the signor signed in a representative capacity on behalf of the company. *Chaiken v. Boyd*, No. 05-95-00375-CV, 1996 Tex. App. LEXIS 216 at *6 (Tex. App.—Dallas Jan. 18, 1996); *Martin*, 2025 U.S. Dist. LEXIS 121366 at *6; *Plan B*, 681 S.W.3d at 454. In *Plan B*, the court noted that the signature block included the company's name, and the signature line below the company's name indicated "By Cheryl Cox." *Plan B*, 681 S.W.3d at 454. Thus, the signature indicated that Cox signed in a representative capacity, not in her personal capacity. *Id.*

16.     The body of the contract itself is also a factor to consider and in some instances "may be controlling." *Plan B*, 681 S.W.3d at 454; *Martin*, 2025 U.S. Dist. LEXIS 121366 at *6. Again, in *Plan B*, the court clocked introductory language that "in this engagement, our representation is solely of CIPE Real Estate Solutions, LLC or Plan B Holdings, LLC." *Plan B*, 681 S.W.3d at 454. Thus, CIPE and Plan B were the only "*named* parties to the contract." *Id.* at 456 (emphasis original). The court considered this persuasive evidence that the individual who signed the contract did not sign in her personal capacity. *Id.*

17.     Here, "Customer" is a defined term in the Agreement itself, and the definition of "Customer" is "Carlos A. Ching." Dkt. 38 at Ex. A. The introductory language specifies that the terms of the Agreement are only between Legacy and the Customer: "[t]his Purchase Agreement (the 'Agreement') is entered into … between Legacy Medical Consultants and Provider Name: Carlos A. Ching… ('Customer')." Dkt. 38 at Ex. A. The terms of the contract itself outline the responsibilities and duties of only Legacy and the Customer. Dkt. 38 at Ex. A. The existence of a third party, other than Legacy and the customer, is not contemplated by the terms of the contract. *See* Dkt. 38 at Ex. A.

18.     In the signature block, Groff signs his own name below the heading of "Customer." Dkt. 38 at Ex. A. Notably, one of Legacy's employee's signed below Legacy's name, just as Groff did. Dkt. 38 at Ex. A. There are no other signature lines for any individual to sign, except the signature line under the heading "Customer." Dkt. 38 at Ex. A.

19.     The "Customer Onboarding Document" confirms Groff's representative capacity. The "Customer Onboarding Document" is referenced in Legacy's complaint and is central to Legacy's claim because it is referred to in the amended complaint and is central to Legacy's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *see Dongsheng Huang v. Admin. Review Bd.*, 579 Fed. Appx. 228, 233 (5th Cir. 2014). The Complaint states that the "customer onboarding document" is a document that providers like H3 and Mr. Ching must complete before purchasing human tissue products from Legacy. Dkt. 38 at ¶11. Specifically, the Complaint states: "Before purchasing human tissue products from Legacy, healthcare providers fill out a customer onboarding document, which sets out the provider's address, practice name, contact information, and billing information."

20.     The customer onboarding document identifies the "Provider" as Carlos A. Ching

and the "Practice" as H3 Medical Clinic LLC. Appx. 2 at LMC_Ching 075. Groff's name, phone, and email (john.groff@H3medicalclinic.com) appear only as the "Contact" information for the "Provider" and "Practice." *Id*. The Individual NPI # on the Customer Onboarding Document belongs to Carlos A. Ching at 1520 W. Sunrise Drive in Phoenix, Arizona,[3] and the Group NPI # is for H3 Medical Clinic LLC at 1520 W. Sunrise Drive in Phoenix, Arizona,[4] the same address shown for Carlos A. Ching in the Agreement. Dkt. 38 at Ex. A. Legacy thus admittedly knew at the time of contracting that H3Medical Clinic LLC or Carlos A. Ching was the "Provider" and "Customer" (and thus contracting party) with Legacy and that any involvement by Groff was in his representative capacity alone. Dkt. 38 at ¶11; Appx. 1 at LMC_Ching 075. These facts are dispositive – both for a lack of personal jurisdiction and failure to state a claim – that Groff did not sign the Agreement in a personal capacity and that he signed in a representative capacity for H3 or Ching.

**d.      Dismissal is Necessary Under Rule 12(b)(2).**

21.      Because Groff is not a party to the Agreement, dismissal is appropriate under Rule 12(b)(2). Texas has neither general nor specific jurisdiction over Groff.

22.      For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011) (per curiam). Legacy's amended complaint does not attempt to establish general jurisdiction over Groff. Indeed,

---

[3] https://npiregistry.cms.hhs.gov/provider-view/1417543117. The NPI Registry's content is a matter of public record for which the Court may take judicial notice as part of a 12(b)(6) proceeding. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (judicial notice of school district website); *see also Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 635 n.12 (5th Cir. 2023) (judicial notice of history.com article).

[4] https://npiregistry.cms.hhs.gov/provider-view/1457036592

Groff is a resident of Arizona and intends to stay there. Appx. 001 at ¶1. Groff does not reside in Texas and does not intend to reside in Texas in the near future. Appx. 001 at ¶3. The Court does not have general jurisdiction over Groff.

23.    Specific jurisdiction only exists where the defendant took "some act by which [he] purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State" and the plaintiff's claims arise from such contacts by the defendant. *Ford Motor Co.*, 592 U.S. at 359. Groff acknowledges that the Court previously denied Defendant Ching's motion to dismiss for lack of personal jurisdiction. Dkt. 18. But that the Court has specific jurisdiction over Ching proves the point. Groff is not a party to the contract in his individual capacity, and all actions he took toward the contract with Legacy were in a representative capacity. Appx. 001 at ¶6. While the Court noted that Ching "purposefully reached out beyond Arizona to enter into a substantial business arrangement with Plaintiff, a Texas company," Dkt. 18 at p. 5, the same is not applicable to Groff. Groff entered no business relationship with any Texas company. Appx. at 1 ¶6. Groff took no possession of Legacy's products. Appx. at 1 ¶6. Groff has no relationship with Texas. Appx. at 1 ¶6. Because Groff is not a party to the contract, Legacy's complaint has no allegation that would render him liable in his individual capacity. The Court should dismiss the claims against Groff pursuant to Rule 12(b)(2).

**e.    Dismissal is Proper Under Rule 12(b)(6).**

24.    Because Groff is not a party to the Agreement and was contracting on behalf of a disclosed principal, dismissal is appropriate under Rule 12(b)(6).

25.    In *Martin*, the court granted a Rule 12(b)(6) motion to dismiss because, as a matter of law, an agent signed a contract in a representative capacity on behalf of his employer. *Martin*, 2025 U.S. Dist. LEXIS 121366, at *6. The contract in Martin had a signature line underneath the

sub-franchisor's name, and there was no separate line for the employee to sign as an individual. *Id*. And in *Fleming & Associates, LLP v. Barton*, 425 S.W.3d 560, 573-74 (Tex. App.—Houston [14th Dist.] 2014, pet. denied), the court of appeals affirmed summary judgment for the agent who signed an addendum without expressly disclosing his representative capacity. The court looked at the contract as a whole, including its identification of the parties other terms, and held that the trial court properly granted summary judgment that the agent had no personal liability because his principal had been disclosed at the time of contracting. *Id.*; see Sw Bell Media v. Trepper, 784 S.W.2d 68, 72 (Tex. App.—Dallas 1989, no writ) (agent disclosed representative capacity but failed to disclose true principal).

26.     Here, considering the allegations of the Amended Complaint, the Agreement, and the Customer Onboarding Document, Groff signed in a representative capacity for a fully-disclosed principal, and Groff has no personal liability. The Court may squarely find on a Rule 12(b)(6) basis that he is not a party to the agreement in his individual capacity and that all claims against him should be dismissed.

## Conclusion

27.     Under Rules 12(b)(2) and 12(b)(6), Legacy's claims against Groff should be dismissed in their entirety with prejudice.

Respectfully submitted,

 */s/ Scott Lindsey*
Scott Lindsey
State Bar No. 24036969
slindsey@bpwlaw.com
Matthew Meyer
State Bar No. 24088052
mmeyer@bpwlaw.com

BOYD POWERS WILLIAMS
300 Throckmorton Street, Suite 620
Fort Worth, Texas 76102
(817) 877-8147  Telephone
(940) 627-8092  Facsimile

ATTORNEYS FOR DEFENDANT
JOHN GROFF

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing was served on counsel of record via CM/ECF filing and via email on Wednesday, June 10, 2026.

*/s/ Scott Lindsey*
Scott Lindsey

14